1  CHUCK P. EBERTIN (SBN 161374)
   cebertin@velaw.com
2  VINSON & ELKINS LLP
   525 University Avenue, Suite 410
3  Palo Alto, CA 94301-1918
   Tel: (650) 687-8200
4  Fax: (650) 618-1970

5  Attorneys for Plaintiff
   SANDISK CORPORATION

FILED

OCT 27 A 11: 56

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION, **ADR**<br><br>Plaintiff,<br><br>vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>Defendant. | Case No. CV11-05243<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGMENT AND/OR PATENT INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SanDisk Corporation ("SanDisk") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and/or invalidity of United States Patent Nos. 5,682,345 ("the '345 patent"), 6,272,586 ("the '586 patent"), 6,570,791 ("the '791 patent"), 7,483,334 ("the '334 patent"), 6,383,839 ("the '839 patent"), 6,900,528 ("the '528 patent"), 7,021,520 ("the '520 patent"), 6,255,209 ("the '209 patent"), 5,783,282 ("the '282 patent"), 5,286,344 ("the '344 patent"), and 6,015,760 ("the '760 patent").

### THE PARTIES

2. Plaintiff SanDisk is a corporation organized and existing under the laws of Delaware, and has its headquarters and principal place of business in Milpitas, California. SanDisk is engaged in the business of, among other things, designing and selling flash memory products. SanDisk is a

1  global leader in flash memory storage solutions, from research and development, product design and
2  manufacturing to branding and distribution for OEM and retail channels. Since 1988, SanDisk's
3  innovations in flash memory and storage system technologies have provided customers with new
4  and transformational digital experiences.

5  3. Defendant Round Rock Research, LLC ("Round Rock") is a Delaware limited
6  liability company with its principal place of business at Mount Kisco, New York.

## JURISDICTION

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 et seq., and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District.

6. This Court has personal jurisdiction over Round Rock by virtue of the business activities it conducts within the State of California and within this District, resulting in sufficient minimum contacts with this forum.

## INTRADISTRIC ASSIGNMENT

7. This case is an Intellectual Property Action under Civil Local Rule 3-2(c) and, pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

## GENERAL ALLEGATIONS

8. The '345 patent issued on October 28, 1997 to named inventors Frankie Roohparvar and Michael Briner and is entitled "Non-volatile data storage unit method of controlling same."

9. The '586 patent issued on August 7, 2001 to named inventors Frankie Roohparvar, Darrell Rinerson, Christophe Chevallier and Michael Briner and is entitled "Memory system having programmable control parameters."

10. The '791patent issued on May 27, 2005 to named inventors Frankie Roohparvar and Kevin Widmer and is entitled "Flash memory with DDRAM interface."

11. The '334 patent issued on January 27, 2009 to named inventor Chang Ha and is entitled "Interleaved input signal path for multiplexed input."

12. The '839 patent issued on May 7, 2002 to named inventor Larry Kinsman and is entitled "Vertically mountable semiconductor device and methods."

13. The '528 patent issued on May 31, 2005 to named inventors Leonard Mess, Jerry Brooks and David Corisis and is entitled "Stacked mass storage flash memory package."

14. The '520 patent issued on April 4, 2006 to named inventor Neal Bowen and is entitled "Stacked chip connection using stand off stitch bonding."

15. The '209 patent issued on July 3, 2001 to named inventors Trung Doan, Gurtej Sandhu, Kirk Prall and Sujit Sharan and is entitled "Methods of forming a contact having titanium formed by chemical vapor deposition."

16. The '282 patent issued on July 21, 1998 to named inventor Shane Leiphart and is entitled "Resputtering to achieve better step coverage of contact holes."

17. The '344 patent issued on February 15, 1994 to named inventors Guy Blalock, David Becker and Fred Roe and is entitled "Process for selectively etching a layer of silicon dioxide on an underlying stop layer of silicon nitride."

18. The '760 patent issued on January 18, 2000 to named inventors Guy Blalock, David Becker and Fred Roe and is entitled "Method for enhancing oxide to nitride selectivity through the use of independent heat control."

19. The '345 patent, the '586 patent, the '791 patent, the '334 patent, the '839 patent, the '528 patent, the '520 patent, the '209 patent, the '282 patent, the '344 patent, and the '760 patent are collectively referred to herein as the "Round Rock Asserted Patents."

20. Round Rock contends that it owns the Round Rock Asserted Patents.

21. On or around August 3, 2011, Round Rock wrote a letter to SanDisk asserting ownership of the Round Rock Asserted Patents. Round Rock asserted that SanDisk flash memory products incorporate and use features and functionalities covered by the Round Rock Asserted Patents and identified "all SanDisk Flash memory products" as infringing "these patents, either

1    directly or indirectly." Round Rock asserted that "SanDisk products utilizing Flash memory . . .
2    infringe the Round Rock [Asserted] Patents."

3        22.    SanDisk does not believe that it is required to license the Round Rock Asserted
4    Patents to make, use and sell its flash memory products.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement and/or Invalidity)

23.   SanDisk incorporates by reference the allegations set forth in paragraphs 1 through 22 of this Complaint as though set forth in full herein.

24.   Round Rock has asserted that "All SanDisk Flash memory products" infringe the Round Rock Asserted Patents.

25.   SanDisk contends that it is not required to license the Round Rock Asserted Patents because SanDisk's flash memory products have not infringed and do not infringe, either directly or indirectly, any valid claim of the Round Rock Asserted Patents.

26.   As a result of the acts described in this Complaint, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.   An actual and justiciable controversy exists between SanDisk and Round Rock as to whether the Round Rock Asserted Patents are infringed by SanDisk's flash memory products. A judicial declaration is necessary and appropriate so that SanDisk may ascertain its rights regarding the Round Rock Asserted Patents.

28.   An actual and justiciable controversy exists between SanDisk and Round Rock as to whether the Round Rock Asserted Patents are valid. A judicial declaration is necessary and appropriate so that SanDisk may ascertain its rights regarding the Round Rock Asserted Patents.

## PRAYER FOR RELIEF

WHEREFORE, SanDisk prays that this Court:

A.   Issue a declaration that SanDisk's flash memory products have not infringed and do not infringe, either directly or indirectly, any valid claim of the Round Rock Asserted Patents;

B.   Issue a declaration that the claims of the Round Rock Asserted Patents are invalid;

C. Issue an order enjoining Round Rock, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, from alleging that SanDisk and/or SanDisk's customers infringe any of the Round Rock Asserted Patents by making, using, selling, offering to sell or importing SanDisk flash memory products;

D. Issue an order declaring that SanDisk is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and award SanDisk its reasonable attorneys fees, expenses, and costs in this action; and

E. Issue such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6(a), SanDisk respectfully requests a trial by jury of all matters to which it is entitled to a trial by jury.

Dated: October 27, 2011

Respectfully Submitted,

VINSON & ELKINS LLP

By: _____
Chuck P. Ebertin

Attorneys for Plaintiff
SANDISK CORPORATION

1114308