BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94104
Telephone: 415-813-6210
Facsimile:  415-813-6222

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>              Plaintiff,<br><br>     v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>              Defendant. | Case No. 3:11-cv-05243-EDL<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>Date: January 3, 2012<br>Time: 9:00 a.m.<br>Place: Courtroom E<br>Judge: Hon. Elizabeth D. Laporte |

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

FACTUAL BACKGROUND................................................................................................................2

ARGUMENT .........................................................................................................................................4

I. This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(2) Because Defendant Round Rock Is Not Subject To Personal Jurisdiction In California. .................4

    A. Plaintiff Must Make A *Prima Facie* Showing That Round Rock Is Subject To "General" Or "Specific" Personal Jurisdiction In California. .................................4

    B. Round Rock Is Not Subject To "General" Personal Jurisdiction In California.......6

    C. Round Rock Is Not Subject To "Specific" Personal Jurisdiction In California. .....7

II. This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) Because The Complaint Fails To State A Claim Upon Which Relief Can Be Granted............................9

    A. A Complaint Must Contain Sufficient Factual Allegations That Provide Fair Notice Of What The Claim Is And The Grounds Upon Which It Rests, And That Plausibly Show That The Plaintiff Is Entitled To Relief................................9

    B. SanDisk's Complaint Does Not Contain Sufficient Factual Allegations Plausibly Showing Entitlement To A Declaratory Judgment Of Non-Infringement Or Invalidity Of Any Of The Eleven Patents-In-Suit. .....................10

CONCLUSION....................................................................................................................................13

1

**TABLE OF AUTHORITIES**

**Cases**

*Akro Corp. v. Luker*,
　45 F.3d 1541 (Fed. Cir. 1995)..................................................................................... 8

*Ashcroft v. Iqbal*,
　129 S. Ct. 1937 (2009) ..................................................................................... 9, 10, 11

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
　566 F.3d 1012 (Fed. Cir. 2009).......................................................................... 4, 5, 6, 8

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
　552 F.3d 1324 (Fed. Cir. 2008).................................................................................. passim

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)....................................................................................... 2, 9, 10, 11

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
　444 F.3d 1356 (Fed. Cir. 2006).................................................................................... 8

*Campbell Pet Co. v. Miale*,
　542 F.3d 879 (Fed. Cir. 2008)...................................................................................... 8

*Electronics for Imaging, Inc. v. Coyle*,
　340 F.3d 1344 (Fed. Cir. 2003)..................................................................................... 5

*Fiore v. Walden*,
　657 F.3d 838 (9th Cir. 2011) ......................................................................................... 6

*Grid Sys. Corp. v. Texas Instruments Inc.*,
　771 F. Supp. 1033 (N.D. Cal. 1991) ........................................................................ 11, 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
　466 U.S. 408 (1984)....................................................................................................... 6

*Hildebrand v. Steck Mfg. Co.*,
　279 F.3d 1351 (Fed. Cir. 2002)...................................................................................... 8

*Johnson v. Woodcock*,
　444 F.3d 953 (8th Cir. 2006) ......................................................................................... 7

*Klinghoffer v. S.N.C. Achille Lauro*,
　937 F.2d 44 (2d Cir. 1991) ............................................................................................ 7

*Nutrishare, Inc. v. BioRX, L.L.C.*,
　No. CIV. S-08-1252 WBS EFB, 2008 WL 3842946 (E.D. Cal. Aug. 14, 2008) ........... 7

*PB Farradyne, Inc. v. Peterson*,
  No. C 05-03447 SI, 2006 WL 132182 (N.D. Cal. Jan. 17, 2006) .......................................... 12

*Qarbon.com Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................................ 11, 12

*Radio Sys. Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011) .................................................................................................. 5, 8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998) ............................................................................................ 2, 5, 8

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .................................................................................................... 4, 6

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ......................................................................................................... 6

*Unigene Labs., Inc. v. Apotex, Inc.*,
  No. 06 CV 5571(RPP), 2010 WL 2730471 (S.D.N.Y. July 7, 2010) ...................................... 11

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
  No. C 11-0671 SI, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ..................................... 11, 12

**Rules**

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 1, 2, 9, 12

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. passim

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 9, 10

PLEASE TAKE NOTICE that on January 3, 2012, at 9:00 a.m., or as soon thereafter as may be heard, before the Honorable Elizabeth D. Laporte, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom E, Defendant Round Rock Research LLC ("Round Rock"), by and through its counsel of record, will move the Court for an Order dismissing Plaintiff SanDisk Corporation's ("SanDisk") action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This motion is supported by the following points and authorities, the supporting declarations filed concurrently herewith, all pleadings and papers on file in this action, argument and evidence to be presented at the hearing on this motion, and any other matters properly before the Court.

Through this motion, Round Rock seeks an Order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Round Rock is a technology research and licensing company that owns thousands of patents and patent applications acquired from Micron Technology relating to a variety of products and technologies, such as televisions, cell phones, computers, cameras, processors, and memory products, among other things. As part of its licensing efforts, Round Rock recently approached Plaintiff SanDisk to initiate licensing negotiations to address SanDisk's unauthorized use of Round Rock's patented technology in its "flash" memory products. The parties subsequently arranged an initial meeting at SanDisk's facilities on October 27, 2011. But just over an hour *before* the initial meeting, SanDisk rushed to file this declaratory judgment action for non-infringement and/or invalidity of eleven of Round Rock's patents, presumably to obtain some perceived strategic benefit in the forthcoming licensing negotiations. In its haste to file this case before even beginning negotiations with Round Rock, however, SanDisk overlooked fundamental jurisdiction and pleading requirements necessary for initiating an action.

First, SanDisk's action is improper because Round Rock is not subject to personal jurisdiction in this Court. For example, Round Rock has never maintained any offices, employees,

bank accounts, or other physical presence in California, and has never been licensed to do business in California. And Round Rock's efforts to notify SanDisk of its patent rights do not subject Round Rock to personal jurisdiction in California as a matter of law—"[s]tandards of fairness demand that [the patentee] be insulated from personal jurisdiction in a distant foreign forum when its only contacts with that forum were efforts to give proper notice of its patent rights." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). SanDisk's action should thus be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Second, SanDisk's complaint lacks any factual allegations plausibly showing that SanDisk is entitled to a declaratory judgment of non-infringement or invalidity of any of the eleven patents-in-suit. For example, SanDisk fails to plead whether each patent is allegedly not infringed, invalid, or both—instead combining both its non-infringement and invalidity allegations together into a general denial of liability. SanDisk also fails to plead any factual grounds whatsoever upon which its allegations of non-infringement and/or invalidity are based. But "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). SanDisk's action should therefore also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

Round Rock is a Delaware limited liability company with its principal place of business in Mount Kisco, New York. (deBlasi Decl. ¶ 3.)[1] Round Rock is a technology research and licensing company that actively licenses its portfolio of over four thousand patents and pending patent applications that Round Rock acquired from Micron Technology in 2009. (*Id*. ¶ 5.) Round Rock's licensees include some of the leading technology companies in the world, such as Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG. (*Id*. ¶ 7.) Round Rock's patented inventions span

---

[1] "deBlasi Decl." refers to the Declaration of Gerard A. deBlasi in Support of Defendant's Motion to Dismiss, filed concurrently herewith.

many different technical fields, ranging from semiconductor components and manufacturing processes to consumer products and systems. (*Id*. ¶ 6.)

On August 3, 2011, Round Rock sent SanDisk a letter concerning SanDisk's unauthorized use of Round Rock's patented technology, offering "to arrange a meeting with representatives of SanDisk to discuss these patents and licensing terms." (*Id*. ¶ 8 & Ex. A.) Round Rock explained that its "intention is to allow SanDisk to continue its use of these patents through a license from Round Rock," and that "[t]his matter will be handled by Mr. Paul Riley at IPVALUE."[2] (*Id*. Ex. A.) Because SanDisk did not respond to Round Rock's letter, Mr. Riley sent SanDisk a second letter dated August 12, 2011, requesting "to schedule a meeting with SanDisk's patent licensing team to begin discussions regarding the [Round Rock] patents." (Riley Decl. ¶ 7 & Ex. A.)[3] The parties subsequently met at SanDisk's headquarters in Milpitas, California, beginning at 1:00 p.m. on October 27, 2011. (*Id*. ¶ 8.)

Shortly before the meeting, at 11:56 a.m. on October 27, 2011, SanDisk filed this "action for a declaratory judgment of non-infringement and/or invalidity" of eleven of Round Rock's patents: United States Patent Nos. 5,682,345 ("the '345 patent"), 6,272,586 ("the '586 patent"), 6,570,791 ("the '791 patent"), 7,483,334 ("the '334 patent"), 6,383,839 ("the '839 patent"), 6,900,528 ("the '528 patent"), 7,021,520 ("the '520 patent"), 6,255,209 ("the '209 patent"), 5,783,282 ("the '282 patent"), 5,286,344 ("the '344 patent"), and 6,015,760 ("the '760 patent"). (Dkt. No. 1, Compl. ¶ 1; Riley Decl. ¶ 9.) SanDisk purported to serve Round Rock with the complaint in Delaware five days later, on November 1, 2011. (deBlasi Decl. ¶ 12 & Ex. B.)

SanDisk contends that this Court has personal jurisdiction over Round Rock in this action "by virtue of the business activities it conducts within the State of California." (Dkt. No. 1, Compl. ¶ 6.) But Round Rock has never maintained any offices, employees, bank accounts, or other

---

[2] IPValue is an independent Delaware corporation hired by Defendant Round Rock to assist with its patent licensing negotiations. (Riley Decl. ¶¶ 3-6; deBlasi Decl. ¶¶ 9-11.)

[3] "Riley Decl." refers to the Declaration of Paul J. Riley in Support of Defendant's Motion to Dismiss, filed concurrently herewith.

1  physical presence in California, and has never been licensed to do business in California. (deBlasi
2  Decl. ¶ 4.)
3       SanDisk further contends that "SanDisk's flash memory products have not infringed and do
4  not infringe, either directly or indirectly, any valid claim of the Round Rock Asserted Patents."
5  (Dkt. No. 1, Compl. ¶ 25.) But SanDisk's complaint alleges no factual basis for its claims of non-
6  infringement or invalidity of any of the eleven patents-in-suit. (Dkt. No. 1, Compl.)

## ARGUMENT

### I. This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(2) Because Defendant Round Rock Is Not Subject To Personal Jurisdiction In California.

#### A. Plaintiff Must Make A *Prima Facie* Showing That Round Rock Is Subject To "General" Or "Specific" Personal Jurisdiction In California.

Federal Circuit law governs personal jurisdiction questions in patent actions, including declaratory judgment actions. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). When a defendant disputes personal jurisdiction and the parties have not yet conducted discovery, the plaintiff must make a *prima facie* showing that the defendant is subject to personal jurisdiction. *See id*. at 1328-29. The determination depends upon two inquiries: (i) whether the forum state's long-arm statute permits service of process; and (ii) whether the assertion of personal jurisdiction would violate due process. *See id*. at 1329; *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). "However, because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Id*. (citation omitted).

To comport with due process, personal jurisdiction may be either "general" or "specific." *Avocent*, 552 F.3d at 1330. "General jurisdiction, on one hand, 'requires that the defendant have 'continuous and systematic' contacts with the forum state….'" *Autogenomics*, 566 F.3d at 1017. Such continuous and systematic contacts must "'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the

world." *Id*. "Specific jurisdiction, on the other hand, must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Autogenomics*, 566 F.3d at 1017. "To establish specific jurisdiction, a plaintiff must demonstrate that 'the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Avocent*, 552 F.3d at 1330 (citation omitted). "In both situations, contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents. 'Random,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus." *Red Wing Shoe*, 148 F.3d at 1359.

In analyzing "specific" jurisdiction, the Federal Circuit employs a three-prong test to determine whether: (1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) assertion of personal jurisdiction is reasonable and fair. *Avocent*, 552 F.3d at 1332; *Autogenomics*, 566 F.3d at 1018. In a declaratory judgment action for non-infringement and/or invalidity, the plaintiff's claims arise out of the defendant's activities in enforcing the patent-in-suit, not out of the making, using, selling, offering to sell, or importing allegedly infringing products in the forum. *See Avocent*, 552 F.3d at 1332. The relevant inquiry is thus "to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Id*. at 1332 (citations omitted); *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action." *Id*. Furthermore, the relevant contacts between the defendant and the forum state must "create a 'substantial connection' to the forum state—where defendants have deliberately 'engaged in significant activities with a State' or have 'created 'continuing obligations' between [themselves] and residents of the forum…." *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

### B. Round Rock Is Not Subject To "General" Personal Jurisdiction In California.

As an initial matter, Defendant Round Rock is not subject to "general" personal jurisdiction in California. General jurisdiction applies only when a defendant has "continuous and systematic" contacts with the forum state that "approximate physical presence" in the state. *See Autogenomics*, 566 F.3d at 1017; *Schwarzenegger*, 374 F.3d at 801.

Plaintiff fails to identify any contacts between Round Rock and California that could satisfy the "continuous and systematic" standard. Instead, Plaintiff generically alleges that Round Rock is subject to personal jurisdiction "by virtue of the business activities it conducts within the State of California":

> 6. This Court has personal jurisdiction over Round Rock by virtue of the business activities it conducts within the State of California and within this District, resulting in sufficient minimum contacts with this forum.

(Dkt. No. 1, Compl. ¶ 6.) But such "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011) (citations omitted); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("Appellees are correct that conclusory allegations that '[defendants] directed communication into the U.S. Western District of Washington and otherwise conducted business therein sufficient to establish minimum contacts within the forum that support the exercise of jurisdiction over their persons by this Court' are insufficient to establish a *prima facie* showing of personal jurisdiction."); *c.f. Avocent*, 552 F.3d at 1338 (finding complaint "fatally deficient" where the plaintiff "failed to allege 'sufficient activities related to the claim of patent non-infringement and invalidity' as to support the assertion of specific personal jurisdiction.").

Furthermore, no such "continuous and systematic" contacts exist here. For example, Defendant Round Rock has never maintained any office, employees, bank accounts, or other physical presence in California, and has never been licensed to do business in California. (deBlasi Decl. ¶ 4.) "Rather, this 'is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendant[] in the forum.'"

*Autogenomics*, 566 F.3d at 1017 (citation omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984). Accordingly, Plaintiff has not met, and cannot meet its burden of showing a *prima facie* case of general personal jurisdiction over Defendant Round Rock.

### C. Round Rock Is Not Subject To "Specific" Personal Jurisdiction In California.

Defendant Round Rock is also not subject to "specific" personal jurisdiction in California in connection with this action. To meet its burden of making a *prima facie* showing of specific jurisdiction, Plaintiff must demonstrate that Defendant Round Rock purposefully directed its activities at residents of California, and that the litigation results from alleged injuries that arise out of or relate to those activities. *See Avocent*, 552 F.3d at 1330.

The only purposeful activity of Round Rock directed to residents of California identified by Plaintiff was the August 3, 2011, letter sent to SanDisk identifying SanDisk's infringing products and offering to meet with SanDisk to discuss the patents and licensing terms:

> 21. On or around August 3, 2011, Round Rock wrote a letter to SanDisk asserting ownership of the Round Rock Asserted Patents. Round Rock asserted that SanDisk flash memory products incorporate and use features and functionalities covered by the Round Rock Asserted Patents and identified "all SanDisk Flash memory products" as infringing "these patents, either directly or indirectly." Round Rock asserted that "SanDisk products utilizing Flash memory . . . infringe the Round Rock [Asserted] Patents."

(Dkt. No. 1, Compl. ¶ 21.) But Defendant Round Rock's contacts with SanDisk (including both the August 3 and 12 letters, and the October 27, 2011, meeting at SanDisk) concerning licensing the patents-in-suit are insufficient as a matter of law to subject Round Rock to personal jurisdiction in California.[4]

---

[4] The meeting at SanDisk is irrelevant to the personal jurisdiction question in any event, as it occurred ***after*** SanDisk filed its declaratory judgment complaint. *See, e.g., Nutrishare, Inc. v. BioRX, L.L.C.*, No. CIV. S-08-1252 WBS EFB, 2008 WL 3842946, at *8 n.3 (E.D. Cal. Aug. 14, 2008) ("Because the Oley Conference took place after plaintiff filed its Complaint on June 4, 2008, however, the court cannot consider allegations stemming directly from defendant's actual participation in the event."); *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) (relevant jurisdictional contacts are those that "exist either at the time the cause of action arose, the time the
(Continued…)

"Standards of fairness demand that [the patentee] be insulated from personal jurisdiction in a distant forum when its only contacts with that forum were efforts to give proper notice of its patent rights." *Red Wing Shoe*, 148 F.3d at 1361. For that reason, the Federal Circuit has repeatedly held that contacts with a resident of a forum apprising the resident of alleged infringement, such as those here, do not subject the patentee to personal jurisdiction for a declaratory judgment action in that forum. *See Autogenomics*, 566 F.3d at 1015, 1021 (no personal jurisdiction despite sending assertion letters to the alleged infringer in California followed by a personal meeting in California regarding the assertion); *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) ("Fairness and reasonableness demand that a patentee be free to inform a party who happens to be located in a particular forum of suspected infringement without the risk of being subjected to a law suit in that forum."); *Radio Sys.*, 638 F.3d at 789 ("[O]rdinary cease-and-desist notices sent by a patentee to an alleged infringing party in a different state are not sufficient to subject the patentee to specific jurisdiction in that state.").

"Thus, '[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit.'" *Avocent*, 552 F.3d at 1333 (citation omitted). "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id*. at 1334 (citations omitted); *see also Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886-87 (Fed. Cir. 2008) (personal jurisdiction existed where the defendant attempted "extra-judicial patent enforcement" and "took steps to interfere with the plaintiff's business" by attempting to have plaintiff's allegedly

---

suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit") (citation & quotations omitted); *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) ("[P]ersonal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed.").

infringing products removed from a convention in the forum state); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543-48 (Fed. Cir. 1995) (personal jurisdiction existed where, in addition to sending six warning letters accusing the plaintiff of infringement, the patentee granted an exclusive license to one of the plaintiff's competitors in the forum state that "empowered [the competitor] to sue on [the patentee's] behalf."). None of such "other activities" occurred here, nor has Plaintiff pled any.

Accordingly, because Defendant Round Rock is not subject to either "general" or "specific" personal jurisdiction, Plaintiff's case should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## II. This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(6) Because The Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

Even if Round Rock was subject to personal jurisdiction in California, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because—in its rush to file its declaratory judgment complaint—Plaintiff omitted the requisite factual allegations plausibly showing that it is entitled to a declaratory judgment of non-infringement or invalidity of any of the eleven patents-in-suit. Indeed, Plaintiff's complaint includes only a single boilerplate allegation that its flash memory products do not infringe any valid claim of the patents-in-suit—a general denial of liability that, in effect, forces Round Rock to guess whether Plaintiff contends that each of the patents is not infringed, invalid, or both. Controlling authority governing the specificity of pleadings demands more. Accordingly, Plaintiff's declaratory judgment claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

### A. A Complaint Must Contain Sufficient Factual Allegations That Provide Fair Notice Of What The Claim Is And The Grounds Upon Which It Rests, And That Plausibly Show That The Plaintiff Is Entitled To Relief.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is "to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (citations omitted). Thus, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' … it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In that regard, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do…. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citations omitted).

The Supreme Court set forth two principles for evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss…. [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citations omitted).

In applying these principles, a court may begin by identifying allegations that, "because they are not more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Such allegations include "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of the cause of action. *Id*. at 1951. A court may then consider any remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 1949 (citations omitted); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

**B. SanDisk's Complaint Does Not Contain Sufficient Factual Allegations Plausibly Showing Entitlement To A Declaratory Judgment Of Non-Infringement Or Invalidity Of Any Of The Eleven Patents-In-Suit.**

SanDisk's declaratory judgment claim is unsupported by any factual allegations and falls far short of the specificity required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). For example, the complaint fails to even allege whether each patent is not infringed, invalid, or both—

instead combining both non-infringement and invalidity allegations together into a single general denial of liability for all eleven patents-in-suit:

> 25. SanDisk contends that it is not required to license the Round Rock Asserted Patents because SanDisk's flash memory products have not infringed and do not infringe, either directly or indirectly, any valid claim of the Round Rock Asserted Patents.

(Dkt. No. 1, Compl. ¶ 25.) Such a "failure to match particular defects with specific patents reduces the meaning of [this paragraph] to a general allegation that each patent is defective, period," and "fails to meet the 'fair notice' requirement of Rule 8." *Grid Sys. Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1041-42 (N.D. Cal. 1991). The declaratory judgment claims should be dismissed for this reason alone. *See, e.g., Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations omitted)); *c.f. Unigene Labs., Inc. v. Apotex, Inc.*, No. 06 CV 5571(RPP), 2010 WL 2730471, at *2 (S.D.N.Y. July 7, 2010) ("Defendants do not raise a specific ground of non-infringement, and instead rely on broad language of patent invalidity, which is not in compliance with Rule 8 of the Federal Rules of Civil Procedure…. Broad claims of non-infringement due to invalidity do not preserve a claim of actual non-infringement under this standard.").

Moreover, SanDisk fails to plead any factual basis for its assertion of non-infringement of any claim of any of the eleven patents-in-suit. For example, SanDisk fails to plead whether some or all of its products allegedly lack any limitation of any patent claim, whether SanDisk is allegedly licensed to one or more of the patents-in-suit, whether SanDisk allegedly does not make, use, sell, offer to sell, or import some or all of the products at issue, whether SanDisk allegedly lacks the requisite knowledge and intent for indirect infringement, or any other basis for asserting non-infringement of even a single claim of the eleven patents-in-suit. SanDisk's complaint thus "does not allow defendant[] to assess the true nature of any potential counterclaims that [it has], nor can [it] mount a meaningful defense in the face of such bare allegations." *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011); *c.f. Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("[Defendant] does not specify what the

defense is—whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, [defendant] does not provide fair notice of its affirmative defenses."). SanDisk's non-infringement claims should therefore be dismissed for this additional reason. *See, e.g., Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do…. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted)).

Finally, SanDisk also fails to plead any factual basis for its assertion of invalidity of any claim of any of the eleven patents-in-suit. "[T]his Court has held that it will not accept 'wholly conclusory allegations' in a claim alleging patent invalidity, and that simply 'pleading the citation' to a section of the Patent Act is not sufficient." *Xilinx*, 2011 WL 3206686, at *6 (finding invalidity pleading insufficient that alleged "only that the patents fail 'to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.'"). SanDisk's invalidity claims here are far more conclusory than what this Court has held "radically insufficient"—failing to even identify the alleged statutory basis for invalidity. *See, e.g., Grid Sys.*, 771 F. Supp. at 1042 (finding invalidity pleading "radically insufficient" that alleged invalidity by simply pleading patentee's "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112."); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (finding invalidity pleading insufficient that alleged "[t]o the extent they are alleged to be infringed, the claims of the '950 and '724 patents are invalid for failure to meet one or more of the requirements of Title 35, United States Code, including the requirements of sections 102, 103, 112, and/or other applicable statutes."); *Qarbon.com*, 315 F. Supp. 2d at 1049 ("[Defendant] alleges that 'the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically §§ 101, 102, 103, and/or 112 ….' Such a pleading is 'radically insufficient.'" (citations omitted)). SanDisk's invalidity claims should therefore be dismissed for this additional reason.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: November 17, 2011

Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
Andrew G. Hamill (SBN 251156)

By: /s/ Bradford J. Black

*Attorneys for Defendant
Round Rock Research LLC*

*Of Counsel:*

DESMARAIS LLP
Jon T. Hohenthaner
jhohenthaner@desmaraisllp.com
Ameet Modi
amodi@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401