CHUCK P. EBERTIN (SBN 161374)
  cebertin@velaw.com
VINSON & ELKINS LLP
525 University Avenue, Suite 410
Palo Alto, CA  94301-1918
Tel:  (650) 687-8200
Fax: (650) 618-1970

Attorney for Plaintiff
SANDISK CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>            Plaintiff,<br><br>       vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>            Defendant. | Case No.  11-cv-05243-RS<br><br>**PLAINTIFF SANDISK CORPORATION'S MOTION FOR JURISDICTIONAL DISCOVERY**<br><br>**Date:**     Jan. 12, 2012<br>**Time:**    1:30 p.m.<br>**Judge:**   Hon. Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 12, 2012 (or earlier if a motion to shorten time is granted), at 1:30 p.m., before The Honorable Richard Seeborg of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, plaintiff SanDisk Corporation ("SanDisk") will, and hereby does, move this Court for jurisdictional discovery should the Court conclude, with respect to the pending motion to dismiss filed by defendant Round Rock Research LLC ("Round Rock") on November 17, 2011 (Dkt. No. 8), that the current record should be augmented to fully address the issues presented in the motion to dismiss. This motion is based on this Notice of Motion and Motion, the following memorandum, the pleadings and papers on file herein, any oral argument before the Court, and any other matters the Court may request or consider.

## I.  INTRODUCTION.

Plaintiff SanDisk seeks a declaratory judgment that the eleven patents-in-suit are invalid and/or not infringed.[1] [*See* Amended Complaint at ¶ 1 (Dkt. No. 26).] On November 17, 2011, defendant Round Rock filed a motion to dismiss based in part on an argument that Round Rock lacks "minimum contacts" in California to support either general or specific personal jurisdiction under FED. R. CIV. P. 12(b)(2). [*See* Mot. to Dismiss at 4–9 (Dkt. No. 8).] On November 21, 2011, SanDisk requested a telephonic meet and confer with Round Rock to extend the schedule for briefing on the motion to dismiss so that SanDisk could conduct jurisdictional discovery. [*See* Decl. of Chuck Ebertin in Supp. of SanDisk's Mot. to Change Time for Filing Opp. to Mot. to Dismiss at ¶ 2 ("Ebertin Decl.") (November 23, 2011).] Round Rock refused to agree to a modified briefing schedule and also refused to agree to jurisdictional discovery absent a court order. [*Id.* at ¶ 3.] Round Rock's opposition to discovery has thus far been that SanDisk has failed to allege sufficient

---

[1] The patents-in-suit are U.S. Patent Nos. 5,682,345 ("the '345 patent"), 6,272,586 ("the '586 patent"), 6,570,791 ("the '791 patent"), 7,483,334 ("the '334 patent"), 6,383,839 ("the '839 patent"); 6,900,528 ("the '528 patent"), 7,021,520 ("the '520 patent"), 6,255,209 ("the '209 patent"), 5,783,282 ("the '282 patent"), 5,286,344 ("the '344 patent"), and 6,015,760 ("the '760 patent"). [*See* Amended Complaint at ¶ 1 (Dkt. No. 26).]

jurisdictional facts in its Complaint. [Dkt. No. 23 at 2.] Although personal jurisdiction need not be plead with specificity, SanDisk's Amended Complaint cures all such perceived deficiencies.[2] Moreover, to further support its opposition to Round Rock's motion to dismiss, SanDisk moves for an expedited motion to conduct jurisdictional discovery before the Court rules upon Round Rock's motion to dismiss.[3]

The threshold requirement to show the appropriateness of jurisdictional discovery is low; SanDisk need only show that the requested discovery "*might* well demonstrate jurisdictionally relevant facts and the [movant] is denied the opportunity to develop the jurisdictional record." *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-6038, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) (citing *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)) (internal quotations omitted). SanDisk need not show anything more than a "'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case," in order for jurisdictional discovery to be granted. *Calix Networks*, 2010 WL 3515759, at *4 (citation omitted). SanDisk can more than satisfy that low bar and can identify facts sufficient on their own to establish personal jurisdiction. Nonetheless, SanDisk believes a more complete factual record may be helpful to the Court in rendering a decision on the motion to dismiss. Therefore, SanDisk

---

[2] SanDisk has asserted sufficient, prima facie factual allegations to support the legal conclusion of personal jurisdiction. *See* Amended Complaint at ¶¶ 1-31 (Dkt. No. 26); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (holding that a plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss."). In deciding whether a prima facie showing has been made, "the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Moreover, the Ninth Circuit has held that it "will draw reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake, and will assume credibility." *Fiore v. Walden*, 657 F.3d 838, 847 (9th Cir. 2011). In *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1320 (9th Cir. 1998), the Ninth Circuit held that licensing agreements and other documents with California companies "give rise to a strong inference" that defendants conducted negotiations with California companies, possibly in California. Here, Round Rock's retention of an agent in California and its enforcement activities with California companies, such as SanDisk, Apple, and Oracle, give rise to a strong inference that personal jurisdiction is proper in California.

[3] SanDisk has already filed a Motion to Change Time, proposing to file its opposition to the Motion to Dismiss on December 15, 2011, with Round Rock's reply due on December 22, 2011. [*See* Mot. to Change Time for Filing Opp. to Mot. to Dismiss (Dkt. No. 20).] That schedule would allow the Court to consider and rule on the current expedited request to conduct jurisdictional discovery before SanDisk is required to file its opposition to the motion to dismiss. The Court's order on SanDisk's Motion to Change Time is pending as of the date of this motion. Round Rock filed an opposition to the motion to change time, but utterly failed to identify any prejudice it would suffer if the motion were granted.

respectfully requests leave to conduct jurisdictional discovery to more fully develop the factual record with regard to Round Rock's pending motion.

## II. STATEMENT OF FACTS.

SanDisk is a global leader in flash memory storage solutions and has its headquarters and principal place of business in Milpitas, California. [*See* Amended Complaint at ¶ 2 (Dkt. No. 26).] Round Rock is a non-practicing entity—an entity established by a patent attorney to monetize, through licensing and litigation, patents assigned from Micron Technology, Inc. ("Micron"). [*See* Mot. to Dismiss at 1:15–18 (Dkt. No. 8).]

Round Rock has numerous contacts with California-based companies. In addition to its contacts with SanDisk, Round Rock states that its "licensees include . . . Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG." [Mot. to Dismiss at 2.] Moreover, Round Rock has filed claims for patent infringement against Oracle Corporation (Case No. 4:11-cv-00332-MHS-ALM). Apple Inc. and Oracle Corporation are headquartered in California. [*See* Contacting Apple, *available at* http://www.apple.com/contact/; Contact Oracle Corp, *available at* http://www.oracle.com/us/corporate/contact/index.html.] SanDisk seeks discovery to demonstrate that Round Rock has maintained contacts with these and additional California-based companies as part of its patent enforcement efforts (its only business).

With regard to SanDisk, on August 3, 2011, Mr. Gerard deBlasi, Vice President of Licensing at Round Rock, sent SanDisk a letter alleging that SanDisk infringed the eleven patents-in-suit. [deBlasi Decl. ¶ 8 & Ex. A.] In that letter, Mr. deBlasi requested a meeting to discuss the patents and informed SanDisk that Round Rock had "appointed IPVALUE Management, Inc. as its *agent* to commercialize Round Rock's patents and other intellectual property rights worldwide."[4] [*Id.* (emphasis added).] IPVALUE is a patent counseling and licensing company with offices in California and New Jersey. As stated on its website, "[m]ost of IPVALUE's transactions involve the sale or licensing . . . of [its] Partners' patents, including litigation when necessary." [IPVALUE

---

[4] Up until 2011, Mr. deBlasi was also listed as the Vice President of Licensing on IPVALUE's website. He is currently serving on IPVALUE's Board of Directors. [*See* IPVALUE's Board of Directors, *available at* http://www.ipvalue.com/team/board-of-directors.php.]

website, *available at* http://www.ipvalue.com/company/.]  Mr. deBlasi identified Mr. Paul Riley, an IPVALUE employee, as the point-of-contact in this matter.  [deBlasi Decl., Ex. A.]

On August 12, 2011, Round Rock once again requested "to schedule a meeting with SanDisk's patent licensing team to begin discussions regarding the [Round Rock] patents."  [Riley Decl. ¶ 7 & Ex. A.]  The parties subsequently met at SanDisk's headquarters in Milpitas, California, at 1:00 p.m. on October 27, 2011.  [*Id.* at ¶ 8.]  Prior to the meeting, Mr. Andrew Wu and/or Mr. Jui Min Lim of IPVALUE's California office, prepared claim charts and presentation materials asserting Round Rock's patent rights against SanDisk, and then proceeded to bring these materials to SanDisk's office in Milpitas.  [*See* Amended Complaint at ¶¶ 18-23 (Dkt. No. 26).]  Further, on information and belief, Mr. Riley of IPVALUE's New Jersey office traveled to California for purposes of enforcing the patents-in-suit through licensing negotiations.  Shortly before the meeting, at 11:56 a.m. on October 27, 2011, SanDisk filed an "action for a declaratory judgment of non-infringement and/or invalidity" of the patents-in-suit in order to personally serve notice of the complaint at the meeting.  Round Rock was represented at the meeting by Mr. Wu, Mr. Lim, and Mr. Riley.  During the meeting, Mr. Wu and Mr. Lim presented several claim charts alleging infringement of the patents-in-suit.  [*See* Amended Complaint at ¶¶ 18–19 (Dkt. No. 26).]

Round Rock now alleges that it lacks "minimum contacts" with California to confer either general or specific personal jurisdiction over Round Rock in this matter; however, absent a court order permitting jurisdictional discovery, Round Rock has refused to allow any investigation into its jurisdictional assertions.

**III.   LEGAL STANDARD.**

Jurisdictional discovery is properly granted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009) (applying the law of the regional circuit for jurisdictional discovery requests).

Contrary to Round Rock's suggestion [Mot. to Dismiss at 4], a plaintiff "need not make out a prima facie case of personal jurisdiction before [a plaintiff] can obtain jurisdictional discovery."

*Calix Networks*, 2010 WL 3515759, at *4 (citing *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) (explaining that "[i]t would . . . be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss") (emphasis added)). A movant need only show that requested discovery "*might* well demonstrate jurisdictionally relevant facts and the [movant] is denied the opportunity to develop the jurisdictional record." *Calix Networks*, 2010 WL 3515759, at *3 (citing *Harris Rutsky*, 328 F.3d at 1135) (internal quotations omitted). A plaintiff need not show anything more than a "'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case," in order for jurisdictional discovery to be granted. *Calix Networks*, 2010 WL 3515759, at *4 (citation omitted).

## IV. ARGUMENT.

As discussed below, SanDisk has more than a colorable basis for its belief that Round Rock has had sufficient contacts with entities and residents in California. SanDisk thus seeks to supplement its jurisdictional allegations with information regarding (i) Round Rock's relationship with its agent, IPVALUE, a company operating in California, and its employees; (ii) Round Rock's licensing activities with California-based entities; and (iii) Round Rock's enforcement activities in California related to the patents-in-suit. SanDisk proposes to serve a limited set of document requests (10), interrogatories (4), and take a short 30(b)(6) deposition of Round Rock. Copies of those discovery requests are attached as Appendices A, B and C, respectively.

### A. Discovery Concerning Round Rock's Relationship with IPVALUE and Its Employees is Relevant to the Jurisdictional Dispute.

Jurisdictional discovery is important to discover the full extent and exact nature of Round Rock's relationship with IPVALUE, a relationship that subjects Round Rock to general jurisdiction in California (and not merely specific jurisdiction). The Federal Circuit has held that communications between a forum state attorney (*e.g.*, the attorneys at IPVALUE) and a declaratory judgment plaintiff (*e.g.*, SanDisk) relating to the enforcement of patents are sufficient to constitute the minimum contacts against the principal (Round Rock). *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) (hiring an attorney in the forum state who communicates with the

1  declaratory judgment plaintiff relating to enforcement of the patent is enough to establish personal
2  jurisdiction); *see also Blanton v. Womancare, Inc.*, 38 Cal.3d 396 (1985).

3  Because Round Rock told SanDisk that it had appointed IPVALUE as its agent, SanDisk has
4  a colorable basis to believe that IPVALUE is Round Rock's agent—more than just an "*independent*
5  Delaware corporation hired by Defendant Round Rock to assist with its patent licensing
6  negotiations," as Defendants now allege. [Riley Decl. ¶¶ 3-6; deBlasi Decl. ¶¶ 9-11] (emphasis
7  added). Mr. deBlasi has represented that IPVALUE is an "agent" of Round Rock [deBlasi Decl.,
8  Exhibit A at 2], but he has also claimed that "IPVALUE has no ownership interest in Round Rock or
9  any of Round Rock's patents, and no authority to enter into any agreements on behalf of Round
10 Rock or to bring any legal action for infringement of any Round Rock patents." [deBlasi Decl. at
11 ¶ 11.] Discovery is therefore warranted to clarify the exact nature of this "agency" relationship.

12 SanDisk also seeks information about the roles and responsibilities of various employees at
13 Round Rock and IPVALUE with regard to the patents-in-suit. For example, Mr. deBlasi appears to
14 have a managing interest in both Round Rock and IPVALUE. Overlap in his activities acting as
15 Vice President of Licensing at IPVALUE, as a member of the Board of Directors at IPVALUE, and
16 as Vice President of Licensing at Round Rock are relevant to establishing the relationship between
17 IPVALUE's and Round Rock's activities in the forum. [*See* IPVALUE's website, *available at*
18 http://www.ipvalue.com/team/board-of-directors.php; Round Rock's website, *available at*
19 http://www.roundrockresearch.com/contact.php]. Mr. deBlasi was also responsible for sending the
20 August 3, 2011, letter to Sanjay Mehrotra, Chairman and CEO of SanDisk in Milpitas, California,
21 asserting infringement. SanDisk now seeks more information as to whether Mr. deBlasi's contacts
22 with IPVALUE's California office (and its employees) in his capacity as an IPVALUE employee
23 and/or board member show that Round Rock maintained continuous and systematic contacts with
24 California. [deBlasi Decl. Exhibit A at 2.]

25 Though Mr. deBlasi alleges that Round Rock's "*primary* contacts at IPVALUE are Robert
26 Petrelli and Kapu Kumar, both of whom are located in IPVALUE's Bridgewater, New Jersey,
27 office," [*Id.* at ¶ 10] (emphasis added), this information is incomplete. It is clear that some of
28 IPVALUE's California-based employees, including but not limited to Mr. Wu and Mr. Lim, were

involved with analyzing the patents-in-suit and were instrumental in preparing the claim charts and infringement analyses directed at SanDisk and presented at the October 27, 2011 meeting. [*See* Amended Complaint at ¶¶ 18-19.] Indeed, they were present at the October 27, 2011 meeting. SanDisk now seeks discovery of information concerning work done or communications made on Round Rock's behalf by employees of IPVALUE, including work by Mr. Riley, Mr. Wu, Mr. Lim, and any other employees in IPVALUE's California office relating to Round Rock's patent assertion activities against SanDisk and others situated in California.

### B. Round Rock's Engagement in Licensing Activities, and its Present Efforts to Seek Licensing Fees from California-Based Entities are Relevant to the Jurisdictional Dispute.

Round Rock's public admissions of licensing in the district give SanDisk more than a colorable basis for its belief that Round Rock has engaged in licensing negotiations, entered into licensing agreements, and is presently seeking licensing fees from entities that are headquartered in or have principal places of business in California. Although licensing activity unrelated to enforcement or defense of the patents-in-suit cannot by itself create a basis for *specific* jurisdiction, these activities may nonetheless "in the aggregate justify the exercise of *general* jurisdiction." *See Avocent*, 552 F.3d at 1335–36 & n.5; *see also Smugmug, Inc. v. Virtual Photo Store LLC*, No. C 2009 WL 2488003, at *3–4 (N.D. Cal. Aug. 13, 2009).

Here, Round Rock acknowledges that its licensees "include . . . Apple, Sony, Micron, Samsung, Nokia, HTC, IBM, and LG." [*See* Mot. to Dismiss at 2.] At least one of Round Rock's licensees, Apple Inc., is headquartered in California. SanDisk, therefore, requests more information about Round Rock's licensing with Apple Inc. and any other past, current, or *potential* licensees that might be headquartered or have their principal place of business in California (such as potential licensee Oracle Corp., which is currently in litigation with Round Rock). Because Round Rock's licensing and enforcement of its patent portfolio constitutes the entirety of its business, the existence of substantial licensing contacts with companies in California would tend to show "continuous and systematic" contacts in California—contacts that "approximate [a] physical presence" in the state. *See Autogenomics*, 566 F.3d at 1017; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

### C. Round Rock's Enforcement of the Patents-in-Suit in California is Relevant to both Specific and General Jurisdiction.

Specific jurisdiction exists when a defendant's contacts with the forum state arise out of or relate to the cause of action even if those contacts are isolated and sporadic. *Trinitec*, 395 F.3d at 1279. The requisite minimum contacts to establish specific jurisdiction are present "where the defendant 'deliberately' has engaged in significant activities within the state, . . . or has created 'continuing obligations' between himself and residents of the forum." *Burger King*, 471 U.S. at 475–76. In actions where a plaintiff seeks a declaratory judgment, the Federal Circuit provides that personal jurisdiction is proper if the defendant has engaged in "'other activities' that relate to the enforcement or the defense of the validity of the relevant patents." *Avocent*, 552 F.3d at 1334.

In this instance, it is not disputed that Round Rock engaged in licensing negotiations with SanDisk that contemplated an ongoing relationship and an intention to enforce its patents. Before this declaratory judgment action was filed, Mr. Paul Riley, a licensing executive and attorney at IPVALUE working on behalf of Round Rock, was travelling to Milpitas, California with the purpose of discussing the enforcement of the patents-in-suit with SanDisk. Mr. Wu and Mr. Lim, two California-based employees at IPVALUE who were responsible for presenting several claim construction charts and infringement analyses with respect to SanDisk, were also preparing to attend the meeting in Milpitas. These activities on behalf of Round Rock were not just one-time incidents, but instead contemplated a commitment to enforce the patents-in-suit and potentially others in the Round Rock portfolio. Such interactions between Round Rock and its agents in California cannot be characterized as "random, fortuitous, or attenuated." *See Burger King*, 471 U.S. at 475. These contacts arise directly from Round Rock's interactions with SanDisk and IPVALUE, both California-based entities. SanDisk therefore requests jurisdictional discovery regarding Round Rock's and IPVALUE's activities in California as they relate to the licensing and enforcement of the patents-in-suit and the October 27, 2011, meeting with SanDisk.

SanDisk also has more than a colorable basis for jurisdictional discovery because Round Rock's enforcement efforts with respect to the patents-in-suit were purposely directed to California. On August 3, 2011, Round Rock sent SanDisk a letter concerning SanDisk's purported use of Round

Rock's patented technology, offering "to arrange a meeting with representatives of SanDisk to discuss these patents and licensing terms." [deBlasi Decl. ¶ 8 & Ex. A.] On August 12, 2011, Mr. Riley sent SanDisk a second letter requesting "to schedule a meeting with SanDisk's patent licensing team to begin discussions regarding the [Round Rock] patents." [Riley Decl. ¶ 7 & Ex. A.] The parties subsequently met at SanDisk's headquarters in Milpitas, California on October 27, 2011. [*Id.* ¶ 8.] Yet, relying on *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998), Round Rock contends that these "efforts to notify SanDisk of its patent rights" did not subject Round Rock to personal jurisdiction as a matter of law. [Mot. to Dismiss at 2.] This argument is without merit for two reasons. First, on their face, Round Rock's communications with SanDisk allege *infringement*, and the infringement analyses prepared by its California agents constitute more than a mere attempt to provide notice of Round Rock's patents. Second, even mere licensing efforts are relevant to the issue of general jurisdiction.

In *Red Wing Shoe*, the Federal Circuit merely held that enforcement efforts like "cease and desist" letters "alone do not suffice" to establish personal jurisdiction. [*Id.* at 1361.] "[T]he court did *not* hold that such efforts to notify were irrelevant to a *general* jurisdiction analysis." *Calix Networks*, 2010 WL 3515759, at *5 (citing *Avocent,* 552 F.3d at 1329 (discussing *Red Wing Shoe* in the context of specific jurisdiction and distinguishing factors that may be considered under general jurisdiction)). Here, Round Rock does not allege that its forum-directed activity consisted *solely* of efforts to notify SanDisk of its patent rights. Indeed, such enforcement efforts, in combination with other forum activity (*e.g.*, appointing a California-based agent to pursue the enforcement), can establish general jurisdiction. SanDisk is entitled to jurisdictional discovery concerning Round Rock's and IPVALUE's efforts to license and to enforce the patents-in-suit in California. *See Calix Networks*, 2010 WL 3515759, at *7.

**V.    CONCLUSION.**

SanDisk has satisfied the low threshold for jurisdictional discovery—it has alleged more than a colorable basis for personal jurisdiction and has shown that discovery might well demonstrate other jurisdictionally relevant facts. For the foregoing reasons, the Court should allow SanDisk to

serve the targeted jurisdictional discovery requests set forth in the attached appendices in order to fully develop the record before the Court rules upon Round Rock's motion to dismiss.

Dated:  November 29, 2011                                            Respectfully Submitted,

                                                                 VINSON & ELKINS LLP

                                By:    */s/ Chuck P. Ebertin*
                                             Chuck P. Ebertin

                                                Attorneys for Plaintiff
                                                SANDISK CORPORATION