BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
333 Bush Street, Suite 2250
San Francisco, California 94104
Telephone: 415-813-6210
Facsimile: 415-813-6222

DESMARAIS LLP
Jon T. Hohenthaner (admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>Defendant. | Case No. 3:11-cv-05243-RS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

    I.     Legal Standard. ...................................................................................................... 1

    II.    Jurisdictional Discovery Is Not Warranted Where, As Here, The Underlying Facts Are Not Controverted And Plaintiff's Allegations Are Insufficient To Demonstrate Personal Jurisdiction. ....................................................................... 2

         A.    Third Party IPValue's Contacts With California Do Not Subject Round Rock To Personal Jurisdiction In California. ................................................ 3

         B.    Round Rock's Licenses With California Companies Do Not Subject Round Rock To Personal Jurisdiction In California. ........................................... 5

         C.    Round Rock's Licensing Negotiations With California Companies Do Not Subject Round Rock To Personal Jurisdiction In California. ................... 6

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Autonomy, Inc. v. Adiscov, LLC,*
    No. C 11–00420 SBA, 2011 WL 2175551 (N.D. Cal. June 3, 2011) ..................................... 7

*Avocent Huntsville Corp. v. Aten Int'l Co.,*
    552 F.3d 1324 (Fed. Cir. 2008) ............................................................................................... 7

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ................................................................................................. 6

*Boschetto v. Hansing,*
    539 F.3d 1011 (9th Cir. 2008) ......................................................................................... 2, 3, 5

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,*
    444 F.3d 1356 (Fed. Cir. 2006) ............................................................................................... 6

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
    788 F.2d 535 (9th Cir. 1986) ................................................................................................... 1

*Getz v. Boeing Co.,*
    654 F.3d 852 (9th Cir. 2011) ......................................................................................... 2, 3, 6, 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ............................................................................................................. 5, 6

*In re MDC Holdings Sec. Litig.,*
    754 F. Supp. 785 (S.D. Cal. 1990) ......................................................................................... 4

*Martinez v. Manheim Cent. Cal.,*
    No. 1:10-cv-01511-SKO, 2011 WL 1466684 (E.D. Cal. Apr. 18, 2011) ................................. 4

*Panterra Networks, Inc. v. Convergence Works, LLC,*
    No. C-09-1759 RMW, 2009 WL 4049956 (N.D. Cal. Nov. 20, 2009) ................................ 1, 2

*Pebble Beach Co. v. Caddy,*
    453 F.3d 1151 (9th Cir. 2006) ......................................................................................... 2, 3, 6, 7

*Protrade Sports, Inc. v. Nextrade Holdings, Inc.,*
    No. C05-04039 MJJ, 2006 WL 269951 (N.D. Cal. Feb. 2, 2006) ........................................... 1

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
    148 F.3d 1355 (Fed. Cir. 1998) ........................................................................................... 5, 7

*Scholl v. F.D.I.C. as Receiver for WA Mut. Bank, FA,*
    No. 08-3977 SC, 2009 WL 1625947 (N.D. Cal. June 5, 2009) ............................................... 4

*Silent Drive, Inc. v. Strong Indus., Inc.*,
 326 F.3d 1194 (Fed. Cir. 2003) ............................................................................................... 7

*Terracom v. Valley Nat'l Bank*,
 49 F.3d 555 (9th Cir. 1995) .......................................................................................... 2, 3, 5

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
 556 F.2d 406 (9th Cir. 1977) ................................................................................................. 3

## INTRODUCTION

SanDisk rushed to file this declaratory judgment action in California just before attending a scheduled meeting with Round Rock concerning SanDisk's unauthorized use of Round Rock's patented technology in its "flash" memory products. But in its haste to file this action, SanDisk overlooked the fact that Round Rock is a Delaware company with no presence in California, and thus not subject to personal jurisdiction here. Round Rock thus moved to dismiss this action for lack of personal jurisdiction. (Dkt. No. 8.) SanDisk now seeks discovery concerning three alleged "contacts" that Round Rock had with California, in the hopes of manufacturing a basis for personal jurisdiction: (i) that Round Rock hired a Delaware corporation that happens to have an office in California (among other places) to assist with its patent licensing efforts; (ii) that Round Rock entered into a non-exclusive patent license with at least one California company; and (iii) that Round Rock engaged in patent licensing negotiations with SanDisk and other California companies. But the basic facts of these "contacts" are not controverted, and SanDisk has not identified anything further that it requires through discovery that would impact the personal jurisdiction inquiry. And more importantly, none of these "contacts" are legally sufficient to subject Round Rock to personal jurisdiction in California in any event. SanDisk's motion for jurisdictional discovery should therefore be denied, as discussed below.

## ARGUMENT

### I. Legal Standard.

A district court has "broad discretion" to permit or deny jurisdictional discovery. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). "But, in order to justify being allowed to conduct jurisdictional discovery, plaintiff must have a colorable basis for personal jurisdiction, *i.e.*, 'some evidence' tending to establish personal jurisdiction over the defendant." *Panterra Networks, Inc. v. Convergence Works, LLC*, No. C-09-1759 RMW, 2009 WL 4049956, at *4 (N.D. Cal. Nov. 20, 2009); *see also Protrade Sports, Inc. v. Nextrade Holdings, Inc.*, No. C05-04039 MJJ, 2006 WL 269951, at *3, n.2 (N.D. Cal. Feb. 2, 2006) ("A plaintiff is not entitled to discovery without making a 'colorable' showing of personal jurisdiction."). Accordingly, "[j]urisdictional discovery may be denied where a plaintiff's claim of personal jurisdiction appears

to be both attenuated and based on bare allegations in the face of specific denials made by defendant." *Panterra Networks*, 2009 WL 4049956, at *4.

## II. Jurisdictional Discovery Is Not Warranted Where, As Here, The Underlying Facts Are Not Controverted And Plaintiff's Allegations Are Insufficient To Demonstrate Personal Jurisdiction.

SanDisk contends that it requires jurisdictional discovery to show three things: (i) that Round Rock has an agency relationship with a third-party Delaware company—IPValue—that has an office in California, among other places; (ii) that Round Rock has entered into patent license agreements with California companies; and (iii) that Round Rock has engaged in licensing negotiations with California companies. (SanDisk Br. at 5.) But these basic facts are not controverted. SanDisk's proposed discovery to prove these "facts" is therefore unwarranted. *See, e.g., Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (finding that "the district court did not abuse its discretion by refusing to grant a continuance to allow [plaintiff] to conduct jurisdictional discovery" where plaintiff "failed to demonstrate how further discovery would allow it to contradict the affidavits [submitted by defendant]."); *c.f. Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (citation omitted)).

Moreover, as discussed below and in more detail in Round Rock's briefing on its motion to dismiss, none of SanDisk's alleged facts provide sufficient basis for asserting personal jurisdiction over Round Rock in this case. Jurisdictional discovery is therefore not warranted for this additional reason. *See, e.g., Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (finding jurisdictional discovery not warranted where "[p]laintiffs fail to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction over [defendant] in California."); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (finding jurisdictional discovery not warranted where plaintiff's factual allegations were "an insufficient basis for asserting personal jurisdiction.").

### A. Third Party IPValue's Contacts With California Do Not Subject Round Rock To Personal Jurisdiction In California.

SanDisk contends that it requires jurisdictional discovery regarding "Round Rock's relationship with its agent, IPVALUE, a company operating in California, and its employees." (SanDisk Br. at 5.) But there is no genuine dispute about the nature of the contractual relationship between Round Rock and IPValue that would justify SanDisk's request for discovery. Discovery is therefore not warranted for this reason alone. *See, e.g., Terracom*, 49 F.3d at 562; *Boschetto*, 539 F.3d at 1020. Moreover, SanDisk identifies nothing about the relationship between Round Rock and IPValue that would establish personal jurisdiction over Round Rock in California. SanDisk's request for jurisdictional discovery should therefore be rejected for this additional reason. *See, e.g., Getz*, 654 F.3d at 860; *Pebble Beach*, 453 F.3d at 1160.

First, SanDisk contends that discovery is "warranted to clarify the exact nature of this 'agency' relationship" (SanDisk Br. at 6), but fails to explain how discovery will provide any further insight into the personal jurisdiction inquiry. Indeed, there is no dispute that Round Rock appointed third-party IPValue as its agent to assist with commercializing Round Rock's intellectual property rights. (deBlasi Decl. Ex. A.)[1] But the scope of IPValue's authority is strictly limited—IPValue has no ownership interest in Round Rock or any of Round Rock's patents, and has no authority to enter into any agreements on behalf of Round Rock or to bring any legal action for infringement of any Round Rock patents. (deBlasi Decl. ¶ 11; Riley Decl. ¶ 6.) And IPValue's decision to maintain an office in California (among other places) has nothing whatsoever to do with the limited work it performs for Round Rock. IPValue's contacts with California are thus fortuitous and not imputed to Round Rock. *See, e.g., Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 422 (9th Cir. 1977) (recognizing that an agent's in-state activities may be imputed to the principal where the

---

[1] "deBlasi Decl." and "Riley Decl." refer to the declarations of Gerard A. deBlasi and Paul J. Riley, respectively, filed in Support of Defendant's Motion to Dismiss on November 17, 2011. (Dkt. Nos. 9 & 11.)

agency relationship was created "for the special purpose of transacting that business in [the forum state]"); *c.f. Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *4 (E.D. Cal. Apr. 18, 2011) ("[A] parent and its subsidiary corporation are presumptively separate entities for jurisdictional purposes. . . . Only where it can be shown that the subsidiary corporation is not functioning as a separate entity from the parent corporation will the contacts of a subsidiary be imputed to the parent."); *Scholl v. F.D.I.C. as Receiver for WA Mut. Bank, FA*, No. 08-3977 SC, 2009 WL 1625947, at *7 (N.D. Cal. June 5, 2009) ("Presumably, Gill and Mark IV would have performed the appraisals of the Oklahoma properties for WaMu even if the borrower was not a California resident. It is therefore random and fortuitous that the borrower happened to reside in California.").

Second, SanDisk seeks discovery concerning the roles and responsibilities of Mr. deBlasi at Round Rock and IPValue. (SanDisk Br. at 6.) But there is no genuine dispute that Mr. deBlasi is currently Vice President of Licensing at Round Rock (deBlasi Decl. ¶ 2) and a member of the Board of Directors of IPValue,[2] and SanDisk fails to articulate what else it seeks through discovery that has any bearing on the jurisdictional inquiry. Indeed, there is no genuine dispute that Round Rock and IPValue are separate, independent entities (deBlasi Decl. ¶¶ 3, 5, 9, 11; Riley Decl. ¶¶ 3-6), so the nature of Mr. deBlasi's roles and responsibilities at each has no relevance to the personal jurisdiction inquiry. *C.f. In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 793-94 (S.D. Cal. 1990) ("Even where a parent owns 100% of a subsidiary and their boards of directors overlap, the foreign parent is not subject to jurisdiction absent a showing that the parent 'controls the internal affairs of the subsidiary and determines how the company will be operated on a day-to-day basis.'" (citation omitted)).

Third, SanDisk contends that "some of IPVALUE's California-based employees, including but not limited to Mr. Wu and Mr. Lim, were involved with analyzing the patents-in-suit and were

---

[2] Mr. deBlasi also ***formerly*** served as an Executive Vice President at IPValue. (*See* http://www.ipvalue.com/team/board-of-directors.php, cited by SanDisk Br. at 6.)

instrumental in preparing the claim charts and infringement analyses directed at SanDisk and presented at the October 27, 2011 meeting." (SanDisk Br. at 6-7.) Even if true, however, SanDisk's allegations do not demonstrate personal jurisdiction over **Round Rock**. Indeed, the nature of IPValue's work for Round Rock, such as "analyzing the patents-in-suit" or "preparing claim charts and infringement analyses," has no geographic nexus to California or any other jurisdiction—such work could be performed anywhere IPValue so chooses. Accordingly, the fact that IPValue may have chosen to perform some of that work in California does not demonstrate purposeful availment of the California forum by **Round Rock**. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota. Indeed, as stated above, the Supreme Court has made clear that contacts resulting from 'the unilateral activity of another party or third person' are not attributable to a defendant."). SanDisk's request for jurisdictional discovery concerning the relationship between Round Rock and IPValue should therefore be denied.

### B. Round Rock's Licenses With California Companies Do Not Subject Round Rock To Personal Jurisdiction In California.

SanDisk also contends that it requires jurisdictional discovery regarding "Round Rock's licensing activities with California-based entities." (SanDisk Br. at 5.) Again, however, there is no dispute that Round Rock has entered into a patent license agreement with at least one California company, Apple Inc. (deBlasi Decl. ¶ 7), and SanDisk has not articulated anything further that it needs through discovery that would impact the personal jurisdiction inquiry. Discovery is therefore not warranted for this reason alone. *See, e.g., Terracom*, 49 F.3d at 562; *Boschetto*, 539 F.3d at 1020.

Moreover, whether or not Round Rock has negotiated patent license agreements with residents of California is irrelevant to the personal jurisdiction inquiry. Indeed, while SanDisk contends that licensing contacts with California companies may "approximate [a] physical presence"

in the state for purposes of establishing "general" personal jurisdiction (SanDisk Br. at 7), the Ninth Circuit has expressly held otherwise:

> ***These agreements constitute doing business with California, but do not constitute doing business in California.*** See *Helicopteros*, 466 U.S. at 418, 104 S.Ct. 1868 (no general jurisdiction in Texas over helicopter transportation company that purchased 80 percent of its helicopters, spare parts, and accessories from Texas sources over a four year period). ***This is because engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders.***

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (emphasis added).

Similarly, the Federal Circuit has held that patent licensing activities such as those here with residents of a state do *not* subject the patentee to personal jurisdiction:

> ***[A] defendant may not be subjected to personal jurisdiction if its only additional activities in the forum state involve unsuccessful attempts to license the patent there … [or] has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees***, but does not, for example, exercise control over the licensees' sales activities and, instead, has no dealings with those licensees beyond the receipt of royalty income.

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (internal citation omitted) (emphasis added). Indeed, SanDisk does not even allege that Round Rock entered into any *exclusive* licenses with California companies, which it has not. Accordingly, because SanDisk's factual allegations provide "an insufficient basis for asserting personal jurisdiction," SanDisk's request for jurisdictional discovery should be rejected. *Pebble Beach*, 453 F.3d at 1160; *see also Getz*, 654 F.3d at 860.

### C. Round Rock's Licensing Negotiations With California Companies Do Not Subject Round Rock To Personal Jurisdiction In California.

Finally, SanDisk contends that it requires jurisdictional discovery regarding "Round Rock's enforcement activities in California related to the patents-in-suit." (SanDisk Br. at 5.) But the only "enforcement activity" identified by SanDisk is that "Round Rock has filed claims for patent infringement against Oracle Corporation (Case No. 4:11-cv-00332-MHS-ALM)." (SanDisk Br. at 3.) That case, however, is irrelevant to whether Round Rock is subject to personal jurisdiction in

California—it was brought in the **Eastern District of Texas** (a fact that SanDisk conveniently omits from its brief) on patents not at issue here. Indeed, the Federal Circuit has held that enforcement activities relevant to the jurisdictional inquiry "include initiating judicial or extra-judicial patent enforcement *within the forum*." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008) (emphasis added). The remaining "enforcement activities" identified by SanDisk are nothing more than a reiteration of the "licensing activities" addressed above, which do not subject Round Rock to personal jurisdiction in California. *See supra* § II.B. *C.f. Autonomy, Inc. v. Adiscov, LLC*, No. C 11–00420 SBA, 2011 WL 2175551, at *4 (N.D. Cal. June 3, 2011) ("Autonomy cites no authority for the proposition that issuing a *nonexclusive* license to any competitor of the plaintiff constitutes enforcement activity in the forum.").

SanDisk also attempts to distinguish controlling Federal Circuit case law by arguing that Round Rock's "communications with SanDisk allege *infringement*" rather than simply notifying SanDisk of Round Rock's patent rights. (SanDisk Br. at 9 (emphasis in original).) But SanDisk's argument directly contradicts the very Federal Circuit case law it seeks to distinguish—the Federal Circuit has repeatedly held that threatening residents of a forum with *infringement* suits does *not* subject a patentee to personal jurisdiction in that forum. *See, e.g., Avocent*, 552 F.3d at 1333 ("[B]ased on 'policy considerations unique to the patent context,' 'letters threatening suit for patent infringement sent to the alleged infringer *by themselves* 'do not suffice to create personal jurisdiction.''" (citations omitted)); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003) ("the sending of letters threatening infringement litigation is not sufficient to confer personal jurisdiction"); *Red Wing Shoe*, 148 F.3d at 1360 (finding that sending letters alleging infringement does "not suffice to create personal jurisdiction"). SanDisk's reliance on such communications to justify its request for discovery should thus be rejected. *See Getz*, 654 F.3d at 860; *Pebble Beach*, 453 F.3d at 1160.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion for jurisdictional discovery.

Dated: December 13, 2011                     Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com

DESMARAIS LLP
Jon T. Hohenthaner (admitted pro hac vice)
jhohenthaner@desmaraisllp.com
Ameet A. Modi (admitted pro hac vice)
amodi@desmaraisllp.com


By:   /s/ Bradford J. Black

*Attorneys for Defendant
Round Rock Research LLC*