***E-Filed 2/16/12***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SANDISK CORPORATION,

    Plaintiff,

v.

ROUND ROCK RESEARCH LLC,

    Defendant.

_____/

No. C 11-5243 RS

**ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND DENYING MOTION FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY AS MOOT**

## I. INTRODUCTION

Plaintiff SanDisk Corporation brought this action seeking declaratory relief that its products do not infringe certain patents held by defendant Round Rock Research LLC, and/or that the patents are invalid. Round Rock moves to dismiss, contending that its conduct in sending letters to SanDisk in California demanding that the parties enter licensing negotiations is an insufficient basis to assert personal jurisdiction over it in this forum, and that it is not otherwise subject to jurisdiction here. Pursuant to Civil Local Rule 7-1(b), the motion has been submitted without oral argument. Because the record demonstrates Round Rock's conduct went beyond merely sending letters to California and involved other contacts sufficient to support specific jurisdiction, the motion to dismiss will be

denied.[1]  This result renders SanDisk's motion for leave to conduct jurisdictional discovery moot, and it will be denied on that basis.

## II. BACKGROUND

Round Rock describes itself as a technology research and licensing company that holds thousands of patents and pending patent applications.  Round Rock is what is commonly described as a "non-practicing entity"—that is, it does not manufacture or market products utilizing its patented inventions, but instead seeks licensing agreements from parties who do make and sell such products, or pursues litigation against them when it deems it necessary to do so.  Round Rock acquired its patent portfolio from Micron Technology.  The claimed inventions relate to a variety of products and technologies, such as televisions, cell phones, computers, cameras, processors, and memory products, among other things.  Round Rock is a Delaware limited liability company with its principal place of business in Mount Kisco, New York.

On August 3, 2011, Round Rock sent a letter from its offices in New Jersey to SanDisk in California, in which it claimed that various SanDisk products utilizing Flash Memory infringe certain of its patents.  The letter requested a meeting to discuss the patents and potential licensing terms, and advised that Round Rock had appointed IPValue Management, Inc., "as its agent to commercialize Round Rock's patents and other intellectual property worldwide."  The letter indicated that Paul Riley of IPValue would be handling the matter, and provided a New Jersey phone number for him.

IPValue is incorporated in Delaware.  Round Rock's motion acknowledges that IPValue has "an office" in Mountain View, California, but avoids providing any further detail as to the relative importance of that office to the company's operations, or other information as to where IPValue could reasonably be said to be headquartered.  On its website, IPValue holds itself out as

---

[1] Round Rock's motion included an alternative challenge under Rule 12(b)(6) of the Federal Rules of Civil Procedure to the sufficiency of the allegations in the complaint.  Upon SanDisk's filing of an amended complaint, Round Rock withdrew that prong of its motion.

headquartered in both Mountain View, and in Bridgewater, New Jersey, with the California office listed first. SanDisk has submitted Dun & Bradstreet reports, to which Round Rock has not objected, tending to show that IPValue's primary headquarters are the Mountain View offices. There is no dispute, however, that it also has a New Jersey office, where Paul Riley works, and that Round Rock's primary contacts with IPValue are through that office.

On August 12, 2011, Riley followed up on Round Rock's prior letter with an additional letter sent from his New Jersey office demanding a meeting with SanDisk. The parties then agreed to meet at SanDisk's facilities in Milpitas, California on October 27, 2011. In preparation for that meeting, two IPValue employees based in the Mountain View office prepared claim charts regarding the alleged infringement of the patents-in-suit, and Riley flew to California. Approximately one hour before the meeting actually took place, however, Round Rock filed this suit. While the meeting thereafter went forward as planned, there is no dispute that the meeting itself cannot be weighed as a "contact" for purposes of the jurisdictional analysis, because it had not occurred when the complaint was filed.

### III. LEGAL STANDARDS

Federal Circuit law controls questions of personal jurisdiction in declaratory judgment actions involving patents. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed.Cir. 2008). An action seeking a declaration of non-infringement, invalidity, or unenforceability of a patent requires personal jurisdiction— specific or general—over the owner, assignee, or exclusive licensee of the patent. *See id*. at 1329–30. Where discovery has not yet been conducted, the plaintiff must make a prima facie showing that the defendant is subject to personal jurisdiction. *Id*. at 1328–29.

To establish specific jurisdiction, a plaintiff must demonstrate that the defendant "purposefully directed" its activities at the forum resident and that the litigation results from injuries that "arise out of or relate to" those activities. *Id.* at 1330. The defendant, in turn, bears the burden of asserting that imposing such personal jurisdiction is not "reasonable and fair." *See id.* at 1332. To

establish general jurisdiction, plaintiffs face a higher burden, and must show that defendants have "*continuous and systematic* general business contacts" with the forum state. *Id*. at 1330 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (emphasis by *Avocent* court).

## IV. DISCUSSION

Round Rock's motion is premised on the well-settled Federal Circuit rule that a patent holder does not "subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc*., 148 F.3d 1355, 1361 (Fed.Cir. 1998); *see also*, *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1361 (Fed.Cir. 2001) ("We have, however, repeatedly held that the sending of an infringement letter, without more, is insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee.") While Federal Circuit precedent is clear that sending infringement letters alone will not suffice, the contours of the "more" that will support jurisdiction are less well delineated.

Here, Round Rock did not merely send letters into California informing SanDisk of suspected infringement. Rather, it embarked on a course of conduct designed with the goal of ultimately persuading SanDisk to enter into licensing agreements, which is, not coincidentally, Round Rock's primary business. To that end, Round Rock hired a company based in California to perform the necessary analyses and to carry out the negotiations. It may be true that IPValue is not based *exclusively* in California, and that Round Rock in fact interacted directly with personnel in its New Jersey office, near Round Rock's own place of business. Round Rock's assertions, however, that it was essentially mere happenstance that IPValue has a California office, and that it could have just as easily performed its work on behalf of Round Rock any place else, are not persuasive. While it may be technically correct that IPValue *could* have operated from outside California, the only reasonable inference is that part of the value to Round Rock in having a relationship with IPValue was the fact that it not only had offices close to Round Rock's own, but also in the heart of Silicon

Valley, where many of the potential licensees of Round Rock's technological patent portfolio are based. It is not plausible that Round Rock's decision to employ a negotiating agent with at least one of its headquarters in California was merely "random" or "fortuitous." Additionally, there is no dispute that IPValue performed services essential to its engagement by Round Rock in its California offices, such as the preparation of claims charts.

In *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) ("*Coyle*"), the Federal Circuit found personal jurisdiction appropriate where the patentee had not only made phone calls into California asserting infringement, but had also hired a California attorney to communicate directly with the plaintiff on the patentee's behalf.[2] Round Rock argues that hiring a California *attorney* is particularly significant because such a person operates under license from the state, whereas IPValue was not hired to perform legal services. That distinction is too thin, particularly given that nothing in the *Coyle* opinion emphasized the attorney's status as a state-licensed professional. Both here and in *Coyle*, the critical fact is that the patentee hired representatives based in California for the specific purpose of communicating *in California* with the accused infringer.[3]

Furthermore, as *Red Wing* explained, the rule that mere sending of letters asserting patent rights is insufficient to support jurisdiction arises from the "second prong" of the traditional Due Process inquiry, which considers whether exercising personal jurisdiction would "comport with fair play and substantial justice." *Red Wing*, 148 F.3d at 1360 (citations and quotations omitted); *see also*, *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir.2003) ("we have repeatedly held that the sending of infringement letters would satisfy the minimum contacts requirement of due process *except for policy considerations unique to the patent context*.") (emphasis added). *Red Wing* articulated the fairness issue as: "A patentee should not subject itself

---

[2] The patentee's representatives also visited the plaintiff's facilities to demonstrate the technology. Here, no similar visit occurred until shortly after the complaint was filed.

[3] While Round Rock is correct that the actual meeting between IPValue and SanDisk cannot "count" as a contact because the complaint had already been filed when it took place, that does not preclude consideration of the purpose for which IPValue was hired, and that purpose is relevant to the overall assessment of whether it is reasonable to assert jurisdiction in these circumstances.

to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness." 148 F.3d at 1361.

Round Rock is in a substantially different position from that of a patentee who has merely sent letters of the sort considered in *Red Wing*. Round Rock's sole business lies in licensing its extensive technology portfolio. It hired an intermediary based in California with the undisputed intent that negotiations between that intermediary and SanDisk would take place in this state. Even assuming that Round Rock did not particularly care where IPValue performed the necessary preparatory work for those negotiations, it certainly could have foreseen that some substantial part of it might take place in California, as it undisputedly did. Under all these circumstances, there is nothing unfair about subjecting Round Rock to specific jurisdiction in this forum.

## V. CONCLUSION

Round Rock's motion to dismiss for lack of personal jurisdiction is denied. SanDisk's motion for leave to conduct jurisdictional discovery is denied as moot.

IT IS SO ORDERED.

Dated: 2/16/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE