CHUCK P. EBERTIN (SBN 161374)
  cebertin@velaw.com
VINSON & ELKINS LLP
525 University Avenue, Suite 410
Palo Alto, CA 94301-1918
Tel: (650) 687-8200
Fax: (650) 618-1970

Attorney for Plaintiff
SANDISK CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| SANDISK CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>　　　　Defendant and<br>　　　　Counterclaim Plaintiff. | Case No. 11-cv-05243-RS<br><br>**SANDISK'S NOTICE OF MOTION AND MOTION TO DISMISS ROUND ROCK'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)**<br><br>**Date:** April 26, 2012<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 3 – 17th Floor<br>**Judge:** The Honorable Richard Seeborg |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 26, 2012, before The Honorable Richard G. Seeborg of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, plaintiff SanDisk Corporation ("SanDisk") will, and hereby does, move this Court for an order dismissing the Counterclaims filed by defendant Round Rock Research LLC ("Round Rock") pursuant to Fed. R. Civ. P. 12(b)(6). This motion is based on this Notice of Motion and Motion, the following memorandum, the Declaration of Todd Glennon in Support of SanDisk's Motion to Dismiss Round Rock's Counterclaims, executed March 22, 2012 ("Glennon Decl."), the pleadings and papers on file herein, any oral argument before the Court, and any other matters the Court may request or consider.

## I. INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, SanDisk hereby moves the Court for an order dismissing the counterclaims of Defendant Round Rock Research LLC's ("Round Rock's") Answer and Counterclaims [*see* Dkt. No. 61] for failure to state a claim upon which relief can be granted.

Plaintiff SanDisk is engaged in the business of, among other things, designing and selling thousands of flash memory products. In particular, SanDisk is the world's largest dedicated provider of flash memory storage solutions. Defendant Round Rock was established in 2009 and owns thousands of patents and patent applications acquired from Micron Technology. On October 27, 2011, SanDisk sought a declaratory judgment of non-infringement and/or invalidity with regard to eleven Round Rock patents (the "patents-in-suit"). [Dkt. No. 1].[1] SanDisk filed an amended complaint on November 29, 2011. ["First Amended Complaint," Dkt. No. 26]. Although Round Rock contested personal jurisdiction, [*see* Dkt. No. 8], the Court denied its motion to dismiss, [*see* Dkt. No. 60]. Round Rock subsequently filed its answer and counterclaims for direct, indirect, and willful infringement of the patents-in-suit. [*See* Dkt. No. 61].

---

[1] The eleven patents-in-suit for which SanDisk seeks a declaratory judgment of non-infringement and/or invalidity are the same eleven-patents asserted in Round Rock's counterclaims. [*See* First Am. Compl. at ¶ 1, Dkt. No. 26; Round Rock's Answer & Counterclaims, Dkt. No. 61].

In its counterclaims, Round Rock purports to allege that SanDisk directly and indirectly infringes an unspecified number of the 304 claims in the set forth in the eleven patents-in-suit. Round Rock's infringement allegations are based the alleged acts of

> mak[ing], us[ing], sell[ing], offer[ing] for sale, and import[ing] products incorporating flash memory and flash memory controllers, *including for example*, flash memory cards (*such as, for example*, SanDisk's microSD, microSDXC, microSDHC, SD, SDXC, SDHC, CompactFlash, and Memory Stick cards), universal serial bus ("USB") flash drives, embedded flash memory products (*such as, for example*, SanDisk's iNAND embedded flash drives ("EFDs")), digital media players (*such as, for example*, SanDisk's Sansa media players), and solid state drives ("SSDs") (collectively "SanDisk flash memory products").

(emphases added). This open-ended set of so-called "SanDisk flash memory products" encompasses nearly every product that SanDisk has manufactured for the last twenty years—implicating thousands of consumer, enterprise, and original equipment manufacturer ("OEM") products for the storage and transfer of data. Because these counterclaims fail to provide any meaningful indication concerning which, if any, of SanDisk's many and varied products is actually accused of infringing a particular set of claims, these counterclaims should be dismissed.

Furthermore, any counterclaims of indirect and willful infringement must also be dismissed because Round Rock has not pled sufficient facts to show the knowledge and intent necessary to meet the elements of those claims.

## I. ROUND ROCK'S COUNTERCLAIMS FOR DIRECT INFRINGEMENT OF THE PATENTS SHOULD BE DISMISSED BECAUSE THEY DO NOT SATISFY THE MINIMUM PLEADING REQUIREMENTS OF RULE 8

### A. *Twombly* and *Iqbal* Require Non-Conclusory Factual Allegations to Satisfy Rule 8

Patent infringement allegations, like other federal causes of action, are subject to the general pleading requirements of Rule 8. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-01531, 2009 U.S. Dist. LEXIS 83715, at *3–6 (N.D. Cal. Sept. 14, 2009) (dismissing patent infringement allegations where cross-complaint failed to satisfy the specificity requirements of Rule 8). This Rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the purpose of Rule 8 is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. 544, 555 (2007). Thus, while "detailed factual allegations" are unnecessary, Rule 8

1  does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
2  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Allegations which merely include "a formulaic
3  recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*,
4  129 S. Ct. at 1949. This court has dismissed patent infringement counterclaims based on the same
5  *Twombly/Iqbal* pleading standards. *See, e.g.*, *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10–
6  5525 SBA, 2011 WL 5416187, at *4 (N.D. Cal. Nov. 8, 2011).

7  The *Twombly* decision rested on two separate "working principles." *See Iqbal*, 129 S. Ct. at
8  1940. First, the rule that courts must accept the truth of all of the allegations contained in a
9  counterclaim does not apply to legal conclusions. Thus, a party cannot satisfy Rule 8 by reciting the
10 elements of a cause of action, supported by mere conclusory statements. *Iqbal*, 129 S. Ct. at 1949–
11 50 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime
12 of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more
13 than conclusions."). Second, even if a counterclaim pleads more than legal conclusions, it still may
14 be deficient if it does not state a "plausible claim for relief." *Id.* at 1950. "[W]here the well-pleaded
15 facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has
16 alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.*

17 *Twombly* also rejected the previous "no-set-of-facts" standard in *Conley v. Gibson*, 355 U.S.
18 41 (1957), in favor of a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim
19 with some factual allegations in those contexts where such amplification is needed to render the
20 claim *plausible*." *Iqbal*, 129 S. Ct. at 1944 (citation omitted). Thus, to survive a motion to dismiss
21 under Rule 12(b)(6), an infringement counterclaim must contain "sufficient factual matter . . . to
22 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*,
23 550 U.S. at 570); *accord Elan Microelectronics*, at *3–6. This requirement is not satisfied where, as
24 here, the counterclaims contain only "[t]hreadbare recitals of the elements of a cause of action,
25 supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

26
27
28

### B. Round Rock's Open-Ended Infringement Allegations Do Not Satisfy Rule 8 Because They Do Not Make Clear *Which* Products Are Accused of Infringement

Under *Twombly* and *Iqbal*, to rule on the sufficiency of infringement allegations, the Court must start by determining which, if any, of the allegations rise above the level of "bare assertions," which are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950–51. The Court may then consider any remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. Here, Round Rock's infringement allegations are merely "bare assertions" that SanDisk has somehow engaged in direct and indirect infringement of the asserted patents. SanDisk is thus left to speculate about *which* particular products are accused of infringing one or more of 304 different patent claims. This is no small task given the breadth of SanDisk's product offerings. In particular, during the period 2007 through 2011, SanDisk offered over one thousand eight hundred (1,800) different products containing flash memory. [Glennon Decl. at ¶¶ 2-3.] While Round Rock identifies a handful of exemplary flash memory product lines—"including *for example* . . . universal serial bus ('USB') flash drives" and "*for example*, SanDisk's iNAND embedded flash drives" [emphases added]—those examples of product lines encompass more than five hundred (500) different product families developed by SanDisk. [*Id.*] In short, Round Rock has generically recited nearly everything SanDisk produces, without any limitation. Such an open-ended pleading is functionally equivalent to alleging that *all* of SanDisk's "products" infringe.

Without knowing *which* products Round Rock is accusing of infringement, SanDisk must evaluate its entire product portfolio relative to each of the 304 claims of the eleven patents-in-suit to determine which, if any, of their products might be accused of infringement. This makes the task of preserving, searching for, and producing relevant documents nearly impossible, and turns the discovery process into an expensive fishing expedition. This situation is contrary to the spirit and intent of Rule 8, which requires "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Acco Brands USA LLC v. Hewlett-Packard Co.*, No. SAVC 11-275 DOC (MLGx), 2011 U.S. Dist. LEXIS 67420, at *6 (N.D. Cal. June 23, 2011) (noting that plaintiff simply alleged that defendants' 'products' infringe; "without any sort of factual specificity in the Complaint, Moving Defendants have no notice of the claims they are required to meet and defend."). In fact, in

1326428                SANDISK'S MOTION TO DISMISS ROUND ROCK'S          4                     Case No. 11-cv-05243-RS
                       COUNTERCLAIMS

the wake of *Twombly* and *Iqbal*, some courts have required an exact identification of products.  *See Asustek Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, slip op. at 20 (N.D. Cal. Dec. 29, 2011) ("Absent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*."); *Bender v. LG*, C 09-02114 JF (PVT), 2010 U.S. Dist. LEXIS 33075, at *12 (N.D. Cal. Mar. 11, 2010) ("Several recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused").

In addition, Round Rock unfairly places the burden and expense on SanDisk to ferret out information concerning allegedly infringing products that Round Rock should already know by virtue of a properly conducted Rule 11 investigation.  Indeed, as described in Round Rock's Reply in Support of Its Motion to Dismiss, Round Rock and IPValue presumably investigated SanDisk's products and created infringement claim charts before threatening it with infringement.  (*See* Doc. No. 45 at 11).

In *Hewlett-Packard Co. v. Intergraph Corp.*, the court dismissed a patent infringement complaint where the plaintiff alleged that the defendant's "software and hardware products" infringed the plaintiff's patent. No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003).  The court noted that the defendant "produces some 150 core technology platforms which are implemented in over 4000 end-user application products."  *Id.*  Therefore, the plaintiff's allegation would have to be read as "one or more of Defendant's 4000-plus products directly infringes, contributorily infringes, or induces infringement . . . ."  *Id.*  Not surprisingly, the court held that the "allegations do not provide Defendant with 'fair notice' of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule 8 (a)(2)."  *Id.*[2]  Indeed, district courts have dismissed patent infringement complaints based on conclusory factual allegations that were similar to or more

---

[2] *See also Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5 (E.D. Wis. Nov. 29, 2006) (on motion for more definite statement, finding an unreasonable burden where patent infringement complaint alleging at least twenty claims failed to identify any of the defendant's approximately 40 products); *In re Papst Licensing GmbH Patent Litig.*, No. MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *4–5 (E.D. La. Feb. 22, 2001) (on motion for more definite statement, finding an unreasonable burden where patent infringement complaint failed to identify "any IBM product that contains a disk drive" and IBM had several hundred hard disk drive models and part numbers).

detailed than those at issue here. For example, in *Elan Microelectronics*, the district court dismissed patent infringement counterclaims where the defendant described the infringing product as "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." 2009 U.S. Dist. LEXIS 83715, at *4–5 (emphasis added). The defendant in *Elan Microelectronics* identified at least one of the accused products by name, but the district court still held that "this pleading plainly falls within the prohibition against '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* at *5 (citing *Iqbal*, 129 S. Ct. at 1949).

Similarly, looking at Count 1 in Round Rock's counterclaims, Round Rock is essentially asserting that "SanDisk has infringed, and continues to infringe, one or more [of the 31 claims] of the '344 patent . . . by importing into the United States, and/or offering to sell, selling, or using . . . [one or more of SanDisk's 1,800] flash memory products." [*See* Dkt. No. 61 at ¶ 134.] All of Round Rock's Counterclaims are equally uninformative – they all generically refer to "one or more claims" infringed by one or more of SanDisk's 1,800 different flash memory product families. [*See* Dkt. No. 61 at ¶¶ 115, 134, 144, 154, 166, 176, 186, 196, 206, 216, 226, 238.] As in *Hewlett-Packard*, the Court should dismiss Round Rock's counterclaims as they do not provide SanDisk with fair notice of what Round Rock is actually alleging.

### C. Round Rock's Counterclaims Also Fail To Satisfy the Requirements of Form 18

Round Rock's counterclaims should also be dismissed because they do not satisfy Form 18. Form 18 includes an example complaint that alleges that a defendant is infringing an invention in an "electric motor" by "making, selling, and using electric motors that embody the patented invention . . . ." Unlike Round Rock's counterclaims, the sample infringement complaint in Form 18 provides a close-ended list of accused products and a nexus between those products and the patented technology. Nevertheless, courts have commented that even the generic closed-ended list provided in Form 18 may not be enough where the factual circumstances are more complex. *See Hewlett-Packard*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 ("Form [18] simply does not address a factual scenario of this sort. Not only is the example in Form [18] limited to a single 'type' of product (i.e., electric motors) *there is no indication as to the number of different electric motors the hypothetical defendant made, sold, or used.*") (emphasis added); *see also In re Papst Licensing*

*GmbH Patent Litig.*, No. MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *1 (E.D. La. Feb. 22, 2001) ("It is apparent, however, that the number of patents and products in the case before me are far greater than those contemplated in the [Form 18] sample complaint, which would justify a request for greater specificity."). Here, Round Rock fails to meet even the bare minimum requirements of Form 18; rather Round Rock merely identifies an open-ended category of "SanDisk flash memory products," that could potentially encompass nearly the entirety of SanDisk's product offerings. Because Round Rock has not identified any particular flash memory product that allegedly infringes the patents-in-suit, its counterclaims do not include facts that rise to the level of specificity sufficient to state a plausible claim to relief. These counterclaims are inadequate under the Rule 8 standard set forth by the Supreme Court, and should be dismissed under Rule 12(b)(6).

## II. ROUND ROCK'S COUNTERCLAIMS FOR INDIRECT INFRINGEMENT SHOULD BE DISMISSED BECAUSE THE COUNTERCLAIMS FAIL TO ALLEGE THE REQUISITE KNOWLEDGE OR INTENT

In addition to alleging direct infringement, Round Rock also accuses SanDisk of indirectly infringing by inducing and/or contributing to the infringement of the patents-in-suit. [*See* Answer & Counterclaims, Dkt. No. 61, at ¶¶ 137, 138, 147, 148, 159, 160, 169, 170, 179, 180, 189, 190, 199, 200, 209, 210, 219, 220, 231, 232, 241, 242).] To state a claim for inducing infringement under 35 U.S.C. § 271(b), Round Rock must plead facts demonstrating that SanDisk "actively induce[d] infringement of a patent." 35 U.S.C. § 271(b). Because the counterclaims do not identify any facts showing any acts of inducement on the part of SanDisk, all such "allegations" of infringement by inducement must be dismissed. *See Twombly*, 550 U.S. at 556, n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."); *Coolsavings.com, Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (dismissing claim of infringement by inducement that "allege[d] only the 'bald assertion' of active inducement, which 'without the allegation of any facts supporting it,' [did] not satisfy the pleading requirements of the federal rules").

A claim for induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). However, mere knowledge is not enough—specific intent and actions to induce infringement are required. *See*

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003).  Here, Round Rock alleges that "SanDisk has had knowledge of and notice of the '345 patent and its infringement since at least August 3, 2011, through a letter sent by Round Rock . . . concerning the [patents-in-suit] and [their] infringement."  Without more, this statement is insufficient to show the requisite intent necessary to prove "active inducement."

To state a claim for contributory infringement under 35 U.S.C. § 271(c), a patentee must also establish specific non-conclusory factual allegations demonstrating that the defendant offered to sell or sold a "component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ."  35 U.S.C. § 271(c); *see also Gen-Probe*, 926 F. Supp. at 960–61 (dismissing patent infringement claims, including contributory infringement claims, under pre-*Twombly* standards, where complaint failed to allege facts sufficient to provide defendants with fair notice of claims); *Aro Mfg. Co. v. Convertible Top Replacement Co., Inc.*, 377 U.S. 476, 488 (1964) ("It is only sale of a component of a patented combination 'knowing the same to be especially made or especially adapted for use in an infringement of such patent' that is contributory infringement by statute.").  As with induced infringement, contributory infringement requires as a predicate that some other party committed the entire act of direct infringement.  *See BMC Res.*, 498 F.3d at 1381 (identifying contributory infringement as a type of indirect infringement).  Similarly, the defendant's state of mind is critical, and is akin to mens rea.  *Id.*

Round Rock's induced and contributory infringement allegations should be dismissed because they fail to plead facts demonstrating critical elements of those claims.  There is no showing or allegation that SanDisk sold a non-staple "component" of a patented machine, or that SanDisk had the requisite knowledge for contributory infringement or specific intent to induce infringement.  Round Rock also fails to allege facts showing direct infringement by a third party, a necessary element of both indirect infringement claims.  *See, e.g.*, *BMC Res.*, 498 F.3d at 1379 ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.").  As a result, there is no set of facts alleged that

could establish SanDisk's liability for indirect infringement, even if all such facts are taken to be true.

## III. ROUND ROCK'S COUNTERCLAIMS FOR WILLFUL INFRINGEMENT SHOULD ALSO BE DISMISSED

Round Rock's claim for willful infringement should also be dismissed for failing to comply with Rule 8. To establish willful infringement, a party must demonstrate infringement along with the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

At a minimum, at the pleading stage, Round Rock must allege the facts that form its basis for its good faith belief that its claim of willful infringement has evidentiary support. *See id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." (citing Fed. R. Civ. P. 8, 11(b))). Indeed, before Round Rock is permitted discovery concerning the willfulness of SanDisk's alleged infringement of the patents-in-suit, Round Rock must at least allege facts showing that its claim is plausible. *Iqbal*, 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Here, Round Rock does not even attempt to provide the necessary factual allegations to show that SanDisk acted willfully. Rather, Round Rock's statement that SanDisk willfully infringes is merely conclusory, a bare recitation of the law with no factual foundation. "Tolerance of factual contentions . . . specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate [Rule 11] investigation [nor is it] a license . . . to make claims . . . without any factual basis or justification." *Zuk v. E. Pa. Psychiatric Inst. of Med. Coll. of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996) (affirming Rule 11 sanctions based on wrongful filing of complaint alleging copyright violations where reasonable investigation was not made, notwithstanding that plaintiff's allegations were pled on "belief"). Because Round Rock failed to meet this standard, Round Rock's counterclaims for willful infringement should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, SanDisk respectfully requests that this Court grant its motion and dismiss Round Rock's counterclaims in their entirety.

Dated: March 22, 2012

Respectfully Submitted,

VINSON & ELKINS LLP

By: /s/ Chuck P. Ebertin
Chuck P. Ebertin

Attorney for Plaintiff
SANDISK CORPORATION