BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6211
Facsimile:  415-813-6222

DESMARAIS LLP
Jon T. Hohenthaner (admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
John C. Spaccarotella (admitted *pro hac vice*)
jspaccarotella@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com
Richard M. Cowell (admitted *pro hac vice*)
rcowell@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendant and Counterclaim Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SANDISK CORPORATION,<br><br>             Plaintiff and<br>             Counterclaim<br>             Defendant,<br><br>     v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>             Defendant and<br>             Counterclaim Plaintiff. | Case No. 3:11-cv-05243-RS<br><br>**ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S PATENT EXHAUSTION / FIRST SALE, EQUITABLE ESTOPPEL, AND ACTUAL OR IMPLIED LICENSE CLAIMS AND AFFIRMATIVE DEFENSES**<br><br>Date: April 4, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 3<br>Judge:  Hon. Richard Seeborg |

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON
SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND
AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

Case No. 3:11-cv-05243-RS

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................2

LEGAL STANDARD......................................................................................................................4

ARGUMENT ...................................................................................................................................5

    A.    SanDisk's Patent Exhaustion / First Sale Doctrine Claims And Affirmative Defenses Fail As A Matter Of Law. ..........................................................................6

    B.    SanDisk's Equitable Estoppel Affirmative Defense Fails As A Matter Of Law.....9

    C.    SanDisk's Actual And Implied License Affirmative Defense Fails As A Matter Of Law..................................................................................................................10

CONCLUSION..............................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) (*en banc*) .................................................................... 9

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................ 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................... 4, 5

*De Forest Radio Tel. Co. v. U.S.*,
  273 U.S. 236 (1927) ................................................................................................ 10, 11

*Fuji Photo Film Co. v. Jazz Photo Corp.*,
  394 F.3d 1368 (Fed. Cir. 2005) ...................................................................................... 7

*In re Katz Interactive Call Processing Patent Litig.*,
  07-ML-1816-B-RGK (FFMx), 2009 WL 1351043 (C.D. Cal. May 1, 2009) ................ 8

*Jazz Photo Corp. v. Int'l Trade Comm'n*,
  264 F.3d 1094 (Fed. Cir. 2001) ........................................................................... 5, 6, 7, 8

*London v. Carson Pirie Scott & Co.*,
  946 F.2d 1534 (Fed. Cir. 1991) ...................................................................................... 5

*McCoy v. Mitsuboshi Cutlery, Inc.*,
  67 F.3d 917 (Fed. Cir. 1995) ........................................................................................ 10

*MedImmune, LLC v. PDL BioPharma, Inc.*,
  No. C 08–5590 JF (HRL), 2011 WL 61191 (N.D. Cal. Jan. 7, 2011) ........................... 7

*Minebea Co. v. Papst*,
  374 F. Supp. 2d 202 (D.D.C. 2005) ............................................................................... 7

*Minebea Co. v. Papst*,
  444 F. Supp. 2d 68 (D.D.C. 2006) ................................................................................. 7

*Monsanto Co. v. Scruggs*,
  459 F.3d 1328 (Fed. Cir. 2006) ...................................................................................... 6

*Multimedia Patent Trust v. Apple Inc.*,
  No. 10-cv-2618-H (KSC), 2012 WL 6863471 (S.D. Cal. Nov. 9, 2012) ...................... 7

*Ninestar Tech. Co., Ltd. v. Int'l Trade Comm'n*,
  667 F.3d 1373 (Fed. Cir. 2012), *petition for cert. filed*, 81 U.S.L.W. 3277
  (U.S. Nov. 2, 2012) (No. 12-552) .................................................................................. 7

*Power Lift, Inc. v. Weatherford Nipple–Up Sys., Inc.*,
   871 F.2d 1082 (Fed. Cir. 1989) .......................................................................................... 10

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008) ......................................................................................................... 6, 8

*Spindelfabrik Suessen–Schurr Stahlecker & Grill GmbH v. Schubert & Salzer
   Maschinenfabrik Aktiengesellschaft*,
   829 F.2d 1075 (Fed. Cir. 1987) .......................................................................................... 10

*U.S. Philips Corp. v. Int'l Trade Comm'n*,
   424 F.3d 1179 (Fed. Cir. 2005) .......................................................................................... 10

*Univ. of W. Va. Bd. of Trs. v. VanVoorhies*,
   278 F.3d 1288 (Fed. Cir. 2002) ................................................................................ 6, 8, 9, 11

*Winbond Elecs. Corp. v. Int'l Trade Comm'n*,
   262 F.3d 1363 (Fed. Cir.), *opinion corrected in non-relevant part*, 275 F.3d
   1344 (Fed. Cir. 2001) ................................................................................................... 10, 11

**<u>Rules</u>**

Fed. R. Civ. P. 11(b) ................................................................................................................... 5

Fed. R. Civ. P. 56(c)(2) ........................................................................................................... 4, 5

PLEASE TAKE NOTICE that on April 4, 2013, at 1:30 p.m., or as soon thereafter as may be heard, before the Honorable Richard Seeborg, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 3, Defendant and Counterclaim Plaintiff Round Rock Research LLC ("Round Rock"), by and through its counsel of record, will move the Court for an Order entering summary judgment in its favor on SanDisk Corporation's ("SanDisk") patent exhaustion / first sale, equitable estoppel, and actual or implied license declaratory judgment claims and affirmative defenses. This motion is supported by the following points and authorities, the supporting declarations filed concurrently herewith and cited herein, all pleadings and papers on file in this action, argument and evidence to be presented at the hearing on this motion, and any other matters properly before the Court.

Through this motion, Round Rock seeks an order of summary judgment in its favor on SanDisk's cause of action nos. 4–7 and 9–12 and affirmative defense nos. 12 and 14–16.

## **INTRODUCTION**

Round Rock acquired several thousand patents in 2009 from one of the world's leading semiconductor companies, Micron Technology, Inc. ("Micron"). Since that time, many of the largest technology companies in the world have licensed these patents from Round Rock, including Apple, Dell, HTC, IBM, LG, Nokia, Oracle, Samsung, Sharp, and Sony, among others. But one of Micron's primary competitors—SanDisk—insists that it should be permitted to incorporate the patented technologies developed by Micron into its own products for free. In furtherance of that goal, SanDisk initiated this action in lieu of negotiating a license with Round Rock, asserting several theories that allegedly justify its unauthorized use of Round Rock's patented technology, including patent exhaustion / first sale, equitable estoppel, and an actual or implied license. But after fourteen months of litigation, it is clear that SanDisk has no factual basis—nor ever had any factual basis—for asserting these theories, even though SanDisk itself should be in possession of any existing relevant facts supporting these theories if they existed. The summary judgment mechanism serves to dispose of exactly these types of speculative and factually unsupported claims and affirmative defenses, and thereby focus the litigation on the actual factual issues in dispute—here SanDisk's

infringement of Round Rock's patents and the royalty due Round Rock for that infringement. Accordingly, for the reasons set forth below, Round Rock respectfully requests that this Court enter summary judgment against SanDisk on its patent exhaustion / first sale, equitable estoppel, and actual or implied license claims and affirmative defenses.

## FACTUAL BACKGROUND

Round Rock is a technology research and licensing company that owns thousands of patents and patent applications acquired from Micron Technology in 2009, spanning many different technical fields, ranging from semiconductor components and manufacturing processes to consumer products and systems. (Dkt. No. 9, deBlasi Decl. ¶¶ 5–6.) In August 2011, Round Rock approached SanDisk—one of Micron Technology's primary competitors—for purposes of initiating licensing negotiations to address SanDisk's unauthorized use of Round Rock's patented technology in its "flash" memory products. (*Id.* ¶ 8.) But rather than engaging in good faith licensing negotiations, SanDisk responded by filing this declaratory judgment action on October 27, 2011. (Dkt. No. 1.)

SanDisk alleges, among other things, that it should be permitted to use Round Rock's patented technology[1] without compensating Round Rock, based upon theories of patent exhaustion / first sale, equitable estoppel, and an actual or implied license:

| | |
|---|---|
| *Patent Exhaustion / First Sale*: | SanDisk declaratory judgment cause of action nos. 4–7 and 9–12 and affirmative defense nos. 15 and 16 |
| *Equitable Estoppel*: | SanDisk affirmative defense no. 12 |
| *Actual or Implied License*: | SanDisk affirmative defense no. 14 |

For example, SanDisk's declaratory judgment cause of action nos. 4–7 and 9–12 allege that the accused flash memory products were "sold by an authorized licensee" such that Round Rock's rights under the patents "are exhausted":

---

[1] The patents-in-suit include U.S. Patent Nos. 5,286,344; 5,682,345; 5,783,282; 6,015,760; 6,272,586; 6,383,839; 6,570,791; 6,845,053; and 7,483,334. (Dkt. Nos. 76, 90, 92, 103, and 115.)

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

2

Case No. 3:11-cv-05243-RS

> 57.    SanDisk contends that it is not required to license the '345 patent from Round Rock because, among other reasons, the claims of the '345 patent are exhausted with respect to SanDisk's flash memory products. On information and belief, the accused flash memory products were made and initially sold by a licensee under the '345 patent. ==Because the accused flash memory products were sold by an authorized licensee, Round Rock's rights under the '345 patent are exhausted.==

(Dkt. No. 76, SanDisk 2nd Am. Compl. ¶ 57 (emphasis added); *see also id.* at ¶¶ 64, 71, 78, 92, 100, 108, 114.) Similarly, SanDisk asserts four affirmative defenses (nos. 12 and 14–16) premised upon a similar assertion—"equitable estoppel," "the existence or implication of a license," "the first sale doctrine," and "patent exhaustion":

> **TWELFTH AFFIRMATIVE DEFENSE**
>
> 285.    As to Round Rock's Counts I and IV in its Second Amended Counterclaims, ==Round Rock's claims are barred under the doctrine of equitable estoppel.==
>
> \* \* \*
>
> **FOURTEENTH AFFIRMATIVE DEFENSE**
>
> 287.    As to Round Rock's Counts I, II, III, IV, V, VI, VIII, XI and XII in its Second Amended Counterclaims, ==Round Rock's claims are barred in whole or in part by the existence or implication of a license.==
>
> **FIFTEENTH AFFIRMATIVE DEFENSE**
>
> 288.    As to Round Rock's Counts I, II, III, IV, V, VI, VIII, XI and XII in its Second Amended Counterclaims, ==Round Rock's claims are barred in whole or in part under the first sale doctrine.==
>
> **SIXTEENTH AFFIRMATIVE DEFENSE**
>
> 289.    As to Round Rock's Counts I, II, III, IV, V, VI, VIII, XI and XII in its Second Amended Counterclaims, ==Round Rock's claims are barred in whole or in part by patent exhaustion.==

(Dkt. No. 92, SanDisk Reply ¶¶ 285, 287–89 (emphasis added).)

In response to Round Rock's Interrogatory No. 3, SanDisk explained that these claims and affirmative defenses are based, at least in part, ███████████████████████████████

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

3

Case No. 3:11-cv-05243-RS

**INTERROGATORY NO. 3:**

Separately, for each Patent-in-Suit for which SanDisk contends that Round Rock's rights are exhausted with respect to any of the Accused Instrumentalities, identify all factual and legal bases for such contention.

**RESPONSE TO NO. 3:**



(Ex. A (emphasis added).)[2]

As discussed below, SanDisk's unsupported assertions fall far short of establishing any of these claims or affirmative defenses. SanDisk's cause of action nos. 4–7 and 9–12 and affirmative defense nos. 12 and 14–16 thus fail as a matter of law and summary judgment should be entered in favor of Round Rock.

## LEGAL STANDARD

Summary judgment should be entered where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Summary judgment is

---

[2] Exhibits are attached to the declaration of Richard M. Cowell, filed concurrently herewith.

appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (citation omitted).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The nonmoving party must set forth the existence of a genuine issue for trial such that a reasonable finder of fact can return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). "There can be 'no genuine issue as to any material fact' where the nonmoving party's proof is deficient in meeting an essential part of the applicable legal standard, since such failure renders all other facts immaterial." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1537 (Fed. Cir. 1991).

## **ARGUMENT**

"The burden of establishing an affirmative defense is on the party raising the defense." *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1102 (Fed. Cir. 2001). Yet despite initiating this action nearly fourteen months ago—and thereby certifying that its declaratory judgment claims and affirmative defenses have legal and factual support[3]—SanDisk has failed to come forth with

---

[3] Fed. R. Civ. P. 11(b) provides that by presenting a pleading to the court, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support."

evidence supporting any of its exhaustion / first sale, equitable estoppel, or actual or implied license claims and affirmative defenses. Summary judgment should thus be granted in favor of Round Rock on these unsupported claims and affirmative defenses, and thereby focus this case on the real issues in dispute—SanDisk's infringement of Round Rock's patents and the royalty due Round Rock for that infringement. *See, e.g., Univ. of W. Va. Bd. of Trs. v. VanVoorhies*, 278 F.3d 1288, 1295 (Fed. Cir. 2002) ("Summary judgment must be granted against a party who has not introduced evidence sufficient to establish the existence of an essential element of that party's case, on which the party would bear the burden of proof at trial.").

### A. SanDisk's Patent Exhaustion / First Sale Doctrine Claims And Affirmative Defenses Fail As A Matter Of Law.

SanDisk alleges that it is authorized to use Round Rock's patented technology based upon the exhaustion / first sale doctrine,[4] as set forth in SanDisk's declaratory judgment causes of action nos. 4–7 and 9–12, and affirmative defense nos. 15 and 16. (Dkt. No. 76, SanDisk 2nd Am. Compl. ¶¶ 57, 64, 71, 78, 92, 100, 108, 114; Dkt. No. 92, SanDisk Reply ¶¶ 288–89.) But as set forth below, these claims and defenses fail as a matter of law.

"The authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 638 (2008); *see also Jazz Photo*, 264 F.3d at 1105 ("The unrestricted sale of a patented article, by or with the authority of the patentee, 'exhausts' the patentee's right to control further sale and use of that article by enforcing the patent under which it was first sold."). "Thus, when a patented device has been lawfully sold in the United States, subsequent purchasers inherit the same immunity under the doctrine of patent exhaustion." *Jazz Photo*, 264 F.3d at 1105.

---

[4] SanDisk pleads "exhaustion" and "first sale" separately, but these are the same doctrine, not distinct defenses. *See, e.g., Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1335–36 (Fed. Cir. 2006) (referring to the "first sale/patent exhaustion doctrine").

As an initial matter, the exhaustion / first sale doctrine applies only to products first sold in the United States—not to products purchased by an alleged infringer outside the United States that are imported into and/or resold in the United States. *See, e.g., Jazz Photo*, 264 F.3d at 1105 ("United States patent rights are not exhausted by products of foreign provenance. To invoke the protection of the first sale doctrine, the authorized first sale must have occurred under the United States patent."); *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1376 (Fed. Cir. 2005) ("Fuji's foreign sales can never occur under a United States patent because the United States patent system does not provide for extraterritorial effect…. In *Jazz*, therefore, this court expressly limited first sales under the exhaustion doctrine to those occurring within the United States."); *Ninestar Tech. Co., Ltd. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1378 (Fed. Cir. 2012), *petition for cert. filed*, 81 U.S.L.W. 3277 (U.S. Nov. 2, 2012) (No. 12-552) (confirming the "territoriality requirement" for the exhaustion / first sale doctrine.[5] Despite this requirement, SanDisk has come forth with no evidence—nor even alleges—that it purchased any of the accused products in the United States from a licensee of the patents-in-suit. SanDisk's exhaustion / first sale claims and affirmative defenses fail as a matter of law for this reason alone.

---

[5] One district court case has found that foreign sales may, in certain circumstances, give rise to an exhaustion defense. *See Multimedia Patent Trust v. Apple Inc.*, No. 10-cv-2618-H (KSC), 2012 WL 6863471 at *4–5 (S.D. Cal. Nov. 9, 2012). But that decision is contrary to controlling Federal Circuit case law, as discussed above. *See, e.g., Fuji Photo*, 394 F.3d at 1376 ("Fuji's foreign sales can *never* occur under a United States patent…." (emphasis added)). And other district courts, including in this District, have followed the Federal Circuit directive that an exhaustion defense applies *only* to sales made in the United States. *See, e.g., MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08–5590 JF (HRL), 2011 WL 61191, at *17 n.13 (N.D. Cal. Jan. 7, 2011) ("If Abbott were to buy Synagis overseas and import it into the United States, the foreign sale would not act as a license but instead would afford no protection at all from charges of infringement."); *Minebea Co. v. Papst*, 374 F. Supp. 2d 202, 216 (D.D.C. 2005) ("Although the result may seem unfair, the language of the Federal Circuit in *Jazz Photo* and *Fuji Photo Film* makes clear that authorized foreign sales do *not* exhaust a United States patent. To establish exhaustion of the Papst Drive Patents, therefore, Minebea must establish that its sales were 'in the United States.'"); *Minebea Co. v. Papst*, 444 F. Supp. 2d 68, 137–42 (D.D.C. 2006).

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

7

Case No. 3:11-cv-05243-RS

1  Additionally, the exhaustion doctrine applies only when the product that is the subject of an allegedly exhausted sale has "no reasonable noninfringing use and include[s] all the inventive aspects" of the patent. *Quanta Computer*, 553 U.S. at 638; *see also In re Katz Interactive Call Processing Patent Litig.*, 07-ML-1816-B-RGK (FFMx), 2009 WL 1351043, at *3 (C.D. Cal. May 1, 2009). Again, SanDisk has come forth with no evidence showing: (i) what SanDisk allegedly purchased from a licensee of the patents-in-suit; (ii) that the thing purchased has no reasonable noninfringing use; or (iii) that the thing purchased includes all the inventive aspects of any of the patents-in-suit. Nor has SanDisk even alleged that these requirements are met. SanDisk's exhaustion / first sale claims and affirmative defenses fail as a matter of law for this additional reason.

Finally, SanDisk's assertion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. A) is legally incorrect. The exhaustion doctrine protects ***postsale*** use of an article sold by or with the authority of a patentee—not unauthorized upstream suppliers of infringing products such as SanDisk. *See, e.g.*, *Quanta Computer*, 553 U.S. at 638 (explaining that an "authorized sale of an article … exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control ***postsale use*** of the article." (emphasis added)); *Jazz Photo*, 264 F.3d at 1105 (explaining that "when a patented device has been lawfully sold in the United States, ***subsequent purchasers*** inherit the same immunity under the doctrine of patent exhaustion." (emphasis added)). Simply because a SanDisk customer may be licensed to one or more of the patents-in-suit does not excuse SanDisk's own infringement.

Accordingly, because SanDisk bears the burden of proof for establishing its claims and affirmative defenses of patent exhaustion / first sale and has failed to provide evidence supporting these claims and defenses, summary judgment should be entered against SanDisk. *See, e.g., Univ. of W. Va. Bd. of Trs.*, 278 F.3d at 1295 ("Summary judgment must be granted against a party who has not introduced evidence sufficient to establish the existence of an essential element of that party's case, on which the party would bear the burden of proof at trial.").

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

8

Case No. 3:11-cv-05243-RS

### B. SanDisk's Equitable Estoppel Affirmative Defense Fails As A Matter Of Law.

SanDisk also alleges that it is authorized to use Round Rock's patented technology based upon the doctrine of equitable estoppel, as set forth in SanDisk's affirmative defense no. 12. (Dkt. No. 92, SanDisk Reply ¶ 285.) SanDisk must establish three elements to prove equitable estoppel:

   a. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer. "Conduct" may include specific statements, action, inaction, or silence where there was an obligation to speak.

   b. The alleged infringer relies on that conduct.

   c. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1029 (Fed. Cir. 1992) (*en banc*). Specifically, "[t]he patentee's conduct must have supported an inference that the patentee did not intend to press an infringement claim against the alleged infringer." *Id.* at 1042. In some circumstances, the "misleading conduct" may arise from inaction on behalf of the patentee, but such "inaction must be combined with other facts respecting the relationship or contacts between the parties to give rise to the necessary inference that the claim against the defendant is abandoned." *Id*. Further, "[t]he accused infringer must show that, in fact, it substantially relied on the misleading conduct of the patentee in connection with taking some action." *Id.* at 1042–43. "Finally, the accused infringer must establish that it would be materially prejudiced if the patentee is now permitted to proceed." *Id.* at 1043.

No misleading conduct, reliance, or prejudice exists here. SanDisk does not even allege facts that would support any of the elements of its equitable estoppel defense, and has come forth with no evidence supporting this affirmative defense. Summary judgment should thus be entered against SanDisk on its equitable estoppel affirmative defense. *See, e.g., Univ. of W. Va. Bd. of Trs.*, 278 F.3d at 1295.

ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S CAUSE OF ACTION NOS. 4–7 AND 9–12 AND AFFIRMATIVE DEFENSE NOS. 12 AND 14–16

9

Case No. 3:11-cv-05243-RS

### C. SanDisk's Actual And Implied License Affirmative Defense Fails As A Matter Of Law.

SanDisk also alleges that it is authorized to use Round Rock's patented technology based upon an actual or implied license, as set forth in SanDisk's affirmative defense no. 14. (Dkt. No. 92, SanDisk Reply ¶ 287.)

"Whether express or implied, a license is a contract 'governed by ordinary principles of state contract law.'" *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) (quoting *Power Lift, Inc. v. Weatherford Nipple–Up Sys., Inc.*, 871 F.2d 1082, 1085 (Fed. Cir. 1989)). An express license is simply a promise not to sue for infringement. *See U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1189 (Fed. Cir. 2005) ("A nonexclusive patent license is simply a promise not to sue for infringement."); *Spindelfabrik Suessen–Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987) ("[A] patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee."). Similarly, "[a]n implied license signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing, the patented invention." *Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir.), *opinion corrected in non-relevant part*, 275 F.3d 1344 (Fed. Cir. 2001). "Any language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license and a defense to an action for a tort." *Id.* (quoting *De Forest Radio Tel. Co. v. U.S.*, 273 U.S. 236, 241 (1927)).

SanDisk ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

SanDisk also alleges ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████

███████████████████████████████████

██████████████████████████████ Indeed, there is no legal basis for finding a license based upon statements other than the patentee itself, as SanDisk apparently relies upon here. *See, e.g.*, *Winbond Elecs.*, 262 F.3d at 1374 (noting that an implied license may arise from "language used ***by the owner of the patent***" (emphasis added) (quoting *De Forest Radio*, 273 U.S. at 241)).

Accordingly, because SanDisk fails to provide any factual or legal basis for its affirmative defense of actual or implied license, summary judgment should be entered against SanDisk on this defense. *See, e.g., Univ. of W. Va. Bd. of Trs.*, 278 F.3d at 1295.

## CONCLUSION

For the foregoing reasons, Round Rock respectfully requests that this Court enter summary judgment for Round Rock on SanDisk's patent exhaustion / first sale, equitable estoppel, and actual or implied license declaratory judgment claims and affirmative defenses (SanDisk's causes of action nos. 4–7 and 9–12 and affirmative defense nos. 12 and 14–16).

Dated: February 27, 2013              Respectfully submitted,

BLACK CHANG & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@bchllp.com
Andrew G. Hamill (SBN 251156)
ahamill@bchllp.com

DESMARAIS LLP
Jon T. Hohenthaner (admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
John C. Spaccarotella (admitted *pro hac vice*)
jspaccarotella@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com
Richard M. Cowell (admitted *pro hac vice*)
rcowell@desmaraisllp.com

By:   /s/ Bradford J. Black

*Attorneys for Defendant*
*Round Rock Research LLC*