CHUCK P. EBERTIN (SBN 161374)
  cebertin@velaw.com
VINSON & ELKINS LLP
1841 Page Mill Road, Suite 200-B
Palo Alto, CA  94304
Tel:  (650) 687-8200 / Fax: (650) 618-1970

CHRISTOPHER V. RYAN (*pro hac vice*)
  cryan@velaw.com
JANICE L. TA (*pro hac vice*)
  jta@velaw.com
VINSON & ELKINS LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746
Tel: (512) 542-8400 / Fax: (512) 542-8612

DAVID J. TOBIN (*pro hac vice*)
  dtobin@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  (214) 220-7949 / Fax: (214) 999-7949

Attorneys for Plaintiff and
Counterclaim Defendant
SANDISK CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| SANDISK CORPORATION,<br><br>           Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>           Defendant and Counterclaim Plaintiff. | Case No.  3:11-cv-05243-RS<br><br>**SANDISK'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Date:     July 25, 2013<br>Time:     1:30 p.m.<br>Judge:    Hon. Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2013 (or as soon thereafter as the Court's schedule permits), before The Honorable Richard G. Seeborg of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, plaintiff SanDisk Corporation ("SanDisk") will, and hereby does, move this Court for an order granting it leave to amend its Invalidity Contentions. This motion is based on this Notice of Motion and Motion, the Declaration of Chuck Ebertin in Support of SanDisk's Motion ("Ebertin Decl."), the pleadings and papers on file herein, any oral argument before the Court, and any other matters the Court may request or consider.

## I. INTRODUCTION

Pursuant to Patent L.R. 3-6, SanDisk respectfully submits this motion for leave to amend its Invalidity Contentions. Upon review of this Court's recent claim construction order, SanDisk has determined that three prior art references that were previously included in its Invalidity Contentions but not asserted against two of the patents in suit, as well as one prior art reference that was previously unknown to SanDisk, actually invalidate, either alone or in combination with other references, the asserted claims from those patents in suit. In addition, SanDisk has discovered a number of other prior art references that anticipate or render obvious many of the claims in the patents in suit. SanDisk promptly supplemented its response to an interrogatory regarding invalidity theories on May 30, 2013, with the references it now seeks to add. [Ebertin Decl., Ex. K.] In view of the Court's recent claim construction order and its entry of a trial date of August 2014, SanDisk respectfully requests that the Court grant its motion for leave to amend its Invalidity Contentions.

## II. BACKGROUND

SanDisk filed a declaratory judgment action against Round Rock Research LLC ("Round Rock") on October 27, 2011, seeking a declaration that eleven patents owned by Round Rock are not

---

**SanDisk's Motion for Leave to Amend Invalidity Contentions**
1931883

1

**Case No. 3:11-cv-05243-RS**

infringed by SanDisk and/or are invalid.[1] Round Rock subsequently counterclaimed for infringement of the same eleven patents. The asserted patents are generally directed to the operation and packaging of flash memory, and certain manufacturing processes used to fabricate controller chips.

Pursuant to Patent L.R. 3-1, Round Rock served its Disclosure of Asserted Claims and Infringement Contentions on May 4, 2012, asserting a total of sixty-one claims from the eleven patents. Pursuant to Patent L.R. 3-3 and 3-4, SanDisk served its Invalidity Contentions on June 15, 2012. After each party added an additional cause of action based on U.S. Patent Number 6,845,053 ("'053 patent"), Round Rock served an Amended Disclosure of Asserted Claims and Infringement Contentions on June 29, 2012, adding one claim from the '053 patent. SanDisk, in turn, served Supplemental Invalidity Contentions for the additional patent on July 27, 2012. Thus, at the time when Invalidity Contentions were initially served, SanDisk was tasked with locating and analyzing prior art for a total of twelve patents and sixty-two different claims.[2]

On May 7, 2013, this Court issued a claim construction order, construing a number of terms from seven of the patents at issue. Important to this motion were the constructions of claim terms for the '586 and '791 patents, both of which were adverse to SanDisk. The Court's constructions for the terms at issue in those patents were broader than the constructions proposed by SanDisk.

SanDisk now seeks to supplement its invalidity contentions with the following references:

- U.S. Patent No. 5,724,592 ("Garner"), which anticipates claim 30 of the '586 patent;
- U.S. Patent No. 5,572,707 ("Rozman"), which anticipates claim 30 of the '586 patent (and claim 24 of the '053 patent);
- U.S. Patent No. 6,091,663 ("Kim"), which anticipates claim 14 of the '791 patent, and renders obvious claims 1, 3, and 4 of the '791 patent by itself or in combination with either U.S. Patent Number 5,737,258 or U.S. Patent No. 6,266,282;

---

[1] SanDisk asserted that the following U.S. Patents are not infringed and/or invalid: U.S. Patent No. 5,682,345 ("'345 patent"), U.S. Patent No. 6,272,586 ("'586 patent"), U.S. Patent No. 6,570,791 ("'791 patent"), U.S. Patent No. 7,483,334 ("'334 patent"), U.S. Patent No. 6,383,839 ("'839 patent"), U.S. Patent No. 6,900,529 ("'528 patent"), U.S. Patent No. 7,021,520 ("'520 patent"), U.S. Patent No. 6,255,209 ("'209 patent"), U.S. Patent No. 5,783,282 ("'282 patent"), U.S. Patent No. 5,286,344 ("'344 patent"), and U.S. Patent No. 6,015,760 ("'760 patent").

[2] The parties subsequently stipulated to dismiss the '520 patent, '528 patent, and '282 patent from their respective causes of action. These stipulations dismissed twenty-nine claims from the case, still leaving thirty-three claims at issue in this case.

- U.S. Patent No. 6,324,602 ("Chen"), which anticipates claim 14 of the '791 patent, and renders obvious claims 1, 3, and 4 of the '791 patent by itself or in combination with either U.S. Patent Number 5,737,258 or U.S. Patent No. 6,266,282;

- Intel 28F016XS 16-MBIT (1 MBIT x 16, 2 MBIT x 8) Synchronous Flash Memory, which renders obvious claims 1, 3, 4, and 14 of the '791 patent either by itself or in combination with each of references combined with the Intel 28F016XD in Exhibit H to SanDisk Corporation's Patent Local Rule 3-3 and 3-4 Invalidity Contentions;

- Atmel AT45DB081 8-megabit 2.7-volt Only Serial DataFlash, which renders obvious claims 1, 3, 4, and 14 of the '791 patent either by itself or in combination with each of references combined with the Intel 28F016XD in Exhibit H to SanDisk Corporation's Patent Local Rule 3-3 and 3-4 Invalidity Contentions (served June 15, 2012);

- U.S. Patent No. 4,611,309 ("Chuang"), which anticipates claims 1, 24, and 39 of the '345 patent;

- U.S. Patent No. 4,716,552 ("Maltiel"), which anticipates claims 1, 24, and 39 of the '345 patent; and

- U.S. Patent No. 4,672,580 ("Yau"), which renders obvious claims 1, 24, and 39 of the '345 patent either by itself or in combination with the Maltiel and Chuang references.

[*See* Ebertin Decl., Ex. A-I.] Six of these references are entirely new—they do not appear in either SanDisk's Invalidity Contentions or Supplemental Invalidity Contentions. These references were either recently identified to SanDisk by SanDisk's expert or were discovered while searching for prior art in a parallel case between SanDisk and Round Rock involving different patents in the District of Delaware. The other three references, however, were cited in SanDisk's previous Invalidity Contentions. Garner was previously charted against the '053 patent in SanDisk's Invalidity Contentions. Kim and Chen were both cited as obviousness references in SanDisk's previously served invalidity contentions.

III. **LEGAL STANDARDS**

Patent L.R. 3-6 provides that "[a]mendment of . . . the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Two "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" are "[a] claim construction by the Court different from that proposed by the party seeking amendment," and "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6. The rules "'requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'"

*Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)).  In determining whether good cause to amend exists, the Court considers factors such as "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment."  *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C 04-03526 SI, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008)); *see also Positive Techs.*, 2013 WL 322556, at *2 (citing *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550 SI, 2007 WL 1454259, at *2-3 (N.D. Cal. May 17, 2007)).

## IV.  ARGUMENT

SanDisk has good cause to amend its Invalidity Contentions.  Trial is set in this case almost fourteen months from now, fact discovery does not close for almost another three months, and initial expert reports are not due for almost a month after discovery closes.  Round Rock cannot plausibly claim any prejudice from this proposed amendment of SanDisk's invalidity contentions.  In light of the Court's recent claim construction order, which issued only a few weeks ago, SanDisk seeks to assert three references that it previously disclosed in its Invalidity Contentions, as well as one new reference, against the '586 and '791 patents.  In addition, SanDisk seeks to add six references that were only recently discovered, despite prior diligent searches.

### A.  Round Rock will not be prejudiced by amendment of SanDisk's invalidity contentions.

As an initial matter, most of the references that SanDisk seeks to add are publicly available U.S. patents, so no fact discovery should be needed.  Furthermore, opening expert reports are not due until October 8, 2013, and expert discovery does not close until January 22, 2014.  Trial is not scheduled to start for almost another fourteen months.  Thus, there is plenty of time for Round Rock and its experts to consider these additional references.  *See Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. Jul. 1, 2008) ("Moreover, as noted above, HIS's amended contentions do *not* leave Golden Hour with little time to conduct discovery, as an additional three months remain in the fact discovery period.  As expert

discovery has not yet begun, Golden Hour's experts will have the opportunity to consider the amended contentions.") (emphasis in original); *Yodlee*, 2007 WL 1454259, at *3 ("Fourth and most importantly, Yodlee will not be substantially prejudiced by the proposed amendment. . . . CashEdge notified Yodlee of the new prior art more than two months before the fact discovery cutoff.").

Additionally, Round Rock has been on notice of the references that SanDisk seeks to add for quite some time. Three of the prior art references that SanDisk seeks to supplement its contentions with were previously disclosed in its Invalidity Contentions. The Kim and Chen references were cited as obviousness references in the original Invalidity Contentions, and the Garner reference was even charted as anticipatory of the '053 patent in the original Invalidity Contentions. Two of the prior art references, Rozman and Garner, were disclosed in invalidity contentions SanDisk served on Round Rock on April 19, 2013, in litigation pending in Delaware. Furthermore, SanDisk supplemented its response to Round Rock's interrogatory regarding SanDisk's invalidity theories on May 30, 2013, disclosing all of the references that it now seeks to add. Round Rock cannot claim that it has been blindsided by SanDisk's proposed amendment. There is no undue prejudice in allowing SanDisk to assert these references against additional patents. *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2012 WL 1901198, at *3 (N.D. Cal. May 24, 2012) (granting leave to amend when the defendant sought "only to revise its claim charts to provide invalidity contentions based on previously disclosed and charted prior art references"); *Oracle America, Inc. v. Google, Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *5 (N.D. Cal. Aug. 8, 2011) (allowing defendant to supplement with obviousness combinations based on prior art references that had previously been identified and charted as anticipating).

**B.   This Court's recent claim construction opinion provides good cause for supplementing SanDisk's Invalidity Contentions**

This Court's claim construction order, which was issued only a few weeks ago, provides good cause for SanDisk to amend its Invalidity Contentions. As discussed above, the Patent Local Rules identify "[a] claim construction by the Court different from that proposed by the party seeking amendment" as one circumstance that can show good cause for amendment. Patent L.R. 3-7(b). This Court made a number of claim construction rulings adverse to SanDisk, specifically with respect to the

'586 and '791 patents. The Court did not adopt any of the constructions proposed by SanDisk for claim terms appearing in these patents. In fact, the constructions adopted by the Court are much broader than those proposed by SanDisk. For example, SanDisk proposed a construction of "the number of bits that are simultaneously transmitted or received" for the claim term "a length of a communication data stream" in the '586 patent. [Dkt. No. 167 (Claims Construction Order at 19).] The Court, however, did not limit the claim to include the word "simultaneously." [*Id*.] With respect to the '791 patent, the Court declined to adopt SanDisk's proposed construction of the term "flash memory" to limit the term to flash memory employing a voltage-sensing technique. [*Id.* at 20.] The Court also did not adopt SanDisk's proposed construction for the term "detects a differential voltage from the array of non-volatile memory cells," which would have required both compared voltages to be "from the array." [*Id.* at 21.]

In light of the Court's broader constructions, SanDisk seeks to add three references that were previously disclosed in its Invalidity Contentions (Garner, Kim, and Chen), as well as one additional reference that was previously unknown (Rozman), as anticipating the '586 and '791 patents. Under SanDisk's proposed constructions, some of these references were not anticipatory prior art references. Now, however, the references either anticipate or render obvious claims asserted from the '586 and '791 patents. For example, the Kim and Chen references now anticipate claim 14 of the '791 patent because the construed claim term "flash memory" does not require voltage sensing.

SanDisk has been diligent in analyzing the prior art in light of the Court's claim construction opinion. The Court issued its claim construction opinion only a few weeks ago. Since that time, SanDisk has analyzed the prior art it previously asserted in light of the Court's claim construction order, as well as the references it has recently discovered, and determined that the addition of these references is necessitated by the Court's order. SanDisk supplemented its Invalidity Contentions in a supplemental interrogatory response that was provided to Round Rock on May 30, 2013, roughly three weeks after the Court issued its claim construction order. [Ebertin Decl. (Ex. K).] In light of the short period of time that has passed since the entry of the Court's opinion, SanDisk's motion for leave to amend its Invalidity Contentions should be granted. *See Positive Techs., Inc.*, 2013 WL 322556, at *3 (granting leave to amend invalidity contentions to add new art when defendant began searching for

new art in response to plaintiff's claim construction brief and the Court's claim construction opinion, made plaintiff aware of the new prior art less than two months after the claim construction opinion issued, and moved for leave to amend after plaintiff refused to stipulate to amendment).

### C. SanDisk has recently discovered three previously unidentified prior art references, despite prior diligent search.

In addition to the references that are now prior art in light of the Court's claim construction order, SanDisk has recently discovered six other references (Chuang, Maltiel, Yau, Rozman, Intel 28F016XS, and Atmel AT45DB081) that it seeks to add to its Invalidity Contentions.[3]  This Court's Patent Local Rules explicitly identify "[r]ecent discovery of material, prior art despite earlier diligent search" as one circumstance that may support a finding of good cause. In determining whether there is good cause, "the critical issue is whether or not [the moving party] exercised diligence in discovering the prior art." *Sunpower Corp. Sys v. Sunlink Corp.*, No. C-08-02807 SBA (EMC), 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009). Although SanDisk engaged in prior art searches previously, it has only recently discovered six of the references it seeks to add. Three of the references, Rozman, Intel 28F016XS and Atmel AT45DB081, were only discovered during a search for prior art in another case between SanDisk and Round Rock in the District of Delaware involving different patents. Three other references, Chuang, Maltiel, and Yau were only discovered when SanDisk's expert, who is familiar with the field through his extensive experience, pointed out the references.

SanDisk cannot be faulted for not discovering these additional prior art references in its previous searches.  When SanDisk initially filed its Invalidity Contentinons, there were twelve patents at issue with a total of sixty-two claims.  While the case has since been narrowed somewhat, the narrowing does not change the enormous task that SanDisk initially faced.  Despite this burden, SanDisk provided Invalidity Contentions identifying over fifty references for all of the patents and claims at issue.  In light of the "bone crushing burden of conducting a prior art search for more than fifty claims," SanDisk cannot be faulted for not discovering the prior art it seeks to add until

---

[3] As noted above, SanDisk contends that the Court's claim construction order provides good cause to assert Rozman as anticipatory of claim 30 of the '586 patent.  Because Rozman was also recently discovered, SanDisk seeks to assert it as anticipatory of claim 24 of the '053 patent.

1   recently.  *See Network Prot. Scis., LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013) (finding that the defendant showed good cause to amend invalidity contentions in part because of the large number of claims asserted by the plaintiff).  The fact that SanDisk did not uncover this prior art through previous searches does not demonstrate a lack of diligence.  *See Positive Techs.*, 2013 WL 322556, at *3 (rejecting plaintiff's argument that defendants had not been diligent because "defendants included similar . . . references in their original invalidity contentions, in a *Markman* tutorial slide, and in an expert declaration"); *Network Prot. Scis.*, 2013 WL 1949051, at *2 (finding the plaintiff's argument that the prior art should have been discovered previously due to the protracted litigation between the parties meritless because "[u]nsuccessful prior art searches, standing alone, do not demonstrate an absence of diligence.").

### D. SanDisk has been diligent in seeking leave to amend its Invalidity Contentions.

In addition to SanDisk's diligence in locating the prior art it now seeks to add, SanDisk has diligently sought leave to amend its Invalidity Contentions.  SanDisk promptly analyzed this Court's claim construction order (which issued only a little over a month ago), and now seeks to assert four references, three of which Round Rock has known of for over a year, as anticipatory of claims in the '586 and '791 patents in light of that order.  In addition, the other references that SanDisk seeks to add were only discovered recently.

The cases in which this Court has found that leave to amend was not diligently sought are not comparable.  For example, in *Oracle America, Inc. v. Google, Inc.*, this Court found that Google was not diligent in seeking leave to amend when it "waited several months after discovering most of its new defenses before it sought permission to move for leave to supplement its invalidity contentions." *Oracle America, Inc. v. Google, Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *2 (N.D. Cal. Aug. 8, 2011).  Even after permission to file a motion for leave to supplement its invalidity contentions, Google waited an additional two weeks to file its motion, and filed an amended version of its motion the next week.  *See also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 1992) (holding that the district court did not abuse its discretion in denying leave to amend infringement contentions when the patentee "waited almost

three months . . . to serve its proposed amended contentions and two more weeks to formally move to amend"). In contrast, SanDisk discovered six of the references at various points over the last few months, and determined that other previously disclosed references are important prior art references to additional patents in light of the Court's recent claim construction order. Thus, SanDisk has been diligent in seeking leave to amend. *See Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 WL 1288199, at *2 (N.D. Cal. Apr. 30, 2007) (finding that Defendants had shown diligence in seeking to amend invalidity contentions when they served amended contentions and filed a motion to amend one month after notifying plaintiff of their intent to amend and eight months after service of preliminary invalidity contentions).

### E. Other factors support granting leave to amend SanDisk's Invalidity Contentions.

This Court has also considered the materiality of the newly discovered art to the merits of the case. *Yodlee*, 2007 WL 1454259, at *2. Here, the Chuang, Maltiel, and Yau references collectively anticipate each asserted claim of the '345 patent. The Garner reference anticipates the asserted claim of the '586 patent, and the Rozman reference anticipates each asserted claim of the '586 and '053 patents. Further, the Kim and Chen references anticipate asserted claim 14 of the '791 patent. [*See generally* Ebertin Decl., Exh. J (SanDisk's supplemental invalidity claim charts).] Because of the clear materiality of the prior art references that SanDisk now seeks to add to its Invalidity Contentions, "it would be unjust for information so highly material to 'the merits to be avoided on the basis of such mere technicalities.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

This amendment is not being sought for gamesmanship. This Court's Patent Local Rules are "designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings . . . or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory." *Id.* (citing *O2 Micro*, 467 F.3d at 1365; *LG Elecs. Inc. v. Q-Lity Comp. Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)). Since SanDisk filed its Invalidity Contentions, the only substantive ruling this Court has issued is its claim construction opinion, and the Patent Local Rules explicitly recognize an adverse claim construction opinion as one circumstance that can support a finding of good cause. *See id.* at *2 (finding good cause to amend in part because the court had not issued a substantive ruling

between the time defendant filed its final invalidity contentions and defendant requested leave to amend, and the claim construction order was issued long before defendant filed its final contentions).

## V. CONCLUSION

This Court prefers to decide cases on the merits rather than on procedural grounds, and it should do the same in this case. *Golden Hour*, 2008 WL 2622794, at *4 ("In preference for deciding this case on its merits, rather than on procedural grounds, the Court GRANTS HSI's motion for leave to supplement its Preliminary Invalidity Contentions."). This Court's recent claim construction order has made clear that three previously asserted prior art references, as well as one previously unknown reference, anticipate claims of both the '586 and '791 patents. Furthermore, through diligent search and analysis, SanDisk has uncovered prior art that invalidates many of the other claims at issue in this case. SanDisk's amendment of its Invalidity Contentions will not prejudice Round Rock due to the stage of the case and the nature of the references that SanDisk seeks to add. Good cause thus exists for amendment of SanDisk's Invalidity Contentions. In light of SanDisk's showing of good cause, and in the interest of deciding this case on the merits rather than on procedural grounds, SanDisk respectfully requests that the Court grant its motion for leave to amend its Invalidity Contentions.

Dated: June 20, 2013

VINSON & ELKINS LLP

By: */s/ Chuck P. Ebertin*
Chuck P. Ebertin

Attorneys for Plaintiff and
Counterclaim Defendant
SanDisk Corporation

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2013, the foregoing document was filed with the Clerk of the U. S. District Court for the Northern District of California, using the court's electronic case filing system (ECF), in compliance with Civil L.R. 5-1. The ECF sends a Notice of Electronic Filing (NEF) to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that NEF as service of this document.

                                            Vinson & Elkins LLP

                                            */s/ Chuck P. Ebertin*
                                            Chuck P. Ebertin