1  CHUCK P. EBERTIN (SBN 161374)
     cebertin@velaw.com
2  VINSON & ELKINS LLP
   1841 Page Mill Road, Suite 200-B
3  Palo Alto, CA  94304
   Tel:  (650) 687-8200 / Fax: (650) 618-1970
4
   CHRISTOPHER V. RYAN (*pro hac vice*)
5    cryan@velaw.com
   EFREN GARCIA (*pro hac vice*)
6    egarcia@velaw.com
   JANICE L. TA (*pro hac vice*)
7    jta@velaw.com
   VINSON & ELKINS LLP
8  The Terrace 7
   2801 Via Fortuna, Suite 100
9  Austin, TX  78746
   Tel: (512) 542-8400 / Fax: (512) 542-8612
10
   DAVID J. TOBIN (*pro hac vice*)
11   dtobin@velaw.com
   VINSON & ELKINS LLP
12 2001 Ross Avenue, Suite 3700
   Dallas, TX  75201
13 Tel:  (214) 220-7949 / Fax: (214) 999-7949

14 Attorneys for Plaintiff and
   Counterclaim Defendant
15 SANDISK CORPORATION

16

17                **IN THE UNITED STATES DISTRICT COURT**

18                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19

20 SANDISK CORPORATION,                              Case No.  3:11-cv-05243-RS

21         Plaintiff and Counterclaim Defendant,     **SANDISK'S OPPOSITION TO
                                                     ROUND ROCK'S MOTION FOR
22      vs.                                          LEAVE TO AMEND ITS
                                                     INFRINGEMENT CONTENTIONS**
23 ROUND ROCK RESEARCH LLC,

24         Defendant and Counterclaim Plaintiff.     Date:      August 8, 2013
                                                     Time:      1:30 p.m.
25                                                   Judge:     Hon. Richard Seeborg

26

27                        **REDACTED VERSION**

28

---

**SanDisk's Opp. to Round Rock's Motion for**                    Case No. 3:11-cv-05243-RS
**Leave to Amend Infringement Contentions**
1980403

## I. INTRODUCTION

This Court should deny Round Rock's motion to amend its infringement contentions to add hundreds of new products to this case for U.S. Patent Nos. 6,570,791 ("the '791 patent) and 6,845,053 ("the '053 patent") based on purportedly "new" information it acquired during discovery. Round Rock's motion is not predicated upon either the issuance of the Court's claim construction or the recent introduction of new products by SanDisk. To the contrary, Round Rock has had the requisite documents to add these products to its infringement contentions as early as July 27, 2012, using the same claim construction Round Rock proffered in 2012. Round Rock's lack of diligence in seeking to amend its infringement contentions means that, by the time this Court decides this motion in August, there will be less than one month left until the close of fact discovery during which time SanDisk will have to collect and produce documents on hundreds of new products, not to mention identify and prepare witnesses to testify about those products. The magnitude of Round Rock's request combined with the impending discovery deadline, would add undue burdens and costs to SanDisk's discovery process at this late stage in the discovery process. Because Round Rock has failed to show diligence in supplementing its infringement contentions, and because SanDisk would be unduly prejudiced by Round Rock's dilatory request, SanDisk respectfully requests that the Court deny Round Rock's motion for leave to amend its infringement contentions.

## II. LEGAL STANDARD

The Patent Local Rules of the Northern District of California were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). Amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Good cause requires a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro*, 467 F.3d at 1366. If the moving party fails to demonstrate diligence, "the inquiry should end," but if the moving party can establish diligence, the court should consider whether the non-moving party "would suffer prejudice if the motion to amend

were granted." *Acer Inc. v. Tech. Props., Ltd.*, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (citations omitted).

**III. ARGUMENT**

    **A. Round Rock's Motion Should Be Denied Because Round Rock Was Not Diligent in Seeking to Amend Its Infringement Contentions.**

By the time this motion is decided, there will be less than one month left before the close of fact discovery on September 12, 2013. Round Rock nonetheless seeks to dramatically expand the scope of its infringement contentions by accusing hundreds of new products of infringing the '791 and '053 patents. [*See* Dkt. No. 66 at ¶ 3.] To justify its actions, Round Rock alleges that confidential information supporting its amendment was only recently disclosed. [*See* Dkt. No. 186 at 6.] The facts, however, fail to substantiate this claim. Indeed, the critical question in assessing diligence is not when the moving party discovered the new information, "but rather, whether [it] ***could have*** discovered it earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (emphasis added). As discussed below, it is clear that Round Rock had ample opportunity and the requisite documents to supplement its infringement contentions since at least July 27, 2012, but failed to do so in a timely manner.

        **1. With Respect to Round Rock's Theory of Infringement for the '791 Patent, Round Rock Had the Requisite Documents to Allege Infringement Since July 27, 2012.**

Round Rock's original infringement contentions for the '791 patent accused only SanDisk's iNAND products, but Round Rock now seeks to add several new product lines and hundreds of products that it alleges practice the dual data rate ("DDR") claim limitations of the '791 patent, in which data is sampled on both the rising and falling edges of a clock signal. In particular, Round Rock seeks to accuse the "DDR50" mode found in SanDisk's SD, microSD, microSDHC, and microSDXC product lines. [*See* Dkt. No. 187, *Packin Decl. Conf. Ex. A* at 29-30.] In addition, Round Rock seeks to accuse █████████████████████████████████████

████████████████████████████████████████████████████████████████

[*Id.*] As detailed below, Round Rock has been in possession of documents sufficient to raise these

| **SanDisk's Opp. to Round Rock's Motion for Leave to Amend Infringement Contentions** | 2 | **Case No. 11-cv-05243-RS** |
|---|---|---|

1980403

allegations of infringement against some of these products under its proposed theory of infringement as early as July 27, 2012, but has failed to act upon this information for nearly a year.[1]

- **SD Product Line:** Round Rock has been aware, or should have been aware since at least July 27, 2012, that SanDisk's SD product line has a DDR interface. For example, Round Rock cites to excerpts of the ▮▮▮▮▮▮ bearing production numbers SAN00009439-9652 as evidence that the newly-accused DDR50 functionality could be found in SanDisk's SD product line. [*See, e.g.*, Dkt. No. 187, *Packin Decl. Conf. Ex. C* at 8-10, 15-16, and 21; and *Conf. Ex. J*.] But as evidenced by the early production number, this document was diligently produced to Round Rock on July 27, 2012—nearly one year ago. [*See Ta Decl.* at ¶ 2 and *Ex. A*.] Additionally, in the same July 27, 2012, document production set, SanDisk also produced a document bearing production numbers SAN00001919-2093, entitled ▮▮▮▮▮▮ which references the accused DDR mode with respect to SanDisk's SD product family ▮▮▮▮▮▮ [*See Ta Decl.* at ¶ 3 and *Ex. B*].

- **MicroSD, MicroSDHC, MicroSDXC Product Lines**: Round Rock has been aware, or should have been aware since at least July 27, 2012, that SanDisk's microSD, microSDHC, and microSDXC product line have a DDR interface. For example, in the same July 27, 2012, document production set discussed above, SanDisk produced a document bearing production numbers SAN00001512-1566 showing that its microSD product line employs a controller that practices the newly-accused DDR50 functionality. [*See, e.g.*, *Ta Decl.* at ¶ 4 and *Ex. C*.]

---

[1] SanDisk notes that, in the past, Round Rock has had a very low bar for what it considers a sufficient Rule 11 investigation for purposes of alleging infringement. For example, with respect to the '344, '760, and '209 processing patents, Round Rock has absolutely no insight into the fabrication processes involved in manufacturing certain SanDisk semiconductor devices. Indeed, even SanDisk is not privy to these confidential processes because those processes are practiced by third-party manufacturers overseas. Round Rock, nevertheless, made infringement contentions out of thin air based on pure speculation. In contrast to those assertions, there was sufficient information for Round Rock to accuse the SD and microSD products of allegedly infringing the '791 and '053 patents based upon SanDisk's document production as of July 2012 and Round Rock's infringement theory, but Round Rock failed to do so in a timely manner.

1 • ██████████████████████████████████████████████████
2 ████████████████████████████████████ Round Rock relies on excerpts
3 from SAN00015503 as evidence that the ████████████████████████████
4 ████████████████████████████████ [*See, e.g.*, Dkt. 187, *Packin Decl. Ex. C* at
5 5, 6, 8, and 13.] Round Rock also relies on excerpts from SAN00022277 as evidence
6 that the ████████████████████████████ the same limitation. [*Id.* at 4, 6, 8, and
7 12.] These documents, however, were respectively produced to Round Rock on
8 October 3, 2012, and March 11, 2013—at least four months before Round Rock
9 sought leave to amend its infringement contentions. [*See Ta Decl.* at ¶¶ 4, 5 and
10 *Exs. D*, *E*.]

11 It is thus clear that Round Rock, using its theory of infringement, could have asserted its new
12 infringement contentions for the '791 patent based on documents produced to Round Rock from as
13 early as July 27, 2012. Because Round Rock was aware—or should have been aware—██
14 ████████████████████████████████████████████████████████████████████████
15 ████████████████ claim limitation of the '791 patent based on documents that it has had
16 for almost a year, the Court should deny Round Rock leave to amend its '791 patent infringement
17 contentions based upon a lack of diligence.

> **2. With Respect to Round Rock's Theory of Infringement for the '053 Patent, Round Rock Had the Requisite Documents to Allege Infringement Since at least October 3, 2012.**

20 Round Rock also sat on its rights with regard to the '053 patent infringement contentions.
21 For the '053 patent, Round Rock seeks to accuse not only the iNAND products of infringement, but
22 also SanDisk's products containing memories with an ████████████████████████
23 ████████████████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████ [*See* Dkt. No. 187, *Packin Decl.*
26 *Conf. Ex. B* at 42.] ██████████████████████████████████████████
27 ████████████████████████ were disclosed to Round Rock in the document
28 production dated March 11, 2013, yet Round Rock has waited nearly four months to assert

infringement.[2]  [*See, e.g., Ta Decl.* at ¶ 7-13 and *Exs. F-L.*]  However, document SAN00015503, which was produced five months earlier on October 3, 2012, provides sufficient detail with regard to ████████████████████████████████████████████████ ███████████████████ to support infringement contentions under Round Rock's theory of infringement.  [*See Ta Decl.* at ¶ 5 and *Ex. D*.]  Thus, Round Rock has had sufficient documents to amend its '053 patent infringement contentions since at least October 3, 2012, but failed to do so in a timely manner.

### 3. Round Rock Could Have Based Its Amended Infringement Contentions on Publicly Available Information, but Failed to Do So.

Round Rock has accused SanDisk's SD and microSD products of infringing several other patents in this case, including the '345, '586, '344, '282, '760, and '209 patents.  In order to do so, Round Rock must have had access to public documents or had the capability to reverse engineer those products.  Round Rock nonetheless has given no reason why it could not have conducted similar diligence with regard to the SD and microSD features it now accuses of infringing the '791 and '053 patents.  Indeed, it is no secret that SanDisk's SD and MicroSD products feature a dual data rate interface—a simple Google search reveals documents discussing this feature in the SD and MicroSD memory products.  [*See, e.g.*, *Ta Decl., Ex. M*, *also available at* http://www.toshiba.com/taec/news/press_releases/2010/memy_10_600.jsp (describing how the SD and microSD memories manufactured by Tohsiba have an HS mode with clock frequencies of 50MHz and 25MB per second and are "Compliant with DDR 50").]

In addition, Round Rock's amended infringement contentions now accuse SanDisk MP3 players and USB flash drives of infringing the '791 and '053 patents.  [*See* Dkt. No. 187, *Packin Decl. Conf. Ex. D* at 1, 11; *Ex. E* at 1, 3.]  Round Rock, however, has been aware of these products

---

[2] *See also Packin Decl., Conf. Ex. L* (listing the data sheets related to SanDisk 19-90nm generation memories produced to date).  In addition, the 19-90nm generation memories were discussed in SanDisk's Opposition to Round Rock's Motion for Summary Judgment on SanDisk's Patent Exhaustion / First Sale, Equitable Estoppel, and Actual or Implied License Defenses, which was filed on March 22, 2013.  [*See* Dkt. No. 132, at 14-20].  Round Rock's motion for summary judgment regarding SanDisk's patent exhaustion defense and SanDisk's two motions for summary judgment of invalidity are pending before the Court and awaiting a hearing date from the Court.

since at least August 2011, when its agent (IPValue) wrote a letter to SanDisk identifying SanDisk's "Sansa" MP3 players and USB flash drive products as "infringing." [*See* Dkt. No. 9-1.] Yet, Round Rock has not provided good cause as to why it has not sought to include these products in its infringement contentions until now. In short, Round Rock has had years to conduct a full investigation of public documents and publically released products to support the original letter that prompted this lawsuit, yet failed to allege infringement as to these products until now.

In an attempt to justify its late disclosure, Round Rock vaguely asserts that SanDisk somehow obstructed discovery or was otherwise responsible for Round Rock's delays in seeking discovery.[3] SanDisk, however, has complied with its discovery obligations and has been very cooperative, especially given the broad and expansive nature of Round Rock's discovery requests.[4] Round Rock cannot issue such overbroad requests and, at the same time, complain about the volume of SanDisk's production. Furthermore, to the extent that Round Rock believed SanDisk was impeding its ability to obtain critical information by failing to comply with discovery obligations, Round Rock should have promptly sought relief from the Court. *See Google, Inc. v. Netlist, Inc.*, Nos. 08-4144, 09-5718, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (denying motion for leave to amend infringement contentions because plaintiff should have sought assistance from the court if it believed defendant was obstructing discovery process). Finally, Round Rock's own decision to wait over a year before taking more depositions is not good cause for delaying to amend its infringement contentions. In short, had Round Rock acted with the requisite diligence, it could

---

[3] Ironically, Round Rock complains that SanDisk did not produce documents until July 2012. [Round Rock Mot. at 3:12-14.] Round Rock apparently forgot that Round Rock unsuccessfully fought personal jurisdiction in this matter for nearly five months before it filed its original counterclaims. [*See* Dkt. Nos. 60 (Order Denying Motion to Dismiss for Lack of Jurisdiction).] SanDisk produced its initial disclosures a mere two months after Round Rock filed its amended counterclaims in this action. [*See* Dkt. No. 90 (Round Rock's Counterclaims – filed May 17, 2012).]

[4] Round Rock has thus far served 84 document requests, the majority of which are extremely vague and overbroad. For example, Round Rock's Request for Production No. 38 requests "[a]ll documents, including strategic analyses, market assessments, specifications, data sheets, manuals, journals, drawings, diagrams, schematics, memoranda, notes, notebooks, tests, and evaluations, relating to the conception, design, development, operation, use, or performance of each Accused Instrumentality." Round Rock's Request for Production No. 62 requests "[a]ll documents relating to any business plan, strategic plan, budget, forecast, projection, financial plan, or management report relating to sales, anticipated sales, financial activity, or anticipated financial activity relating to each Accused Instrumentality." [*See Ta Decl.*, *Ex N.*]

have easily discovered the information it needed to supplement its infringement contentions, without unduly prejudicing SanDisk. *See Google*, 2010 WL 1838693, at *2. Because Round Rock neglected to act with requisite diligence and failed to carry its burden to show good cause, this Court should deny its motion for leave to amend its infringement contentions.

**B. Round Rock's Motion Must Be Denied Because Round Rock's Expanded Infringement Contentions Will Significantly and Prejudicially Increase the Scope of Discovery.**

As Round Rock has not demonstrated diligence in seeking leave to amend, "the inquiry should end."[5] Nonetheless, Round Rock's motion must also be denied because SanDisk would be greatly prejudiced by Round Rock's dilatory tactics if its motion were granted. In its motion, Round Rock contends that SanDisk somehow concedes that "amendments to the parties' contentions will pose no prejudice in view of the current case schedule." [Dkt. No. 186 at 2.] Round Rock, however, has taken SanDisk's statement out of context. Whereas Round Rock would suffer no prejudice from SanDisk's addition of nine document citations to its invalidity contentions, SanDisk would be severely prejudiced if Round Rock's amendments to its infringement contentions were permitted.

In contrast to the nine prior art references that SanDisk seeks to add to its invalidity contentions, Round Rock seeks to accuse hundreds of new products of infringing the '791 and '053 patents. These allegations will require a significant amount of additional discovery and testimony in terms of SanDisk's sales, marketing, finance, and technical product development—significantly increasing the cost and complexity of any remaining discovery of SanDisk. The database systems that SanDisk utilizes to track revenue, orders, and invoicing for SanDisk's products confirm that SanDisk has over 1,800 different product families that fall within the general product lines identified in Round Rock's new identification of accused products. [*See* Dkt. No. 66 at ¶ 3.] For instance, SanDisk tracks over 90 different product families within the iNAND product line, over 430 product

---

[5] *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [good cause] inquiry [under Federal Rule of Civil Procedure 16(b)] is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end."); *see also O2 Micro*, 467 F.3d at 1366-68 (concluding that if a party seeking to amend did not demonstrate diligence, there was "no need to consider the question of prejudice").

families within the USB Flash Drive product line, and over 220 different product families within the MicroSD product line. [*Id.*] Based on the addition of USB flash drive products alone, Round Rock's proposed amendment will add over 400 new products and potentially hundreds of new products from the SD, microSD, microSDHC, microSDXC, mp3 player, and gaming cartridge lines. As this Court recently noted in *Apple Inc. v. Samsung Electronics*, the production of new financial information for entirely new product lines does not involve merely a "push of a button," and the "[p]reparation of witnesses to testify as to . . . additional product[s] is not an insubstantial task." *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-CV-0630-LHK, slip op. at 31-32 (N.D. Cal. June 26, 2013). In that case, the Court denied Apple's motion to amend its infringement contentions when there was only "a matter of weeks" left before the close of fact discovery because the additional discovery sought—for only one product nonetheless—would not be minimal. *Id.* at 22, 29-33. As in the *Apple* case, there would only be a matter of weeks left before the close of discovery after the Court hears and subsequently decides this motion, but unlike Apple's request to add only one additional product, Round Rock now seeks to expand its contentions to cover hundreds of new products, dramatically expanding the scope of discovery.

Moreover, whereas SanDisk diligently amended its invalidity contentions mere weeks after the issuance of the Court's adverse claim constructions and after the discovery of new prior art, Round Rock has had the SD product line standard on which it bases its new infringement allegations since at least July 2012, but has waited for almost a year to allege infringement. Notably, Round Rock's supplemental infringement allegations are neither related to nor necessitated by the Court's claim construction. Although Round Rock contends that SanDisk will not be prejudiced because features such as DDR50 and products such as SanDisk's microSD products are already implicated in this action, this argument discounts the significant amount of discovery that will still need to be conducted in terms of marketing and financial data for the hundreds of new products. The production of this information is not an insubstantial task.

Finally, this Court should deny Round Rock's motion to amend its infringement contentions based upon Round Rock's bad faith in litigating this action. In particular, with respect to the '053 and '791 patents, Round Rock's new infringement allegations directly contradict Round Rock's

previous assertion that SanDisk <u>failed</u> to put forward evidence that the accused SanDisk memories substantially embody the patent claims. [*See* Dkt. No. 146 (Reply In Support of Its Motion for Summary Judgment on SanDisk's Patent Exhaustion / First Sale, Equitable Estoppel, and Actual or Implied License Claims and Affirmative Defenses at 9).] Round Rock made that argument, in direct contradiction to Round Rock's new infringement contentions, in an effort to convince the Court that summary judgment of no exhaustion should be granted as there was "no evidence" that SanDisk's memories practiced the asserted claims of the '053 and '791 patents. Round Rock, however, now concedes that the very same evidence SanDisk raised in its opposition to Round Rock's motion demonstrates that the memories themselves practice the asserted claims of the '053 and '791 patents. Because Round Rock acted in bad faith in connection with its summary judgment motion, and now argues to the Court that the evidence shows that the memories themselves substantially embody the claims of the '791 and '053 patents, the Court should not only deny Round Rock's summary judgment motion on exhaustion, but also Round Rock's motion to amend in view of its bad faith litigation tactics.

## IV. CONCLUSION

In summary, this Court should not condone Round Rock's dilatory tactics. Round Rock has had the requisite documents to amend its infringement contentions, in some cases, since at least July 27, 2012, but neglected to do so. Because Round Rock's motion would add hundreds of new products and dramatically and prejudicially expand the scope of this case less than a month before the close of fact discovery, SanDisk respectfully requests that the Court deny Round Rock's motion to amend its infringement contentions.

Dated: July 17, 2013

                VINSON & ELKINS LLP

By:   */s/ Chuck P. Ebertin*
       Chuck P. Ebertin

       Attorneys for Plaintiff and
       Counterclaim Defendant
       SanDisk Corporation

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 17, 2013, the foregoing document was filed with the Clerk of the U. S. District Court for the Northern District of California, using the court's electronic case filing system (ECF), in compliance with Civil L.R. 5-1. The ECF sends a Notice of Electronic Filing (NEF) to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that NEF as service of this document.

        Vinson & Elkins LLP

        */s/ Chuck P. Ebertin*
        Chuck P. Ebertin