IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff,<br>v.<br>ROUND ROCK RESEARCH, LLC<br><br>    Defendant.<br>_____ / | No. C 11-5243 RS<br><br>**ORDER GRANTING SANDISK'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS, AND ROUND ROCK'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND INFRINGEMENT CONTENTIONS** |

Pursuant to Civil Local Rule 7-1(b), the motion of SanDisk Corporation for leave to amend its invalidity contentions, and the motion of Round Rock Research, LLC for leave to amend its counterclaims and infringement contentions are suitable for disposition without oral argument, and the hearing set for August 8, 2013 is vacated. Both motions, and the associated sealing motions (Dkts. No. 185, 188, 194, and 199) are granted.

These motions were both filed some months prior to the scheduled close of discovery and more than a year before the trial date. While that fact would not be dispositive of either motion if some other factor strongly weighed against allowing the proposed amendments, when combined with the strong policy for deciding cases on the merits, it provides a solid basis for the relief each side is requesting, and undermines the opposition each has filed to the other's motion.

SanDisk's motion seeks leave to assert three previously identified prior art references against additional claims, and six entirely new prior art references. SanDisk contends that either three or four of these amendments flow directly from the recently-issued claims construction order and that

the remainder represent prior art that was only recently discovered, notwithstanding its prior diligence. Round Rock contends the proposed amendments were not made necessary by the issuance of the claim construction order, and that SanDisk has not sufficiently established its diligence in uncovering and asserting the new references.

Patent Local Rule 3-6 provides that "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." As explained in *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006):

> The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.

*Id.* at 1365-66.

Here, the record does not demonstrate the kind of "shifting sands" in legal theories or the lack of diligence the rules were designed to prevent. In light of the large number of patents and claims presented in this litigation, the modest number and types of additional references SanDisk now seeks to add, its explanations as to why the references were not presented previously is adequate, even assuming there is less than perfect overlap between any of the amendments and consequences that flowed from the claims construction order. Particularly at this stage in the litigation schedule, allowing the amendments is appropriate.

Although the burdens that may flow from granting each of the two motions may not be identical, the considerations applicable to Round Rock's motion for leave to amend both its counterclaims and its infringement contentions are similar.[1] Moreover, as Round Rock points out, its motion is initially governed by the liberal standard of Rule 15 of the Federal Rules of Civil

---

[1] Round Rock refers to its infringement contentions as "preliminary." In recognition of the principle that contentions are not to be amended without good cause, the Local Patent Rules no longer provide for "preliminary" contentions.

Procedure with respect to when amendment of *claims* may be allowed. While Round Rock also seeks to amend its infringement contentions as a consequence of amending its claims, the issue is not whether it should be permitted to change or add infringement theories, but whether it should be allowed to expand the scope of the litigation to include additional accused products. Again, even if there is room for disagreement as to how diligent Round Rock was, at this juncture in the schedule, permitting the amendment of the counterclaims is warranted under Rule 15, with the result that there is good cause for amending the infringement contentions as well.

IT IS SO ORDERED.

Dated: 8/6/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE