CHUCK P. EBERTIN (SBN 161374)
  cebertin@velaw.com
VINSON & ELKINS LLP
1841 Page Mill Road, Suite 200-B
Palo Alto, CA  94304
Tel:  (650) 687-8200
Fax: (650) 618-1970

CHRISTOPHER V. RYAN (*pro hac vice*)
  cryan@velaw.com
EFREN GARCIA (*pro hac vice*)
  egarcia@velaw.com
JANICE L. TA (*pro hac vice*)
  jta@velaw.com
VINSON & ELKINS LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746
Tel: (512) 542-8400 / Fax: (512) 542-8612

DAVID J. TOBIN (*pro hac vice*)
  dtobin@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  (214) 220-7949 / Fax (214) 999-7949

Attorneys for Plaintiff and
Counterclaim Defendant
SANDISK CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| SANDISK CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>    Defendant and Counterclaim Plaintiff. | Case No.  3:11-cv-05243-RS<br><br>**SANDISK CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY TO ROUND ROCK'S MOTION FOR SUMMARY JUDGMENT ON SANDISK'S PATENT EXHAUSTION / FIRST SALE, EQUITABLE ESTOPPEL, AND ACTUAL OR IMPLIED LICENSE CLAIMS AND AFFIRMATIVE DEFENSES** |

Pursuant to L.R. 7-11, SanDisk Corporation hereby submits this administrative motion for leave to file a surreply to Round Rock's Motion for Summary Judgment on SanDisk's Patent Exhaustion / First Sale, Equitable Estoppel, and Actual or Implied License Claims and Affirmative Defenses [Dkt. 123].

**ARGUMENT**

Round Rock filed a Motion for Summary Judgment on SanDisk's Patent Exhaustion / First Sale, Equitable Estoppel, and Actual or Implied License Claims and Affirmative Defenses ("Motion for Summary Judgment"), arguing that SanDisk is not entitled to an exhaustion defense as a matter of law because the accused memories do not substantially embody the asserted patent claims. Round Rock filed its reply on April 4, 2013. Since filing its reply, Round Rock sought and obtained leave of the Court to amend its infringement contentions, relying on the evidence that SanDisk identified in its opposition to Round Rock's Motion for Summary Judgment. These amended infringement contentions directly contradict Round Rock's argument that the memories at issue do not substantially embody the asserted patent claims.

SanDisk believes that a brief surreply is warranted by Round Rock's inconsistent positions taken in its Motion for Summary Judgment and its amended infringement contentions. In order to demonstrate that a genuine issue of material fact exists, SanDisk must "cit[e] to particular parts of material in the record." FED. R. CIV. P. 56(c)(1)(A). Round Rock's amended infringement contentions are highly relevant to whether a genuine issue of material fact exists—in fact, they are dispositive. As explained in the attached surreply [Ex. A to Declaration of Efren Garcia in Support of SanDisk's Administrative Motion for Leave to File Surreply, executed Aug. 15, 2013], Round Rock's reliance on the evidence SanDisk cited in its response in Round Rock's amended infringement contentions is wholly inconsistent with Round Rock's argument that the accused memories do not substantially embody the asserted patent claims. Because SanDisk could not have raised this issue in its opposition to Round Rock's Motion for Summary Judgment—indeed, Round Rock did not even request leave to amend its infringement contentions until July 3, 2013, almost two months after filing its reply in support of its Motion for Summary Judgment—and because the Court's analysis would be aided by the information contained in the surreply, SanDisk respectfully

requests that the Court grant it leave to file a surreply to Round Rock's Motion for Summary Judgment [Dkt. No. 123], which surreply is attached as Exhibit A to the Declaration of Efren Garcia in Support of SanDisk's Administrative Motion for Leave to File Surreply.  *See Genentech, Inc. v. Trustees of the Univ. of Pa.*, No. 10-cv-02037-LHK, 2011 WL 1936136, at *1, n.2 (N.D. Cal. May 20, 2011) ("The Court has reviewed the sur-reply . . . the sur-reply contains statements and admissions helpful to the analysis here.  As a result, the Court GRANTS U Penn's request for leave to file the sur-reply").

## CONCLUSION

For the reasons set forth above, SanDisk respectfully requests that the Court grant SanDisk's Administrative Motion for Leave to File a Surreply.

Dated:  August 19, 2013

VINSON & ELKINS LLP

By: */s/ Chuck P. Ebertin*
Chuck P. Ebertin

Attorneys for Plaintiff and Counterclaim
Defendant, SANDISK CORPORATION

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 19, 2013, the foregoing document was filed with the Clerk of the U. S. District Court for the Northern District of California, using the court's electronic case filing system (ECF), in compliance with Civil L.R. 5-1.  The ECF sends a Notice of Electronic Filing (NEF) to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that NEF as service of this document.

Vinson & Elkins LLP

*/s/ Chuck P. Ebertin*
Chuck P. Ebertin