United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DISK CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>  Defendant. | Case No.: 11-5243 RS (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL (Dkt. No. 246)** |

Now pending before the Court is Plaintiff's Administrative Motion to File Under Seal portions of its also pending Motion to Compel (Dkt. No. 247) and certain exhibits submitted therewith. (Dkt. No. 246.) Plaintiff seeks to file the documents under seal because Defendant designated the documents as highly confidential pursuant to the stipulated protective order governing this action. The motion to seal is granted in part and denied in part as set forth below.

In accordance with Local Rule 79-5(e)(1), Defendant, as the party asserting that the documents are confidential, submitted a declaration in support of Plaintiff's motion to seal. (Dkt. No. 249.) A request for sealing must be "narrowly tailored" and establish that the "document, or portions thereof, are privileged, protectable as trade secret or otherwise entitled

to protection under the law." L. R. 79-5(b). Defendant contends that 19 of the exhibits submitted with the motion to compel and portions of the motion to compel contain highly confidential information, and thus, should be filed under seal. The Court finds that Defendant has established good cause for sealing Exhibits 1, 6, 11, 12, 13, 14, 15, 16, 19, 20, and 21. The motion is therefore granted with respect to these exhibits.

Defendant's request to seal the remaining exhibits and portions of the motion to compel is not narrowly tailored to only seek sealing of protectable material. For example, Defendant has not shown good cause to seal references to "business plan," "profit and loss statements," or "P&L Projections" in the motion to compel. The contents of these documents may contain confidential information, but the fact that they exist is not confidential. With respect to the documents themselves, although portions of the deposition of Mr. deBlasi (Exhibit 3) may be confidential, the fact that Round Rock is a Delaware Corporation, that Mr. deBlasi is the CEO, and the identity of the other executives is not confidential information. Likewise, portions of the deposition of Mr. Demarais (Exhibit 5) may be confidential, but Plaintiff has not established good cause for sealing information regarding his position as Chairman of the Board with Round Rock or similar information. With respect to the emails (Exhibits 7, 8 & 9), although portions of the emails may be confidential, the header and scheduling or logistical information within the emails is not. The privilege logs (Exhibits 10, 17 & 18) should not contain confidential information as a privilege log by its very purpose seeks to shield confidential information from disclosure and only contains that information which is necessary to show that the underlying documents are privileged.

Accordingly, the administrative motion to seal is GRANTED IN PART and DENIED IN PART. Within 7 days of this Order, Defendant may refile a declaration in accordance with Rule 79-5 that is narrowly tailored to only seek sealing of protectable material.

**IT IS SO ORDERED.**

Dated: December 13, 2013

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE