1  CHUCK P. EBERTIN (SBN 161374)
      cebertin@velaw.com
2  VINSON & ELKINS LLP
   1841 Page Mill Road, Suite 200-B
3  Palo Alto, CA  94304
   Tel:  (650) 687-8200 / Fax: (650) 618-1970
4
   CHRISTOPHER V. RYAN (*pro hac vice*)
5      cryan@velaw.com
   EFREN GARCIA (*pro hac vice*)
6      egarcia@velaw.com
   JANICE L. TA (*pro hac vice*)
7      jta@velaw.com
   VINSON & ELKINS LLP
8  The Terrace 7
   2801 Via Fortuna, Suite 100
9  Austin, TX  78746
   Tel: (512) 542-8400 / Fax: (512) 542-8612
10
   DAVID J. TOBIN (*pro hac vice*)
11     dtobin@velaw.com
   VINSON & ELKINS LLP
12 2001 Ross Avenue, Suite 3700
   Dallas, TX  75201
13 Tel:  (214) 220-7949 / Fax (214) 999-7949

14 Attorneys for Plaintiff and Counterclaim
      Defendant SANDISK CORPORATION
15

16           UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA

18                 SAN FRANCISCO

19

20 SANDISK CORPORATION,                        Case No.  3:11-cv-05243-RS

21         Plaintiff and Counterclaim Defendant,   **SANDISK'S NOTICE OF MOTION,
                                                   MOTION, AND MEMORANDUM IN
22         vs.                                     SUPPORT OF ITS MOTION TO
                                                   STRIKE PORTIONS OF ROUND
23 ROUND ROCK RESEARCH LLC,                        ROCK'S EXPERT REPORTS**

24         Defendant and Counterclaim Plaintiff.
                                                   Date:      February 13, 2014
25                                                 Time:      1:30 p.m.
                                                   Judge:     Hon. Richard Seeborg
26

27              **REDACTED PUBLIC VERSION**

28

*SanDisk's Motion to Strike Portions of
Round Rock's Expert Reports*                              **Case No. 11-cv-05243 RS**
2216619

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................. 1

      A.    By Adding New Products, Round Rock's Experts Magnify By 3300-Fold the
            Royalty Base for the '345 Patent ..................................................................... 2

      B.    Round Rock's Experts Add New Products for the '053 Patent ......................... 3

      C.    Round Rock's Experts Introduce Indirect Infringement Theories For Each of
            the Patents ......................................................................................................... 4

II.   ARGUMENT ................................................................................................................. 4

      A.    Legal Background .............................................................................................. 4

            1.    The Patent Local Rules require a specific identification of accused
                  products, and the remedy for non-compliance includes striking expert
                  reports. ..................................................................................................... 5

            2.    The Patent Local Rules do not allow for boilerplate allegations of
                  indirect infringement. ............................................................................. 5

      B.    Portions of the Zeidman and Wagner Reports Should Be Stricken For
            Accusing Products That Were Not Identified In the '345 Patent Infringement
            Contentions ...................................................................................................... 6

            1.    Round Rock's '345 Patent infringement contentions identify only
                  those products compliant with the mDOC H3 datasheet. ........................ 6

            2.    Round Rock's experts accuse products that are not compliant with the
                  mDOC datasheet. ..................................................................................... 7

            3.    Round Rock's addition of accused products in its expert reports is
                  inexcusable. ............................................................................................. 8

      C.    Portions of the Zeidman and Wagner Reports Should Be Stricken For
            Accusing Products That Were Not Identified In the '053 Patent Infringement
            Contentions ...................................................................................................... 10

            1.    Round Rock's experts accuse unidentified products of infringing the
                  '053 patent. ............................................................................................. 10

            2.    Round Rock's delay in accusing products is inexcusable. ...................... 11

      D.    Portions of the Zeidman and Afromowitz Reports Should Be Stricken For
            Describing Indirect Infringement Theories for the '345, '053, '791, and '839
            Patents ............................................................................................................... 12

            1.    Round Rock's infringement contentions provided boilerplate
                  assertions of inducement and contributory infringement. ...................... 12

2.    Round Rock's experts describe indirect infringement theories for the
            first time. .................................................................................................... 14

3.    Round Rock's disclosure of its theories for the first time in expert
            reports is inexcusable. ............................................................................... 15

III.    CONCLUSION ....................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bender v. Maxim Integrated Prods., Inc.*,
   No. C 09-01152 SI, 2010 WL 2991257 (N.D. Cal. July 29, 2010) ........................................ 6, 8, 14

*Creagri, Inc. v. Pinnacle Life, Inc.*,
   No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) .................................. 14

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
   No. 12-cv-04967 WHA (NC), 2013 WL 1878912 (N.D. Cal. May 3, 2013) ....................... 5, 6, 14

*Infineon Techs. AG v. Volterra Semiconductor Cop.*,
   No. C 11-6239 MMC (DMR), 2012 WL 6184394 (N.D. Cal. Dec. 11, 2012) ........................... 5, 8

*Mediatek, Inc. v. Freescale Semiconductor, Inc.*,
   No. 11-5341 YGR (JSC), 2013 WL 588760 (N.D. Cal. Feb. 13, 2013)................................ *passim*

*Monolithic Power Sys. v. O2 Micro Int'l Ltd.*,
   No. C 08-04567 CW, 2009 WL 3353306 (N.D. Cal. Oct. 16, 2009) ................................. 5, 10, 12

*Oracle Am. v. Google Inc.*,
   No. C 10–03561 WHA, 2011 WL 4479305 (N.D. Cal. Sep. 26, 2011) ........................... 2, 5, 8, 12

**Other Authorities**

35 U.S.C. § 271 ........................................................................................................................ 13

**Rules**

Patent L.R. 3-1 ....................................................................................................................... 5, 6

Patent L.R. 3-1(c) ................................................................................................................... 6, 7

Patent L.R. 3-1(d) .................................................................................................................... 12

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 13, 2014 (or as soon thereafter as the Court's schedule permits), before The Honorable Richard G. Seeborg of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, plaintiff SanDisk Corporation ("SanDisk") will, and hereby does, move for an Order striking portions of the opening reports of the expert witnesses hired by defendant Round Rock Research LLC ("Round Rock"), including the technical expert report of Bob Zeidman ("Zeidman Report," Ex. 1), the damages expert report of Michael Wagner ("Wagner Report," Ex. 2), and the technical expert report of Martin Afromowitz ("Afromowitz Report," Ex. 3).  This motion is based on this Notice of Motion and Motion, the following memorandum, the Declaration of Chuck Ebertin ("Ebertin Decl."),[1] the pleadings and papers on file herein, any oral argument before the Court, and any other matters the Court may request or consider.

## I.    INTRODUCTION

During fact discovery in this case, Round Rock served three iterations of infringement contentions in which it accused certain SanDisk products of infringement and made boilerplate assertions about indirect infringement.  SanDisk relied upon Round Rock's infringement contentions to guide it through discovery, because the duty to provide infringement contentions required Round Rock "to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed."  *See Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR (JSC), 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) (Corley, M.J.).  Infringement contentions were crucial to SanDisk focusing its case preparation, given that Round Rock's contentions asserted infringement of twelve patents, which now have been whittled down to seven.[2]

---

[1] The exhibits cited herein refer to those attached to the Declaration of Chuck Ebertin.

[2] Round Rock has dismissed five patents with prejudice.  [*See* Dkt. No. 101 (July 19, 2013, dropping two patents), Dkt. No. 114 (Dec. 13, 2012, dropping one patent), Dkt. No. 251 (Dec. 4, 2013, dropping two patents).]  SanDisk expects Round Rock to drop an additional three patents relating to fabrication of semiconductor devices, because Zeidman and Afromowitz offered no opinions concerning infringement of those patents and Wagner did not consider those patents in his damages calculations.

After the close of fact discovery though, Round Rock identified in its expert reports new accused products that had not been identified in any of its infringement contentions and described alleged acts of indirect infringement that had never been disclosed in its three versions of infringement contentions.  Infringement contentions must fully and specifically disclose the accused products and a patentee's theories of infringement, and the patentee cannot introduce new matter for the first time in its expert reports.  *See Oracle Am. v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sep. 26, 2011) (striking expert report reports as to products that "were not among the products specifically identified in Oracle's disclosure of accused products, Oracle may not now accuse them of infringement").  Accordingly, SanDisk respectfully requests that the Court strike those portions of Round Rock's expert reports that relate to accused products and alleged acts of indirect infringement that were not specifically disclosed in its infringement contentions.

### A.  By Adding New Products, Round Rock's Experts Magnify By 3300-Fold the Royalty Base for the '345 Patent

The portions of the Zeidman and Wagner Reports that concern products accused of infringing U.S. Pat. No. 5,682,345 ("the '345 patent") *other than* SanDisk's mDOC product line should be stricken because those products were not properly disclosed in Round Rock's infringement contentions.  Round Rock's infringement contentions for the '345 patent specifically accused "SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 Nov. 2007) & 1.3 (May 2008)"; identified several specific stock keeping units ("SKUs"), all associated with the mDOC product line, as examples of products that comply with the mDOC H3 datasheet; and included a single "claim chart [that] applies to SanDisk products that comply with the mDOC H3 datasheet."  [Ex. 4 (Am. Infringement Contentions, dated June 29, 2012) at 3:7–16 & Ex. B.]  Accordingly, Round Rock led SanDisk to believe that the scope of the '345 patent case was limited to "SanDisk products that comply with the mDOC H3 datasheet."

Nonetheless, Round Rock's experts now assert infringement of entirely separate SanDisk product lines (including iNAND, SD cards, and microSD cards), even though none of these product lines comply with the mDOC H3 datasheet.  [*See* Ex. 1 (Zeidman Report) at 42 ¶ 111; *see also* Ex. 2 (Wagner Report) at 130 ¶ 441.]

Round Rock's delay in accusing these products until this late date is inexcusable, because Round Rock received discovery relating to these products in July 2012—almost one year before Round Rock served its third set of infringement contentions [*See* Dkt. No. 186 (Mot. for Leave to Am. Infringement Contentions, filed July 3, 2013)] and more than 17 months before Round Rock served expert reports.  Indeed, Round Rock's experts rely on these very documents to support their new opinions.  By accusing products not identified in the infringement contentions—those that do not comply with the mDOC H3 datasheet—Round Rock's experts explode the scope of the '345 patent case ██████████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

[Ex. 2 at Schedule 12.0 (excerpted).]

**B.      Round Rock's Experts Add New Products for the '053 Patent**

The portions of the Zeidman and Wagner Reports that relate to alleged infringement of U.S. Pat. No. 6,845,053 ("the '053 patent") by SanDisk products whose SKUs begin with SDIN7 or SDIN8 should be stricken because those products were not disclosed in Round Rock's infringement contentions.  Round Rock's experts assert infringement of the '053 patent against products whose SKU begins with the prefix SDIN7 and SDIN8 based on documents SanDisk produced in November 2012.  [*See* Ex. 1 (Zeidman Report) at 37–38 ¶ 102, 44 ¶ 116 (referring to "SDIN7XX" and "SDIN8XX").]   Indeed, in July 2013, Round Rock sought leave to amend its infringement contentions for the '053 patent to add other products [*see* Dkt. No. 186], but chose not to identify

any SDIN7XX or SDIN8XX products in its amended contentions. Round Rock's accusation of these products for the first time in its expert reports is inexcusable.

### C.   Round Rock's Experts Introduce Indirect Infringement Theories For Each of the Patents

The portions of the Zeidman and Afromowitz Reports that describe alleged acts of indirect infringement of the '345 and '053 patents, and U.S. Pat. Nos. 6,570,791 ("the '791 patent") and 6,383,839 ("the '839 Patent") should be stricken because Round Rock's infringement contentions did not disclose any such acts. Round Rock's infringement contentions provided boilerplate recitations of inducement and contributory infringement theories, as opposed to the particular allegations required by Patent Local Rule 3-1(d). SanDisk complained multiple times to Round Rock about the lack of particularized allegations, to no avail. Instead, Round Rock chose to wait until its expert reports to disclose for the first time any specific allegations of indirect infringement. [*See* Ex. 1 § IV.H.2; Ex. 3. § IV.E.4.] Round Rock's failure to provide its indirect infringement theories during fact discovery is inexcusable because Round Rock had SanDisk's sales data long before fact discovery closed.

## II.   ARGUMENT

### A.   Legal Background

"The overriding principle of the Patent Local Rules is that they are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *See Mediatek*, 2013 WL 588760, at *1 (internal citations and quotations omitted). The Patent Local Rules are not optional, but instead require that infringement contentions "shall contain the following information:"

(b)   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. ***This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known.*** Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)   *A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality* . . . .

(d)   For each claim which is alleged to have been indirectly infringed, ***an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.*** Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

Patent L.R. 3-1 (emphasis added).

### 1.   The Patent Local Rules require a specific identification of accused products, and the remedy for non-compliance includes striking expert reports.

This Court has interpreted Patent Local Rule 3-1 to require a "*specific* identification of particular accused products." *Mediatek*, 2013 WL 588760 at *1 (emphasis in original) (quoting *Oracle Am. v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sep. 26, 2011)). Patent Local Rule 3-1 "does 'not tolerate broad categorical identifications' or 'the use of mere representative examples.'" *Id.* at *1 (quoting *Infineon Techs. AG v. Volterra Semiconductor Cop.*, No. C 11-6239 MMC (DMR), 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012)). "Representative examples may be a useful tool for proving an infringement case at trial, but a full list of accused products must be disclosed as part of a party's infringement contentions." *Oracle*, 2011 WL 4479305, at *2.

When an expert report accuses products that were not specifically identified in infringement contentions, the remedy is to strike those newly added products from the expert report. *See id.* at *3 (granting a motion to strike portions of an expert report accusing products that "were not among the products specifically identified" in the infringement contentions; *Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, No. C 08-04567 CW, 2009 WL 3353306, at *3 (N.D. Cal. Oct. 16, 2009) (same).

### 2.   The Patent Local Rules do not allow for boilerplate allegations of indirect infringement.

Neither "[b]oilerplate language of indirect infringement [nor a] bare-boned recitation of the essential elements of a claim for indirect infringement" satisfy Patent Local Rule 3-1(d); rather, "Rule 3-1(d) requires facts." *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA (NC), 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013). In particular, Patent Local Rule 3-1(d) requires "a *description of the acts* of the alleged indirect infringer [and] the role of each party

must be *described*." *Id.* (emphasis in original); *see also Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 2991257, at *4 (N.D. Cal. July 29, 2010) (requiring the plaintiff to "identify how any third party was engaging in acts of direct infringement and how [the defendant] was allegedly contributing to that direct infringement.")

**B.** **Portions of the Zeidman and Wagner Reports Should Be Stricken For Accusing Products That Were Not Identified In the '345 Patent Infringement Contentions**

1. Round Rock's '345 Patent infringement contentions identify only those products compliant with the mDOC H3 datasheet.

Round Rock failed to comply with Patent Local Rule 3-1(b) and (c) by accusing products in its expert reports that were not disclosed in the infringement contentions.  On May 4, 2012, Round Rock served its initial infringement contentions, which accused "SanDisk microSD memory cards and iNAND eMMC EFDs" as infringing the '345 Patent.  [*See* Ex. 5 (Orig. Infringement Contentions, dated 5/4/2012).]  Notably, the accompanying charts only included an analysis of "SanDisk's mDOC H3 Embedded Flash Drive," which was performed by mapping the '345 Patent claims against the "SanDisk mDOC H3 Embedded Flash Drive, Data Sheet Rev 1.2, Nov. 2007." *See* Patent L.R. 3-1(c) (requiring a "chart identifying specifically where each limitation of each asserted claim is found within ***each*** Accused Instrumentality" (emphasis added)).

Round Rock subsequently amended its infringement contentions, clarifying that Round Rock was asserting infringement of the '345 Patent only against those products that comply with the mDOC H3 datasheet:

> ***SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008)***, such as microSD memory cards and mDOC H3 embedded flash drives ("EFDs"), including without limitation model numbers MDxx-xx and SDEDx-x, such as MD2534-d1GX-P, MD2534-d1G-X-P/Y, MD2534-d2G-X-P, MD2534-d2G-X-P/Y, SDED7-256M-N9T, SDED7-256M-N9Y, SDED7-512M-NAT, SDED7-512M-NAY, SDED7-001GNT, SDED7-002G-NT, MD2533-d8G-X-P, MD2533-d8GX-P/Y, SDED5-001G-NAT, SDED5-001G-NAY, MD2533-d16G-X-P, MD2533-d16G-X-P/Y, SDED5-002GNC, SDED5-002G-NCT, SDED5-002G-NCY, SDED5-004G-NC, SDED5-004G-NCT, SDED5-004G-NCY, SDED5-008G-NC, SDED5-008G-NCT, and SDED5-008GNCY.

[*See* Ex. 4 (Am. Infringement Contentions) at 3:7–16 & Ex. B (emphasis added).] ███████

████████████████████████████████████████████████████████████████

███████████████    *See* Patent L.R. 3-1(b) (requiring that the "identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.").

Round Rock's infringement contentions also provided a single claim chart that mapped the asserted claims of the '345 Patent against the "mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008)."  [*Id.*]  *See* Patent L.R. 3-1(c) (requiring a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality").

        2.    <u>Round Rock's experts accuse products that are not compliant with the mDOC datasheet.</u>

Despite Round Rock's infringement contentions, Round Rock's experts accuse product lines that do not "comply with the mDOC H3 datasheet," ████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████

Round Rock never identified the iNAND and SD products in its infringement contentions as infringing the '345 patent.  Regarding the microSD product line, Round Rock's infringement contentions did not identify any specific model numbers or include any claim chart comparing any '345 patent claims against even a single microSD product; rather, its contentions only identified microSD products to the extent such products are examples of "SanDisk products that comply with the mDOC H3 datasheet."  [*See* Ex. 4 at 3:7–9 ("SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008), ***such as*** microSD memory cards and mDOC H3 embedded flash drives ("EFDs") . . .") (emphasis added).]  Accordingly, under Patent Local Rules 3-1(b) and 3-1(c), the only products Round Rock should be permitted to address in its expert

reports are "SanDisk products that comply with the mDOC H3 datasheet." *See Mediatek*, 2013 WL 588760 at *1 (interpreting Patent Local Rule 3-1 to require a "*specific* identification of particular accused products" (emphasis in original)).

Round Rock and its experts now seek to bypass the Patent Local Rules by asserting that even though the iNAND, microSD, and SD products do not comply with the mDOC H3 datasheet, they nonetheless infringe because they "contain the same general controller structure" as those products which do comply with the mDOC H3 datasheet. [Ex. 1 (Zeidman Report) at 42 ¶ 111.] However, the "merits of this theory are irrelevant to the question of whether [Round Rock's] disclosures adequately supported the infringement accusations in the [expert] report." *Oracle*, 2011 WL 4479305, at *2. Round Rock never set forth this theory in its infringement contentions. Further, Round Rock is wrong on the merits because the mDOC products are from a completely separate product line than the microSD, SD, and iNAND products.[3] Patent Local Rule 3-1 "required *specific* identification of particular accused products. They did not tolerate broad categorical identifications . . . nor did they permit the use of mere representative examples." *Id.; see also Bender*, 2010 WL 1689465, at *3 (finding infringement contentions inadequate for failing "to articulate how the accused products share the same, or substantially the same, infringing circuitry with any other product or with the . . . 'representative products.'").

      3.   <u>Round Rock's addition of accused products in its expert reports is inexcusable.</u>

Round Rock cannot argue that it did not know about SanDisk's other product lines when it served its infringement contentions. *See Infineon*, 2012 WL 6184394 at *3 (explaining "narrow exceptions to this specific identification requirement, *inter alia*, if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have

---

[3]

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

discovered the product absent discovery").  Long before the close of fact discovery, SanDisk produced documents to Round Rock with information relating to the structure of controllers used in iNAND, microSD, and SD products.  For example, in July 2012, SanDisk produced spreadsheets correlating the flash memory controllers used with various products, including microSD, iNAND and SD products.  [*See generally* Ex. 6 (SanDisk's 1st Supp'l Resp. to Interrog. No. 1).] ▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮  That same day, SanDisk produced technical documents describing the functionality of flash memory controllers for SanDisk's products, including iNAND, microSD and SD products.  [*See, e.g.*, Ex. 7 (letter enclosing Patent L.R. 3-4(b) production of documents, including Bates numbers SAN00000001–13625).]   In October 2012, SanDisk explicitly informed Round Rock that ▮▮▮▮

▮▮▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮ ▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

From interrogatory responses and documents served by SanDisk at least one year before close of fact discovery, Round Rock was put on notice that the accused mDOC Products using the ▮▮▮ are the only products that "comply with the mDOC H3 datasheet."  Those documents also supplied Round Rock with sufficient technical information about the controllers

used in SanDisk's microSD, SD, and iNAND products for Round Rock to decide whether to include such products in its infringement contentions for the '345 Patent. Nonetheless, Round Rock chose not to amend its infringement contentions, and instead chose to accuse products for the first time after the close of discovery via its expert reports.

Accordingly SanDisk requests that with respect to the '345 patent, the infringement assertions of Zeidman and royalty base of Wagner be limited to those products identified in Round Rock's infringement contentions—"SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008)"—and that Round Rock's experts be precluded from asserting infringement of the '345 patent by SanDisk's SD, microSD, and iNAND product lines. *See Oracle*, 2011 WL 4479305, at *3 (granting motion to strike portions of an expert report relating to products not identified in the infringement contentions); *Monolithic Power,* 2009 WL 3353306, at *3.

**C.**    **Portions of the Zeidman and Wagner Reports Should Be Stricken For Accusing Products That Were Not Identified In the '053 Patent Infringement Contentions**

1.    Round Rock's experts accuse unidentified products of infringing the '053 patent.

Round Rock failed to comply with Patent Local Rules 3-1(b) and (c) by accusing products in its expert reports that were not disclosed in the '053 patent infringement contentions. Round Rock's infringement contentions, served on June 29, 2012, identified the following model numbers (SKUs) as infringing the '053 patent:

> SanDisk products compliant with JEDEC Standard JESD84-A441, such as SanDisk iNAND eMMC EFDs, including without limitation model numbers SDINxxx-x, such as SDIN2C1-2G, SDIN4C1-4G, SDIN4C1-8G, SDIN5B2-8G, SDIN5B2-16G, SDIN5B2-32G, SDIN5B2-32G-E, SDIN5B2-64G, SDIN5C1-4G, SDIN5C1-4G-E, SDIN5C1-8G, SDIN5C1-8G-E, SDIN5C1-8G-L, SDIN5C1-8G-T, SDIN5C1-16G, SDIN5C1-16G-L, SDIN5C1-32G, SDIN5C1-64G-L, SDIN5C2-4G, SDIN5C2-4G-E, SDIN5C2-4G-T, SDIN5C2-8G, SDIN5C2-8G-E, SDIN5C2-8G-L, SDIN5C2-8G-LE, SDIN5C2-8G-T, SDIN5C2-16G, SDIN5C2-16G-E, SDIN5C2-16G-L, SDIN5C2-16G-LE, SDIN5C2-16G-LT, SDIN5C2-32G, SDIN5C2-32G-L, SDIN5C2-32G-LE, SDIN5C2-64G, SDIN5C2-64G-L, SDIN5C2-8G-L, SDIN5C4-8G, SDIN5C4-16G, SDIN5C4-32G, SDIN5C4-64G, SDIN5D1-2G, SDIN5D1-2G-L, SDIN5D1-2G-LE, SDIN5D1-4G, SDIN5D1-4G-L, SDIN5D1-4G-LE, SDIN5D1-8G-L, SDIN5D2-2G, SDIN5D2-4G, SDIN5D2-4G-L, SDIN5D2-4G-LE, SDIN5D2-8G-L, SDIN5D2-8G-LE, SDIN5D2-16G-L, SDIN5E1-32G, SDIN5E1-32G-E, SDIN5F1-64G, SDIN5F2-64G.

1   [*See* Ex. 4 at 8:3–16 & Ex. L.]  Unfettered by the infringement contentions, Round Rock's experts

2   now assert that products whose SKU begins with the prefix SDIN7 and SDIN8 infringe the '053

3   patent.   [Ex. 1 (Zeidman Report) at 37–38 ¶ 102, 44 ¶ 116 (referring to "SDIN7XX" and

4   "SDIN8XX").]  However, Round Rock did not identify the SDIN7XX and SDIN8XX products in its

5   infringement contentions for the '053 patent.  *See Mediatek*, 2013 WL 588760 at *1 (interpreting

6   Patent Local Rule 3-1 to require a "*specific* identification of particular accused products [and that

7   Rule 3-1 does] 'not tolerate broad categorical identifications' or 'the use of mere representative

8   examples'" (emphasis in original)).

9                    2.    Round Rock's delay in accusing products is inexcusable.

10           Eleven months before the close of fact discovery, Round Rock had the information it needed

11  to specifically identify the SDIN7XX and SDIN8XX products in its infringement contentions.  The

12  very document that Zeidman relies on to support his infringement assertions for the SDIN7XX and

13  SDIN8XX products was produced over one year ago, on Nov. 12, 2012.  [*Compare* Ex. 1 (Zeidman

14  Report) at 38 ¶ 102, 44 ¶ 116 (relying on SAN00017921 and 17924) *with* Ex. 9 (Lett. enclosing

15  production with Bates range SAN00017848–17959, dated Nov. 12, 2012).]  Thus, the materials

16  needed by Round Rock to assert infringement of the '053 patent against the SDIN7XX and

17  SDIN8XX products were readily available to Round Rock long before it served its expert reports.

18          Round Rock's decision to wait until its expert reports is particularly egregious because

19  Round Rock sought leave in July 2013 to amend its infringement contentions to accuse additional

20  products of infringing the '053 patent.  [*See* Dkt. No. 186.]  Nine months before it sought leave to

21  amend its contentions for the '053 patent, Round Rock possessed the document that allegedly

22  supports its infringement claims against the SDIN7XX and SDIN8XX products, yet Round Rock

23  chose not to include the SDIN7XX and SDIN8XX products among the new products it was adding

24  to its infringement contentions.  Accordingly SanDisk requests that with respect to the '053 patent,

25  Round Rock's experts be limited to asserting infringement based only upon those products identified

26  in Round Rock's infringement contentions and be precluded from asserting infringement based upon

27  the SDIN7XX and SDIN8XX products.  *See Mediatek*, 2013 WL 588760 at *1 (interpreting Patent

28  Local Rule 3-1 to require a "*specific* identification of particular accused products" (emphasis in

original)); *Oracle*, 2011 WL 4479305, at *3 (granting motion to strike portions of an expert report relating to products not identified in the infringement contentions); *Monolithic Power,* 2009 WL 3353306, at *3 (same).

**D.**   **Portions of the Zeidman and Afromowitz Reports Should Be Stricken For Describing Indirect Infringement Theories for the '345, '053, '791, and '839 Patents**

1.   Round Rock's infringement contentions provided boilerplate assertions of inducement and contributory infringement.

Round Rock failed to comply with Patent Local Rule 3-1(d) when it described particularized inducement and contributory infringement theories for the first time in its expert reports with respect to the '345, '053, '791, and '893 Patents.   Round Rock's infringement contentions provided boilerplate assertions of inducement:

> SanDisk has induced infringement by third parties, including SanDisk's customers, and continues to induce such infringement, under 35 U.S.C. § 271(b), of at least claims 1, 24, and 39 of the '345 patent. These third parties infringe these claims under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the '345 Accused Products. For example, SanDisk actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '345 patent by selling or otherwise supplying the '345 Accused Products; with the knowledge and intent that these third parties will use, sell, and/or offer for sale in the United States, and/or import into the United States, the '345 Accused Products to infringe the '345 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the '345 Accused Products and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the '345 Accused Products.

[Ex. 4 at Ex. B ('345 patent) pp. 1-2.]  Round Rock provided nearly identical assertions regarding the other asserted patents.  [*See* Ex. 4 at Ex. G ('893 patent), Ex. H ('791 patent), Ex. L ('053 patent).]  Round Rock's contributory infringement allegations fared no better, merely reciting the elements of the cause of action but providing no disclosure as to its theories of contributory infringement:

> SanDisk has contributed to the infringement by third parties, including SanDisk's customers, and continues to contribute to infringement by third parties, under 35 U.S.C. § 271(c), of at least claims 1, 24, and 39 of the '345 patent. These third parties infringe these claims under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the '345

Accused Products. For example, SanDisk sells and/or offers for sale in the United States, and/or imports into the United States, the '345 Accused Products, knowing that those products constitute a material part of the inventions of the '345 patent, knowing that those products are especially made or adapted to infringe the '345 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

[*See, e.g., id.* at Ex. B ('345 patent) p. 2.] Other than reciting boilerplate allegations, Round Rock's allegations of indirect infringement failed to describe: (a) how any of the unnamed direct infringers were allegedly infringing the patents (e.g., whether by selling, importing, etc.); (b) how SanDisk allegedly induced or contributed to the direct infringement; (c) how SanDisk's products are especially made or adapted to infringe the patents; (d) what other products must be combined with SanDisk's products in order to infringe the patents; and (e) why SanDisk's products are not staple articles of commerce.

Round Rock's infringement contentions did not identify how any of the unnamed direct infringers were allegedly infringing the asserted patents. Instead, Round Rock just parroted the language of 35 U.S.C. § 271(a)—"by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States." [*E.g., id.* at Ex. B pp. 1–2.] This is in violation of Local Patent Rule 3-1(d), which requires "an identification of any direct infringement." Round Rock's infringement contentions required SanDisk to guess whether Round Rock sought liability on account of SanDisk selling, using, offering for sale, importing, or any combination of any of the foregoing.

Similarly, Round Rock's contentions failed to describe how SanDisk allegedly induced the unnamed third parties to infringe under 35 U.S.C. § 271(b), or how SanDisk contributed to their infringement under 35 U.S.C. § 271(c). For example, Round Rock did not provide any facts as to how SanDisk induces the customers to infringe. Similarly, Round Rock failed to describe how SanDisk's products are "especially made or especially adapted for use" in an infringing manner, or even what components must be combined with SanDisk's products in order to infringe the Round Rock patents under 35 U.S.C. §271(c). Round Rock's infringement contentions are insufficient under the Patent Local Rules because Round Rock's "disclosure of indirect infringement merely restates its theory of direct infringement. Such 'generic allegations' are insufficient to disclose a

theory of indirect infringement." *See France Telecom*, 2013 WL 1878912 at *5.   In *France Telecom*, the court found the infringement contentions insufficient under L.R. 3-1(d) for disclosing:

> Marvell has "induced and contributed to such infringement by ... designing the accused products ... managing the design ... designing and testing the accused products specifically for compatibility and use within the United States ... and advertising or representing to third parties that the infringing products are compatible or adapted for use within the United States."

*Id.* at *5 (alterations in original).   The court found these contentions insufficient because "[w]ith the exception of its assertion that Marvell engages in advertising . . . its disclosure is a bare-boned recitation of the essential elements of a claim for indirect infringement, ***and Rule 3-1(d) requires facts***." *Id.* (emphasis added); *see also Bender*, 2010 WL 2991257, at *4 (requiring the plaintiff to "identify how any third party was engaging in acts of direct infringement and how [the defendant] was allegedly contributing to that direct infringement.").   Indeed, Round Rock "fails to identify what advertisements and instructions lead to what infringing behavior.   Although [Round Rock] is not obligated to identify the third-party infringers, it must still disclose how exactly it believes [SanDisk] indirectly or contributorily infringed [the patents].   Its boilerplate language does not suffice." *See Creagri, Inc. v. Pinnacle Life, Inc.*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012).[4]

> 2.   Round Rock's experts describe indirect infringement theories for the first time.

Round Rock waited until its expert reports to describe the acts giving rise to the alleged indirect infringement, and to describe the role of both SanDisk and the newly identified alleged direct infringers.   For example, Zeidman points to ███████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[4] Round Rock's indirect infringement contentions provide ***even less*** of a description of SanDisk's alleged indirectly infringing acts than the deficient contentions in *Creagri*, which provided "advising others to use the ... product in an infringing manner; advertising and promoting the use ... in an infringing manner; and distributing instructions, scientific papers, and videos that guide customers to use the ... product in an infringing manner." [*Compare* Ex. 4 at Ex. B.]

1  ██████████████████████████████████████████████████████

2  ████████████████████████████████  [*Id.* at 59.]  He further provides previously

3  undisclosed theories about how the SanDisk products are "especially made or adapted to be coupled

4  with a host device in a way that infringes th[e] claims" and how SanDisk allegedly encourages its

5  customers to integrate the SanDisk products and to import the SanDisk Products.  [*Id.* at p. 58–60.]

6  Round Rock's other technical expert focuses on sales by ████████████████████████

7  ██████████████████████████████████████████████████████

8  ████████████████████  [Ex. 3 (Afromowitz Report) at 23–24.]  These theories were not

9  described by Round Rock in its infringement contentions.

3.   Round Rock's disclosure of its theories for the first time in expert reports is
     inexcusable.

12  Round Rock made no attempt to amend its infringement contentions to describe its theories

13  of indirect infringement, even though documents and testimony relied upon by Zeidman and

14  Afromowitz to support their assertions were provided well before the close of fact discovery.  For

15  example, SanDisk produced its U.S. sales data to allow Round Rock to specifically identify

16  SanDisk's customers, the alleged direct infringers.  [*See* Ex. 10 (SanDisk's 1st Supp'l Resp. to

17  Interrog. No. 9, dated Feb. 20, 2013) (providing sales information from 2007–2011); Ex. 11

18  (SanDisk's 3rd Supp'l Resp. to Interrog. No. 9, dated May 14, 2013) (providing U.S. sales data for

19  years 2006–2012).]  Indeed, Zeidman relies on these very spreadsheets to support his indirect

20  infringement assertions, stating that "SanDisk has provided spreadsheets with United States sales

21  data for the Accused Products."  [Ex. 1 at 55 ¶ 144.]  Zeidman and Afromowitz also cite heavily

22  from the deposition testimony of SanDisk corporate representative Mr. Hinojos to support their

23  assertions, even though Mr. Hinojos was deposed back in June 2013.  [*Compare* Ex. 1 (Zeidman

24  Report) at 57 ¶ 148 – 60 ¶ 153 (passim) and Ex. 3 (Afromowiz Report) at 23 ¶ 82 – 25 ¶ 86 *with*

25  Ex. 12 (Hinojos Dep. Tr.).]

26  This Motion is not the first time SanDisk raised with Round Rock the insufficiency of its

27  indirect infringement allegations.  After SanDisk produced the documents and deposition testimony

28  upon which Round Rock's experts rely, SanDisk sent multiple letters to Round Rock which

addressed insufficiencies in the infringement contentions. [*See* Ex. 13 (6/14/2013 Email from C. Ebertin to A. Modi and R. Cowell) at 1; Ex. 14 (7/23/2013 Lett. From C. Ebertin to R. Cowell) at 3 (noting that "Round Rock has not specifically identified a single direct infringer that SanDisk allegedly induced to infringe, nor had Round Rock described any acts of SanDisk with regard to any particular direct infringer that allegedly induced that direct infringement."]. Nonetheless, while Round Rock sought leave to amend its contentions to assert infringement of additional products [*see* Dkt. No. 186], it chose not to amend its contentions to comply with Patent Local Rule 3-1(d) and adequately disclose its theories of indirect infringement.

Accordingly, the portions of the Zeidman and Afromowitz Reports regarding alleged evidence of indirect infringement of the '345, '053, '791, and '893 Patents should be stricken.

## III.  **CONCLUSION**

Long before the close of fact discovery, SanDisk provided Round Rock with the materials it needed to seek leave to amend its infringement contentions to identify additional SanDisk products and describe its theories of infringement. Round Rock chose not to amend its contentions, and now seeks to add products and infringement theories through its expert reports. Round Rock should not be permitted to circumvent the Patent Local Rules—which require the parties to "crystallize their theories of the case early in the litigation and to adhere to those theories once disclosed," *Mediatek*, 2013 WL 588760, at *1—and improperly introduce entirely new products and new theories of liability in the Zeidman, Afromowitz, and Wagner Reports at this late stage of the case.

SanDisk does not seek an order to strike the Zeidman, Afromowitz, and Wagner Reports in their entirety, but rather to strike the sections that go beyond specific allegations set forth in the infringement contentions. For the '345 patent, this includes restricting Zeidman and Wagner to asserting infringement based on "SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008)"—which are the mDOC Products using the Dekel flash memory controller—and precluding them from asserting infringement by the microSD, SD, and iNAND products, which use other controllers. For the '053 patent, SanDisk requests that Zeidman and Wagner be precluded from asserting infringement based upon the SDIN7XX and SDIN8XX

products.   Finally, SanDisk requests that Zeidman, Afromowitz, and Wagner be precluded from

asserting that SanDisk induces or contributorily infringes the '053, '345, '791, and '839 patents.

Dated: January 9, 2014                                      VINSON & ELKINS LLP


By:   ___/s/ Chuck P. Ebertin_____
          Chuck P. Ebertin

Attorneys for Plaintiff and Counterclaim
Defendant, SANDISK CORPORATION


## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 9, 2014, the foregoing document was filed with the

Clerk of the U. S. District Court for the Northern District of California, using the court's electronic

case filing system (ECF), in compliance with Civil L.R. 5-1.  The ECF sends a Notice of Electronic

Filing (NEF) to all parties and counsel who have appeared in this action and who have consented

under Civil L.R. 5-1 to accept that NEF as service of this document.


___/s/ Chuck P. Ebertin_____
          Chuck P. Ebertin