United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DISK CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>  Defendant. | Case No.: 11-5243 RS (JSC)<br><br>**ORDER RE: ROUND ROCK RESEARCH'S MOTION TO COMPEL (Dkt. No. 243)** |

In this patent infringement action Round Rock Research LLC ("Round Rock") alleges that Plaintiff San Disk Corporation ("San Disk") infringes several of its patents. One the eve of the close of fact discovery, the parties filed several discovery motions. Now pending before the Court is Round Rock's motion to compel certain documents from San Disk. After carefully considering the parties' submissions, and having had the benefit of oral argument on January 23, 2014, the Court rules as set forth below.

  1.   Round Rock's motion to compel production of certain schematics and, where necessary, RTL code, is DENIED. Round Rock seeks the documents in connection with its claim involving the '345 claim 1. Round Rock expressly limited its '345 claim 1 infringement contention to products involving mDOC H3 datasheet revisions 1.2 and 1.3.

1  (Dkt. No. 261 at 4 n.1.)  San Disk, however, has already produced documents related to those
2  products, and Round Rock has not established that the production is inadequate.

3      2.    Round Rock's motion to compel San Disk to produce a 30(b)(6) witness with
4  knowledge of third party manufacturing processes is DENIED.  Rule 30(b)(6) does not
5  obligate a party to conduct an investigation into third parties in order to answer questions
6  about the third party at deposition.  If Round Rock needed to learn about the manufacturing
7  processes of these third parties it should have subpoenaed the deposition of these parties.

8      3.    Round Rock's motion to compel San Disk to produce additional documents
9  related to the Micron/San Disk litigation is DENIED.  Round Rock has not established that
10 San Disk has failed to produce any existing documents in its possession, custody or control.

11     4.    Round Rock's motion to compel San Disk to produce communications between
12 San Disk and customers regarding accused products is granted in limited part.  The request is
13 overbroad on its face.  From the record and oral argument it is difficult to discern if the
14 parties made a good faith effort narrow the request to a manageable and reasonable size.
15 After consulting with the parties, the Court ordered Round Rock to limit its search request to
16 communications involving 10 customers; Round Rock was to provide San Disk with the list
17 of customers by the close of business on Friday, January 23, 2014. The search should also be
18 limited to the product lines as agreed to at the hearing.  By Tuesday, January 28, 2014, San
19 Disk was to advise Round Rock of the status of its search.   Once San Disk determines how
20 many "hits" it receives it must either produce the relevant documents or, if it believes
21 production would be overly burdensome and disproportional, meet and confer with Round
22 Rock in an effort to limit the search to a reasonable number of documents.  The Court is
23 available for a telephone conference the week of February 3, 2014 if the parties are unable to
24 finally resolve the matter themselves.

25     This Order disposes of Docket No. 243.
26     **IT IS SO ORDERED.**
27 Dated: January 29, 2014

                                                      _____
28                                                       JACQUELINE SCOTT CORLEY

United States District Court
Northern District of California

UNITED STATES MAGISTRATE JUDGE