CHUCK P. EBERTIN (SBN 161374)
  cebertin@velaw.com
VINSON & ELKINS LLP
1841 Page Mill Road, Suite 200-B
Palo Alto, CA  94304
Tel:  (650) 687-8200 / Fax: (650) 618-1970

CHRISTOPHER V. RYAN (*pro hac vice*)
  cryan@velaw.com
EFREN GARCIA (*pro hac vice*)
  egarcia@velaw.com
JANICE L. TA (*pro hac vice*)
  jta@velaw.com
VINSON & ELKINS LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX  78746
Tel: (512) 542-8400 / Fax: (512) 542-8612

DAVID J. TOBIN (*pro hac vice*)
  dtobin@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Tel:  (214) 220-7949 / Fax (214) 999-7949

Attorneys for Plaintiff and Counterclaim
  Defendant SANDISK CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| SANDISK CORPORATION,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>ROUND ROCK RESEARCH LLC,<br><br>        Defendant and Counterclaim Plaintiff. | Case No.  3:11-cv-05243-RS<br><br>**SANDISK'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF ROUND ROCK'S EXPERT REPORTS**<br><br>Date:      February 13, 2014<br>Time:     1:30 p.m.<br>Judge:    Hon. Richard Seeborg |

# REDACTED PUBLIC VERSION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION. ....................................................................................................................... 1

II. ROUND ROCK SHOULD NOT BE PERMITTED TO ADD NEW PRODUCTS TO THE '345 CASE THROUGH ITS EXPERT REPORTS. ......................................................... 2

    A. Judge Corley Held That Round Rock's Infringement Contentions for the '345 Patent Do Not Include iNAND, SD, or microSD Products. ......................................... 2

    B. Round Rock Still Has Not Shown Good Cause for Failing to Identify and Chart Specific iNAND, SD, or microSD Products. ....................................................... 5

III. ROUND ROCK SHOULD NOT BE PERMITTED TO ADD NEW PRODUCTS TO THE '053 CASE THROUGH ITS EXPERT REPORTS. ......................................................... 7

IV. ROUND ROCK SHOULD NOT BE PERMITTED TO DESCRIBE ITS INDIRECT INFRINGEMENT THEORIES FOR THE FIRST TIME IN ITS EXPERT REPORTS. ................................................................................................................................. 9

    A. Round Rock's Indirect Infringement Allegations Are Boilerplate and Fail to Comply with Local Patent Rule 3-1(d). ........................................................................ 9

    B. Round Rock Still Has Not Shown Good Cause For Failing to Describe Its Indirect Infringement Theories. ..................................................................................... 12

V. STRIKING PORTIONS OF ROUND ROCK'S EXPERT REPORTS IS THE APPROPRIATE REMEDY. ...................................................................................................... 13

VI. CONCLUSION. ......................................................................................................................... 15

**SanDisk's Reply in Support of Its Motion to Strike Portions of Round Rock's Expert Reports**  
2263814
    i    **Case No. 11-cv-05243 RS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bender v. Maxim Integrated Prods., Inc.*,
  No. C 09-01152 SI, 2010 WL 2991257 (N.D. Cal. July 29, 2010) ............................................... 10

*Creagri, Inc. v. Pinnacle Life, Inc.*,
  No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) ............................ 10, 14

*CSR Tech. Inc. v. Freescale Semiconductor*,
  No. C-12-02619 RS (JSC), 2013 WL 503077 (N.D. Cal. Feb. 8, 2013) .................................... 8, 14

*DCG Sys., Inc. v. Checkpoint Techs., LLC*,
  No. CV 11 3792 PSG, 2012 WL 1309161 (N.D. Cal. Apr. 16, 2012) ...................................... 11, 12

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
  No. 12-cv-04967 WHA (NC), 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013) ....................... 10

*Genentech, Inc. v. Trs. Of the Univ. of Penn.*,
  No. C 10-2037 LHK (PSG), 2012 WL 424985 (N.D. Cal. Feb. 9, 2012) ...................................... 12

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
  No. C 11-6239 MMC (DMR), 2012 WL 6184394 (N.D. Cal. Dec. 11, 2012) ....................... 3, 4, 7

*Life Techs. Corp. v. Biosearch Techs.*, 2
  012 WL 1600393 (N.D. Cal. 2012) .............................................................................................. 13

*Mediatek, Inc. v. Freescale Semiconductor, Inc.*,
  No. 11-5341 YGR (JSC), 2013 WL 588760 (N.D. Cal. Feb. 13, 2013) (Corley, M.J.) ............... 1, 7

*Monolithic Power Sys. v. O2 Micro Int'l Ltd.*,
  No. C 08-04567 CW, 2009 33453306 (N.D. Cal. 2009) ...................................................... 6, 9, 14

*Network Protection Sciences v. Fortinet, Inc.*,
  No. C 12-01106 WHA, 2013 WL 5402089 (N.D. Cal. Sep. 26, 2013) ........................................... 7

*Oracle Am. v. Google Inc.*,
  No. C 10–03561 WHA, 2011 WL 4479305, (N.D. Cal. Sep. 26, 2011) ................................ *passim*

*Prof'l Programs Grp. v. Dep't of Commerce*,
  29 F.3d 1349 (9th Cir. 1994) ........................................................................................................ 13

*Shared Memory Graphics LLC v. Apple, Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010) ........................................................................................ 14

**Rules**

Fed. R. Civ. P. 16(f)(C) .................................................................................................................... 13

Patent L.R. 3-1 ................................................................................................................................. 13

**SanDisk's Reply in Support of Its Motion to**                    ii                    **Case No. 11-cv-05243 RS**
**Strike Portions of Round Rock's Expert Reports**
2263814

I.     **INTRODUCTION.**

Round Rock's decision to wait until its expert reports to accuse new products of infringement and to disclose its indirect infringement theories violates both the letter and spirit of this Court's Patent Local Rules. As this Court has explained,

> The overriding principle of the Patent Local Rules is that they are designed to make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims. . . . The Rules are also intended to require the party claiming infringement to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed.

*Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR (JSC), 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) (Corley, M.J.). Round Rock fails to show its infringement contentions articulated with specificity or otherwise crystallized its indirect infringement theories, that SanDisk's SDIN7xx and SDIN8xx products allegedly infringe the '053 Patent, or that SanDisk's iNAND, SD and microSD products allegedly infringe the '345 Patent. Indeed, in an order issued yesterday, Judge Corley reviewed Round Rock's infringement contentions for the '345 Patent and held that "Round Rock expressly limited its '345 claim 1 infringement contention to products involving mDOC H3 datasheet revisions 1.2 and 1.3." [Dkt. No. 282 at 1:27–28.]

Round Rock's attempt to expand the scope of this case through its expert reports is neither excusable under the Patent Local Rules nor supported by any evidence of good cause. Long before fact discovery closed, Round Rock possessed the documents and other information on which its experts now rely to assert infringement by the newly identified products and to describe Round Rock's indirect infringement theories. Even if Round Rock were to seek leave to amend its infringement contentions (which it has not), permission to amend would unfairly prejudice SanDisk by depriving it of the fair notice and scope of infringement discovery guaranteed by this Court's Patent Local Rules now that fact discovery is closed. For example, Round Rock's infringement contentions for the '345 Patent were limited to only one category of products (mDOC), ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Given the limited potential exposure, SanDisk forewent certain discovery on the '345 Patent and prioritized litigation resources in favor of other asserted patents. Now, Round Rock's experts have injected completely different

SanDisk's Reply in Support of Its Motion to        1        Case No. 11-cv-05243 RS
Strike Portions of Round Rock's Expert Reports
2263814

1  product lines with sales of ▮▮▮▮▮ allegedly infringing units.  [Mot. at 6:6–18.] ▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Ex. 15

4  (Wagner Expert Rep.) at Schedule 1.3.][1]

Round Rock and its experts must adhere to the theories and accused products disclosed in its infringement contentions.  SanDisk therefore requests that the Court strike those portions of Round Rock's expert reports that add new products and new theories of indirect infringement.

## II. ROUND ROCK SHOULD NOT BE PERMITTED TO ADD NEW PRODUCTS TO THE '345 CASE THROUGH ITS EXPERT REPORTS.

The issue of whether Round Rock's infringement contentions disclosed iNAND, SD and microSD products of infringing the '345 Patent was decided by Judge Corley earlier this week.  In denying (in part) a motion to compel filed by Round Rock, Judge Corley held that "***Round Rock expressly limited its '345 claim 1 infringement contention to products involving mDOC H3 datasheet revision 1.2 and 1.3***."  [Dkt. No. 282 (Order re Round Rock Research's Mot. to Compel) at 1:27–2:1 (emphasis added).]  In rendering her decision, Judge Corley rejected the very arguments that Round Rock makes in opposing this Motion to Strike.  Similarly, courts in this District have rejected the same excuses that Round Rock now offers for why it did not identify any models of microSD memory cards or even mention iNAND and SD products in its infringement contentions for the '345 Patent.  Because Round Rock only disclosed SanDisk's mDOC products in its infringement contentions, it should not be able to now accuse new products in its expert reports.

### A. Judge Corley Held That Round Rock's Infringement Contentions for the '345 Patent Do Not Include iNAND, SD, or microSD Products.

Round Rock does not dispute that "[e]ach product number (SKU) identified by Round Rock in its '345 infringement contentions [for the '345 Patent] belonged *exclusively* to the mDOC product line."  [Mot. at 7:1–3 (emphasis added); *see also* Decl. of Kenneth Bell ¶¶ 3,4.][2]  Indeed, none of

---

[1] The exhibits cited herein refer to those attached to the Declaration of Chuck Ebertin filed along with this brief.

[2] Note that Kenneth Bell, an employee of SanDisk, was deposed twice in this case by Round Rock—on October 24, 2012 and June 27, 2013.

1  the SKUs identified by Round Rock in its '345 infringement contentions belong to the iNAND, SD,
2  or microSD product lines. [Decl. of Kenneth Bell ¶¶ 4, 5.]

3  Round Rock asserts that its infringement contentions adequately disclose microSD cards
4  because they mention the phrase "microSD memory cards," even though they do not identify any
5  specific names or model numbers of products within the microSD line, nor do they provide any
6  claim chart comparing any microSD product to any of the '345 Patent claims. [*See* Opp. at 4:12–
7  16.] Round Rock made this same argument to Judge Corley in support of its motion to compel—
8  without success. [*Compare* Opp. Br. at 4:14–15 ("Indeed, Round Rock's identification of the
9  accused 'microSD memory cards' by name complies with the Patent Local Rules.") *with* Dkt.
10 No. 267 at 2:4–6 ("Round Rock's infringement contentions regarding the '345 patent identify
11 'microSD memory cards and mDOC H3 embedded flash drives' as infringing the '345 patent.").]
12 Judge Corley did not find the mere mention of the phrase "microSD memory cards" to be sufficient,
13 concluding that Round Rock's infringement contentions were "expressly limited" to the mDOC
14 products. [Dkt. No. 282 (Order re Round Rock Research's Mot. to Compel) at 1:27–2:1.]

15 Round Rock also tries to defend its infringement contentions by analogizing them to the
16 infringement contentions in *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239
17 MMC (DMR), 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012). [*See* Opp. at 4.] *Infineon*,
18 however, provides an exemplary contrast Round Rock's infringement contentions and infringement
19 contentions that actually comply with the Local Patent Rules. In that case, the patent owner
20 specifically identified eighteen models of defendant's products, including photographs of those
21 products, and "provided nearly 50 pages of analysis supporting its argument that the VT1195SEQ
22 product [for which claim charts were provided] is representative of the other Accused Products."
23 *Infineon*, 2012 WL 6184394, at *4.

24 In contrast, Round Rock identified model numbers (SKUs) for <u>only</u> the mDOC products and
25 then provided a claim chart <u>only</u> against the mDOC data sheet. Indeed, Round Rock indicated that
26 its infringement analysis applied <u>only</u> to products compliant with the mDOC H3 datasheet, as all of
27 the exemplary SKUs cited by Round Rock in footnote 1 to its claim chart are mDOC products:

28

**SanDisk's Reply in Support of Its Motion to Strike Portions of Round Rock's Expert Reports**
2263814

3

Case No. 11-cv-05243 RS

> [1] This claim chart applies to SanDisk products that comply with the mDOC H3 datasheet, revisions 1.2 (Nov. 2007) & 1.3 (May 2008), including without limitation model numbers MDxx-xx and SDEDx-x, including at least MD2534-d1G-X-P, MD2534-d1G-X-P/Y, MD2534-d2G-X-P, MD2534-d2G-X-P/Y, SDED7-256M-N9T, SDED7-256M-N9Y, SDED7-512M-NAT, SDED7-512M-NAY, SDED7-001G-NT, SDED7-002G-NT, MD2533-d8G-X-P, MD2533-d8G-X-P/Y, SDED5-001G-NAT, SDED5-001G-NAY, MD2533-d16G-X-P, MD2533-d16G-X-P/Y, SDED5-002G-NC, SDED5-002G-NCT, SDED5-002G-NCY, SDED5-004G-NC, SDED5-004G-NCT, SDED5-004G-NCY, SDED5-008G-NC, SDED5-008G-NCT, and SDED5-008G-NCY.

[Mot. at Ex. 4 (at Exhibit B, page 4); Mot. at 7:2–4, 9:5–9; *see also* Decl. of Kenneth Bell ¶¶ 3–5.] Nowhere did Round Rock suggest that its claim chart applied to or was representative of any other products.

At the hearing on Round Rock's motion to compel [Dkt. No. 243], Judge Corley noted these glaring differences in distinguishing *Infineon*:

> [W]ith respect to this claim, claim one, I mean, what does this footnote mean, and where is the 50 pages of analysis like there was in Judge Ryu's case [*Infineon Techs. v. Volterra*]?
>
> MR. COWELL: Well, this is a relatively simple patent, your Honor. We don't need 50 pages of analysis.
>
> THE COURT: To you maybe, not to me. Well, you know, it's just way too late in the day to be expanding that, and I understand you say, "Well, we got this discovery from this testimony that identified -- we found that we believe now it would -- that limitation we found the same thing." So you move to amend your infringement contentions. I mean, that's what they're there for**, but that footnote has to have some meaning. There's just nothing here that would put them on notice that it was broader than that.**

[Ex. 16 (1/23/2014 Hr'g Tr.) at 57:23–58:12 (emphasis added); *see also id.* at 55:10–25 ("[T]hey had 50 pages of analysis of how it was representative, and the same thing with Judge [Alsip *Network Protection Sciences v. Fortinet*]. Not here. To the contrary, you have a little thing at the bottom that says this is limited to the mDOC H3 data sheet revision products.")].

Round Rock resorts to a *post hoc* rationalization, arguing that the newly accused product lines ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ [Opp. at 5:8–6:7.] However, courts in this District have already rejected such an argument. For example, in *Oracle Am. v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 4479305,

SanDisk's Reply in Support of Its Motion to                    4                        Case No. 11-cv-05243 RS
Strike Portions of Round Rock's Expert Reports
2263814

(N.D. Cal. Sep. 26, 2011), the infringement contentions accused "mobile devices running Android. . . . Representative examples of other mobile devices running Android include HTC's EVO 4G, HTC's Droid Incredible, HTC's G2, Motorola's Droid, and Samsung's Captivate." *Oracle*, 2011 WL 4479305 at *1. The expert report then "referenced three devices that were not specifically named in this list: the LG Optimus, the HTC Droid Incredible 2, and the Motorola Atrix." *Id.* at *2. In response to a motion to strike portions of its expert reports, "Oracle emphasize[d] its theory that all devices running Android function the same way in all relevant respects." *Id.* [*Compare* Opp. at 5:3–5 ("Round Rock's expert was able to determine through the available discovery that the SD and iNAND products also include the accused structure, and explained how they are substantially the same").]. Nonetheless, the Court granted the motion to strike, explaining that because the "LG Optimus, the HTC Droid Incredible 2, and the Motorola Atrix were not among the products specifically identified in Oracle's disclosure of accused products, Oracle may not now accuse them of infringement." *Oracle*, 2011 WL 4479305 at *2. So too, Round Rock "could have and should have specifically identified all such accused devices" in its infringement contentions. *See id.*

B. **Round Rock Still Has Not Shown Good Cause for Failing to Identify and Chart Specific iNAND, SD, or microSD Products.**

Patent Local Rule 3-1(b) requires that the "identification shall be as specific as possible." [Opp. at 5:1 (emphasizing "as possible").] Long before the close of fact discovery, it was well within Round Rock's capabilities to identify specific iNAND products, specific SD products, and specific microSD products. Indeed, Round Rock accused specific models of iNAND, SD, and microSD product of infringing other patents, but not the '345 Patent. For example, Round Rock's infringement contentions for the '053 patent (served June 29, 2012) specifically identify 60 different model numbers (SKUs) of iNAND products. [Opp. at 7:1–15; Opp. Ex. 4.] Similarly, Round Rock's infringement contentions for the '839 Patent identify 12 model numbers of microSD products. [Opp. at Ex. 5 (accusing "SanDisk's microSD Memory Cards, including without limitation model numbers SDSDx-x, including at least SDSDQ-64 . . .").] Last, Round Rock's infringement contentions for the '344 Patent (and other patents) identify "SanDisk *SD flash memory cards* with a UCPC2A controller, including without limitation model numbers SDSDx-x, including

1  at least the . . . SanDisk Extreme SDHC flash memory card SDSDX3-016G-A31." [Mot. at Ex. 4
2  ('344 infringement contentions) at 3:3–6.]  If Round Rock was able to identify specific model
3  numbers of iNAND, microSD, and SD products as infringing other patents, Round Rock could have
4  (and should have) made the same specific identification for the '345 patent.

5  Though Round Rock had enough technical information to accuse the iNAND, SD, and
6  microSD products of its infringing its other patents, Round Rock argues that with respect to the '345
7  Patent, it "could not ascertain what other SanDisk products included the accused structure without
8  discovery." [Opp. at 4:22–23; *see also id.* at 5:3–5.]  Yet Round Rock does not identify any
9  allegedly missing discovery.  In contrast, SanDisk devoted an entire section of its opening brief to
10 explaining how SanDisk provided discovery as to iNAND, microSD and SD products (including
11 over 13,000 pages of technical documents describing the functionality of flash memory controllers
12 for SanDisk products such as iNAND, SD, and microSD products) at least one year before close of
13 fact discovery, and how SanDisk put Round Rock on notice that it had accused only the mDOC
14 Products using the ███ controller of infringing the '345 Patent. [*See* Mot. at 8:18–10:11.]  Round
15 Rock does not dispute these facts.

16 ████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████████

18 This deposition occurred almost three months before the close of fact discovery on November 21,
19 2013 [*see* Dkt. No. 241], but Round Rock chose not to seek leave to amend its '345 infringement
20 contentions to add the newly accused iNAND, SD, and microSD products. *See Monolithic Power*
21 *Sys. v. O2 Micro Int'l Ltd.*, No. C 08-04567 CW, 2009 33453306, at *2 (N.D. Cal. 2009) (striking
22 expert report and denying motion to amend contentions because "O2 Micro had information on these
23 products about three months before it filed its current motion [to amend.]  Nevertheless, O2 Micro
24 waited until after discovery before seeking leave to accuse them.").

25 As Judge Corley remarked with respect to expanding the '345 infringement contentions to
26 cover products other than mDOC, "it's just way too late in the day to be expanding that." [Ex. 16
27 (1/24/2013 Hr'g Tr.) at 58:5–6.]  Fact discovery is closed, and Round Rock "may not now accuse
28 the[se additional products] of infringement." *Oracle*, 2011 WL 4479305, at *2.

### III. ROUND ROCK SHOULD NOT BE PERMITTED TO ADD NEW PRODUCTS TO THE '053 CASE THROUGH ITS EXPERT REPORTS.

Round Rock argues that because its infringement contentions identify a class of products, it need not identify specific members of that class: "SanDisk's assertion that its SDIN7xx-x and SDIN8xx-x products were not accused is thus without merit—Round Rock accused all model numbers with the prefix 'SDIN'." [Opp. at 7:17–18.] But that is not the law in this District. As the *MediaTek* case discussed, Patent Local Rule 3-1 requires a "*specific* identification of particular accused products." 2013 WL 588760 at *1 (emphasis in original). Judge Corley further explained that "a party claiming infringement must do everything it reasonably can do to identify all accused products in its PICS." *Id.* Round Rock fails to address the *MediaTek* case in its Opposition, and the only case Round Rock cites to support its novel reading of Local Patent Rule 3-1 is inapposite. In the *Network Protection Sciences v. Fortinet, Inc.* case, the infringement contentions "listed all of the accused products individually and used the FortiOS 4.0 MR2 product as a representative example." No. C 12-01106 WHA, 2013 WL 5402089, at *2 (N.D. Cal. Sep. 26, 2013). Round Rock's infringement contentions, in contrast, do <u>not</u> list "all of the accused products individually." The infringement contentions do not identify any iNAND products that begin with either an SDIN7 or SDIN8 prefix. [*See* Opp. at 7:1–15.]

Round Rock excuses its failure to identify any SDIN7xx and SDIN8xx products in its infringement contentions by arguing that "when supported by adequate analysis showing the accused products share the same critical characteristics, representative infringement contentions may suffice." [*See* Opp. at 8:14–17 (quoting *Network Protection Sciences*, 2013 WL 5402089, at *3).] Round Rock further argues that "the relevant portions of the accused iNAND eMMC embedded flash drives are the same, as described in Round Rock's expert reports." [Opp. at 8:10–12.] However, the "merits of [Round Rock's] theory are irrelevant to the question of whether [Round Rock's] disclosures adequately supported the infringement accusations in the [expert] report." *Oracle*, 2011 WL 4479305, at *2 (striking portion of expert report that "referenced three devices that were not specifically named in" the infringement contentions, even though "Oracle emphasizes its theory that all devices running Android function the same way in all relevant respects"); *cf. Infineon*

1  *Techs.*, 2013 WL 5366131, at *4 (refusing to strike contentions because "[i]n this version of its
2  infringement contentions, Plaintiff has provided nearly 50 pages of analysis . . . that the VT1195SEQ
3  product is representative of the other Accused Products"); *CSR Tech. Inc. v. Freescale*
4  *Semiconductor*, No. C-12-02619 RS (JSC), 2013 WL 503077, at *4 (N.D. Cal. Feb. 8, 2013)
5  ("Plaintiff's assertion that it 'has identified and charted a specific Freescale product . . . and has
6  stated that it is accusing any similarly designed products' is not enough to satisfy Rule 3-1(c)'s
7  explicit requirement that a plaintiff identify the limitations within *each* Accused Instrumentality.").

8        Not only does Round Rock fail to provide any analysis in its infringement contentions as to
9  why the identified products are representative of the non-identified SDIN7xx and SDIN8xx
10 products, but Round Rock's infringement contentions actually lead to the opposite conclusion.
11 Round Rock states in its infringement contentions for the '053 patent, "***This chart applies to***
12 ***SanDisk iNAND eMMC EFDs that comply with JEDEC Standard JESD84-4.41***, including
13 without limitation model numbers SDINxxx-x, including at least [identification of model numbers].
14 [Mot. Ex. 4 at Exhibit L p. 4 (infringement contentions for '053 patent) (emphasis added); *see also*
15 Opp. at 7:3–4.]  Thus, Round Rock put SanDisk on notice that it expressly limited its infringement
16 contentions to those products which complied with JESD84-4.41.  [*Accord* Dkt. No. 282 at 1:27–2:1
17 (Judge Corley determining that the language "This claim chart applies to SanDisk products that
18 comply with the mDOC H3 datasheet, revisions 1.2 . . . & 1.3" had the effect of "Round Rock
19 expressly limit[ing] its '345 claim 1 infringement contention to products involving mDOC H3
20 datasheet revisions 1.2 and 1.3").]  Further, Round Rock's expert admits ███████████
21 ████████████████████████████████████████████████
22 ████████████████████████
23 ████████████████████████████████
24 ████████████████████████████████
25 ██████████████████████████████
26 ████████████████████████ Thus, Round Rock failed to identify the
27 SDIN7xx and SDIN8xx products in its infringement contentions, and it also failed to provide claim
28 charts representative of those products.

**SanDisk's Reply in Support of Its Motion to**        8        **Case No. 11-cv-05243 RS**
**Strike Portions of Round Rock's Expert Reports**
2263814

Round Rock's unsupported allegation that it "listed every individual model number it knew at the time" is demonstrably incorrect. [*See* Opp. at 8:5–6.] For example, Round Rock does not dispute that the "very document that Zeidman relies on to support his infringement assertions for the SDIN7XX and SDIN8XX products [SAN00017921] was produced over one year ago, on November 12, 2012." [Mot. at 11:11–13; *see also* Mot. Ex. 9 (11/12/2012 Lett. encl. production with Bates range SAN00017848–17959).] Round Rock also does not dispute:

> Nine months before it sought leave to amend its contentions for the '053 patent, Round Rock possessed the document that allegedly supports its infringement claims against the SDIN7XX and SDIN8XX products, yet Round Rock chose not to include the SDIN7XX and SDIN8XX products among the new products it was adding to its infringement contentions.

[Mot. at 11:20–24.] Accordingly, even if Round Rock were to seek leave to amend its infringement contentions, the "Court cannot disregard [Round Rock's] tardiness," and because the SDIN7xx and SDIN8xx products "are not mentioned in the Infringement Contentions," they should be stricken from the expert reports regarding the '053 Patent. *See Monolithic Power*, 2009 WL 3353306, at *2, *3.

## IV. ROUND ROCK SHOULD NOT BE PERMITTED TO DESCRIBE ITS INDIRECT INFRINGEMENT THEORIES FOR THE FIRST TIME IN ITS EXPERT REPORTS.

### A. Round Rock's Indirect Infringement Allegations Are Boilerplate and Fail to Comply with Local Patent Rule 3-1(d).

Round Rock's infringement contentions accused SanDisk of inducement and contributory infringement of 12 patents from 11 different patent families. [Mot. Ex. 4.] These 12 patents covered multiple technologies, including semiconductor processing ('344, '760, '209, '282 patents), semiconductor packaging ('839, '528, '520 patents), and various memory technologies ('345, '586, '791, '334, and '053 patents). [*See* Dkt. No. 108 (Round Rock's Opening Claim Construction Br.) (containing multiple sections entitled "Background of the . . . Patent Technology").] Despite the different technologies, Round Rock does not dispute that it "provided nearly identical [indirect infringement] assertions regarding" the '345, '893, '791, and '053 patents. [Mot. at 12:10–13:5; *see also* Dkt. No. 267 at 11 n.11 (admitting that Round Rock's "indirect infringement theories are similar for the other patents in suit.").] The fact that Round Rock provided nearly identical indirect infringement contentions across multiple technologies and numerous patents belies Round Rock's

1 argument that it "described the acts of SanDisk that contribute to and induce the direct infringement of its customers." [*See* Opp. at 9:4–5.] "Boilerplate language of indirect infringement will not satisfy Patent Local Rule 3-1(d)." *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA (NC), 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013).

Though courts have interpreted Local Patent Rule 3-1(d) to not require a specific identification of every customer, they nonetheless have required "a description of the acts of the alleged direct infringer," and the "role of each party must be described." *Id.* at *5. Round Rock has not provided any such description in its infringement contentions. Instead, Round Rock alleges it described "the dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and technical information concerning the accused products." [Opp. at 9:5–8.] However, courts in this District have already rejected such boilerplate descriptions:

> ***Creagri fails to identify what advertisements and instructions lead to what infringing behavior.*** Although Creagri is not obligated to identify the third-party infringers, it must still disclose how exactly it believes Pinnacle indirectly or contributorily infringed on the '599 Patent. Its boilerplate language does not suffice.

*Creagri, Inc. v. Pinnacle Life, Inc.*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012); *see also France Telecom*, 2013 WL 1878912, at *5 (quoting *Creagri*); *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 2991257, at *4 (N.D. Cal. July 29, 2010) ("Plaintiff states that Maximum 'teaches, instructs, and explains in its datasheets' how to carry out acts of direct infringement, but does not identify the data sheets or the specific products to which he refers [and thus] fails to provide adequate notice . . . ."). So too, Round Rock's infringement contentions did not identify which materials, instructions, product manuals, and the like allegedly lead to what infringing behavior. Similarly, Round Rock accused SanDisk of inducing its customers to import products into the United States [Mot. at 12:14–17], but Round Rock provided no information as to how SanDisk encouraged its customers to import products into the United States. For example, Round Rock's infringement contentions provided no description of how SanDisk induces ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ By including the same language regarding advertising and marketing in each of its indirect infringement contentions across 12 patents spanning different

**SanDisk's Reply in Support of Its Motion to Strike Portions of Round Rock's Expert Reports**
2263814

10

**Case No. 11-cv-05243 RS**

technologies, Round Rock's indirect infringement allegations are nothing more than the boilerplate disclosures held to be insufficient in this District.

Round Rock attempts to compare its deficient indirect infringement contentions to the contentions in *DCG Sys.*, but those contentions contained far more information than Round Rock's boilerplate indirect infringement contentions. [*See* Opp. at 10 (relying on *DCG Sys., Inc. v. Checkpoint Techs., LLC*, No. CV 11 3792 PSG, 2012 WL 1309161, at *1 (N.D. Cal. Apr. 16, 2012).] The contentions in *DCG* identify "examples of other devices that are not necessarily provided by [defendant], but may be used in in [sic] conjunction with the accused products in a manner that infringes the asserted claims. These examples include: automated testing equipment, a cooling system, a computer, and a spectrum analyzer." [Opp. at 10:13–15.] In fact, the infringement contentions at issue in the *DCG* case even provide on an element-by-element basis which products are combined with the accused infringer's products in order to infringe the claims, and do not recite the same indirect infringement allegations across multiple patents.

Exhibit A – Claim Chart for U.S. Patent No. 7,224,828

This infringement chart relates to the InfraScan 300TDE and InfraScan 300INV (collectively "Checkpoint 300-Series Products"). This chart refers to products, structures, and functionalities described, in part, in Ex. 1, Ex. 2, Ex. 3, and Ex. 5.

| Claims | Infringement Contention |
|---|---|
| 15(a). A method for testing a chip while simulating normal operating conditions of said chip, comprising: | The Checkpoint 300-Series Products are devices for testing a semiconductor chip while stimulating that chip with electrical signals. |
| 15(b). coupling said chip to an Automated Testing Equipment (ATE); | The Checkpoint 300-Series Products are designed to be used in conjunction with an automated test equipment (ATE). The ATE is connected with the device under test (DUT). Checkpoint provides instructions for and otherwise assists its customers in integrating ATEs with the Checkpoint 300-Series Products. |

Exhibit D – Claim Chart for U.S. Patent No. 7,492,529

This infringement chart relates to the InfraScan 300TDE, InfraScan 300INV, and InfraScan ES (collectively "Checkpoint SIL Products"). The following chart refers to structures and functionalities described, in part, in Ex. 1, Ex. 2, Ex. 3, Ex. 4, and Ex. 6.

| Claims | Infringement Contention |
|---|---|
| 1(a). A method for testing a semiconductor chip, comprising: | The Checkpoint SIL Products are devices for testing semiconductor chips. |
| 1(b). placing the chip in a test bench; | The Checkpoint SIL Products include a testing platform on which to place the device under test (DUT). |
| 1(c). providing electrical connectivity to the chip and provide electrical signals via the connectivity; | The Checkpoint SIL Products are designed to collect photons emitted by the transistors of the DUT. Photons are emitted by the transistors of the DUT when it receives electrical signals. Those signals are provided using the Automated Testing Equipment (ATE). The Checkpoint SIL Products are designed to be used in conjunction with an ATE. The ATE is electrically coupled to the DUT to provide such signals. |

*DCG Sys.*, No. CV 11 3792 PSG, Dkt. No. 36 (filed Dec. 22, 2011); *see also DCG Sys.*, 2012 WL 1309161 at *1 n. 3 (citing to Dkt. No. 36). In contrast to the infringement contentions in *DCG*, Round Rock's infringement contentions fail to describe, for example, "(c) how SanDisk's products are especially made or adapted to infringe the patents; (d) what other products must be combined with SanDisk's products in order to infringe the patents; and (e) why SanDisk's products are not staple articles of commerce." [Mot. 13:8–11.][3]

### B. Round Rock Still Has Not Shown Good Cause For Failing to Describe Its Indirect Infringement Theories.

This is not a case in which "SanDisk asserts for the first time now, after the close of fact discovery, that Round Rock should have provided more detail." [*See* Opp. at 8:19–21.] As SanDisk previously explained, it sent multiple letters informing Round Rock that its indirect infringement allegations were not properly part of the case, because Round Rock's infringement contentions had not "described any acts of SanDisk with regard to any particular direct infringer that allegedly induced that infringement." [Ex. 14; *see also* Ex. 13; Mot. at 4:10–12; 15:26–16:5.] Yet Round Rock chose to wait until its expert reports to provide its indirect infringement theories.

Well before the close of fact discovery, Round Rock possessed the information that its experts are now using to disclose Round Rock's indirect infringement theories [Mot. at 15–16], and Round Rock does not point to any specific discovery it was allegedly missing. Moreover, this is not a case in which "[n]o discovery responses or documents were due prior to the date the infringement contentions were served." *See DCG Sys.*, 2012 WL 1309161 at *1. Rather, as SanDisk described in its Motion (and which Round Rock has not disputed), the sales information relied upon by Round Rock's experts was produced in February 2013 and further supplemented in May 2013. Similarly, Round Rock's experts cite extensively to the deposition testimony of Mr. Hinojos, who was deposed

---

[3] The *Genentech* decision relied upon by Round Rock is inapposite. [Opp. at 9:15–19.] That case analyzed whether "the challenged report section merely provides an evidentiary example or complementary proof in support thereof, or itself advances a new or alternate means by which the jury could find the claim at issue invalid." *Genentech, Inc. v. Trs. Of the Univ. of Penn.*, No. C 10-2037 LHK (PSG), 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012). The court "accept[ed] Genentech's disavowal of any intention to rely on the [new theory] for a § 112 defense" and allowed the new theories and prior art only "for laying an historical foundation." *Id.* at *3. Round Rock, in contrast, has not limited itself to using indirect infringement merely for historical foundation.

back in June 2013. [Mot. at 15:14–25.] Unlike Round Rock, "DCG tendered its proposed amendments a few weeks after it received" the discovery it allegedly needed and several months before the close of fact discovery. 2012 WL 1309161 at *3. In contrast, Round Rock chose not to provide the required disclosures of its indirect infringement theories during fact discovery. Round Rock's decision to withhold its indirect infringement theories is particularly egregious because <u>after</u> Round Rock received the discovery it now relies upon (e.g., SanDisk sales information and Hinojos deposition testimony), it did seek and obtain leave to amend its infringement contentions to accuse additional products. [Dkt. No. 186.] Yet Round Rock chose not to amend its indirect infringement contentions to comply with Local Patent Rule 3-1(d). Instead, Round Rock chose to provide notice to SanDisk of its infringement theories for the first time in its expert reports.

## V. STRIKING PORTIONS OF ROUND ROCK'S EXPERT REPORTS IS THE APPROPRIATE REMEDY.

Incredibly, Round Rock suggests that SanDisk somehow waived its ability to object by failing to challenge the sufficiency of Round Rock's infringement contentions. [Opp. at 1:21–2:2.] However, SanDisk does not need to move to compel Round Rock to comply with the Paten Local Rules, as the Patent Local Rules are mandatory and not optional. *See* Patent L.R. 3-1 ("[A] party claiming patent infringement *shall* serve on all parties [a] 'Disclosure of Asserted Claims and Infringement Contentions' [that] *shall* contain . . . ." (emphasis added)). Thus, Round Rock was already under a duty to comply with the Local Patent Rules. *Accord Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the 'force of law' and are binding upon the parties and upon the court."); *Life Techs. Corp. v. Biosearch Techs.*, 2012 WL 1600393, at *3 n.7 (N.D. Cal. 2012) ("Local rules 'have the force of law,' . . . and patent local rules, in particular, are vital to the pretrial process."); Fed. R. Civ. P. 16(f)(C).

Moreover, as it pertains to the '345 and '053 patents [Mot. at §§ II.B, II.C], SanDisk had no reason to file a motion to compel because SanDisk is not arguing that the infringement contentions "were unclear or inadequate." Rather, SanDisk is seeking to strike Round Rock's expert reports because they "added new accused products." *See Oracle* 2011 WL 4479305, at *2, *3 (striking expert report and ordering that "Oracle's infringement theories may be directed only toward accused

products that were specifically named in its April 2011 disclosure of infringement contentions" and that because certain models of products "were not among the products specifically listed therein, Oracle may not now accuse them of infringement").[4] SanDisk "could not have known, much less waived, this argument until the report[s] w[ere] served." *See Oracle*, 2011 WL 4479305, at *2.

The accused infringers in the cases cited by Round Rock sought for the plaintiff to provide more specific claim charts, as opposed to challenging the addition of new products as here. *See CSR Tech.*, 2013 WL 503077, at *3 ( "Plaintiff's ICs are insufficient under Rule 3-1(c) because the ICs point to general functionality and improperly assume the existence of each claim limitation in Freescale's products" (internal quotations and annotations omitted)); *Creagri*, 2012 WL 5389775, at *4 ("Creagri is obligated to make these contentions more specific."); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (finding infringement contentions "too vague to provide fair notice as to what components and circuitry of the accused products infringe their patents"). Round Rock sought and received leave in July 2013 to amend its contentions to add new products for the '053 patent [Dkt. No. 186], yet Round Rock chose <u>not</u> to amend its contentions to identify models from the iNAND, SD, and microSD product lines of infringing the '345 Patent or to identify the iNAND models beginning with an "SDIN7" and "SDIN8" prefix of infringing the '053 patent.

In addition, SanDisk notified Round Rock that its indirect infringement allegations were not properly part of the case, because Round Rock "did not describe the acts of SanDisk with regard to any particular direct infringer that allegedly induced that direct infringement. Those contentions were served over 11 months ago and Round Rock has never sought Court approval to supplement those contentions, despite the fact that discovery was originally scheduled to conclude on May 31, 2013." [Mot. at Ex. 13 (letter from C. Ebertin dated June 14, 2013); *see also* Mot. at Ex. 14.] Round Rock sought and received leave to amend its infringement contentions to add new products in

---

[4] Round Rock argues that in "*Monolithic Power*, unlike here, the patentee sought to add brand new products by amending its infringement contentions after the close of fact discovery. *See Monolithic Power Sys. v. O2 Micro Int'l Ltd.*, No. C 08-04567 CW, 2009 WL 33453306, at *3 (N.D. Cal. Oct. 16, 2009)." [Opp. at 2:23–27.] This distinction only highlights the appropriateness of striking portions of Round Rock's expert reports, because Round Rock never sought leave to amend, either before or after the close of fact discovery.

July 2013, yet Round Rock chose not to amend its indirect infringement contentions. [*See* Dkt. No. 186.]

## VI. CONCLUSION.

Accordingly, the appropriate remedy in this case is to strike those portions of Round Rock's expert reports disclosing products that were not specifically identified in the infringement contentions, and to strike the portions addressing indirect infringement.

Dated: January 30, 2014

VINSON & ELKINS LLP

By: */s/ Chuck P. Ebertin*
Chuck P. Ebertin

Attorneys for Plaintiff and Counterclaim Defendant, SANDISK CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 30, 2014, the foregoing document was filed with the Clerk of the U. S. District Court for the Northern District of California, using the court's electronic case filing system (ECF), in compliance with Civil L.R. 5-1. The ECF sends a Notice of Electronic Filing (NEF) to all parties and counsel who have appeared in this action and who have consented under Civil L.R. 5-1 to accept that NEF as service of this document.

/s/ *Chuck P. Ebertin*
Chuck P. Ebertin