IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN DISK CORPORATION,<br><br>          Plaintiff,<br>     v.<br><br>ROUND ROCK RESEARCH LLC<br><br>          Defendant.<br>_____/ | No. C 11-5243 RS<br><br>**ORDER OVERRULING OBJECTION TO DENIAL OF MOTION TO COMPEL** |

  Round Rock Research, LLC seeks review of an order of the assigned magistrate judge. Round Rock moved to compel San Disk Corporation to present a deponent under Rule 30(b)(6) of the Federal Rules of Civil Procedure who had researched and obtained certain information regarding the processes by which San Disk's products are manufactured at third-party overseas fabrication facilities. The magistrate judge denied the motion, concluding that Round Rock had failed to show a legal or factual basis on which San Disk could be required to conduct an investigation of that nature for purposes of responding to a deposition notice under Rule 30(b)(6).

  Round Rock's challenge to the order is premised on its assertion that the magistrate judge failed to recognize that Rule 30(b)(6) requires a corporate defendant to provide "reasonably available" information, as opposed merely to information in its "possession, custody, or control." Round Rock points to evidence that San Disk had the ability to obtain the information in question,

and argues that the magistrate judge made no finding as to whether it was thereby "reasonably available." Thus, according to Round Rock, the denial of its motion was contrary to law.

A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Round Rock has failed to show such error here because it is clear from the record that the magistrate judge understood and correctly applied the "reasonably available" standard. Contrary to Round Rock's contention, its motion was *not* denied on grounds that the information was outside the possession, custody, or control of San Disk. Rather, as the magistrate judge explained, the case law relied on by Round Rock did not support a duty to conduct the kind of independent investigation of information held by overseas third parties it contended San Disk should undertake. Round Rock's showing that it might very well be possible for San Disk to obtain such information given its contractual relationships with the third parties does not translate into it being "reasonably available" within the meaning of the rule. The magistrate judge's conclusion that San Disk's duties to prepare a witness under Rule 30(b)(6) did not extend so far was neither clearly erroneous nor contrary to law. The objection to the ruling is therefore overruled.

Round Rock's sealing motion [Dkt. 289] is granted, as San Disk at least arguably has an interest in maintaining the confidentiality of the details of its operations reflected in the redacted material, although it is seems likely at least some of the information might already be public or too general to warrant sealing. Notwithstanding the motion is being granted in this instance, parties should exercise care to request sealing only in the limited circumstances contemplated by the local rules. In this instance, the details redacted from the briefing easily could have been omitted entirely without altering the meaning or the forcefulness of the arguments.

IT IS SO ORDERED.

Dated: 2/19/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE