**BLACK & HAMILL LLP**
Bradford J. Black (SBN 252031)
bblack@blackhamill.com
Andrew G. Hamill (SBN 251156)
ahamill@blackhamill.com
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: 415-813-6210
Facsimile:  415-813-6222

**DESMARAIS LLP**
Jon T. Hohenthaner (admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
John C. Spaccarotella (admitted *pro hac vice*)
jspaccarotella@desmaraisllp.com
Tamir Packin (admitted *pro hac vice*)
tpackin@desmaraisllp.com
Richard M. Cowell (admitted *pro hac vice*)
rcowell@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile:  212-351-3401

*Attorneys for Defendant and Counterclaim Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SANDISK CORPORATION,<br><br>         Plaintiff and<br>         Counterclaim<br>         Defendant,<br><br>v.<br><br>ROUND ROCK RESEARCH LLC,<br><br>         Defendant and<br>         Counterclaim Plaintiff. | Case No. 3:11-cv-05243-RS<br><br>**ROUND ROCK'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT AND VALIDITY**<br><br>Date: April 25, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 3<br>Judge: Hon. Richard Seeborg |

# PUBLIC REDACTED VERSION
## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    I.    SanDisk Infringes Claim 14 Of The '791 Patent As A Matter Of Law .................... 1

    II.    SanDisk Infringes Claim 39 Of The '345 Patent As A Matter Of Law .................... 1

    III.    SanDisk Infringes Claim 24 Of The '053 Patent As A Matter Of Law ................... 4

    IV.    Claim 24 Of The '053 Patent Is Not Anticipated By "Garner." .............................. 8

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................................. 8

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 12-cv-630-LHK, 2014 WL 252045 (N.D. Cal. Jan. 21, 2014) ......................................... 8

*Brain Life, LLC v. Elekta Inc.*,
    No. 2013–1239, --- F.3d ----, 2014 WL 1139469 (Fed. Cir. Mar. 24, 2014) ........................... 3

*Fuji Photo Film Co. v. Jazz Photo Corp.*,
    394 F.3d 1368 (Fed. Cir. 2005) ............................................................................................. 1

*Hodosh v. Block Drug Co., Inc.*,
    786 F.2d 1136 (Fed. Cir. 1986) ............................................................................................. 9

*Jumpsport Inc. v Hedstrom Corp.*,
    No. C 04–0199 PJH, 2004 WL 2203556 (N.D. Cal. Sep. 29, 2004) ....................................... 3

*Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies LLC*,
    No. 1:10-cv-564, 2014 WL 1273665 (S.D. Ohio Mar. 27, 2014) ........................................... 1

*Liberty Mutual Ins. Co. v. E.E.O.C.*,
    691 F.2d 438 (9th Cir. 1982) ................................................................................................. 4

*Milgard Tempering, Inc. v. Selas Corp. of Am.*,
    902 F.2d 703 (9th Cir. 1990) ................................................................................................. 4

*MyMail, Ltd. v. America Online, Inc.*,
    476 F.3d 1372 (Fed. Cir. 2007) ............................................................................................. 5

*Rambus Inc. v. Hynix Semiconductor Inc.*,
    642 F. Supp. 2d 970 (N.D. Cal. 2008) ................................................................................... 5

*Silicon Graphics, Inc. v. ATI Techs., Inc.*,
    607 F.3d 784 (Fed. Cir. 2010) ............................................................................................... 8

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
    279 F.3d 1357 (Fed. Cir. 2002) ............................................................................................. 9

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ............................................................................................. 9

*Young Eng'rs Inc. v. U.S. Int'l Trade Comm'n*,
    721 F.2d 1305 (Fed. Cir. 1983) ............................................................................................. 3

*Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*,
    522 F.3d 1348 (Fed. Cir. 2008) ............................................................................................... 9

**Rules**

Fed. R. Civ. P. 56(c)(1) ................................................................................................................. 8

**ARGUMENT**

**I.    SanDisk Infringes Claim 14 Of The '791 Patent As A Matter Of Law.**

SanDisk does not dispute that the accused products include each and every limitation of claim 14 of the '791 patent. (SanDisk Br. at 2 (noting that SanDisk "agrees that the accused memories substantially embody the asserted claims.").) Instead, SanDisk rests on its argument that Round Rock's rights in the '791 patent are exhausted because SanDisk purchases memory chips from a ▓▓▓▓▓▓▓▓▓▓ (*Id.*) As explained in Round Rock's February 27, 2013, motion for summary judgment (Dkt. Nos. 122–24, 145–47) and further in Round Rock's opposition to SanDisk's March 13, 2014, motion for summary judgment (Dkt. No. 326), the foreign sales on which SanDisk relies cannot, as a matter of law, exhaust Round Rock's United States patent rights. *See, e.g., Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1376 (Fed. Cir. 2005) ("[F]oreign sales can ***never*** occur under a United States patent because the United States patent system does not provide for extraterritorial effect…. In *Jazz*, therefore, ***this court expressly limited first sales under the exhaustion doctrine to those occurring within the United States***." (emphasis added)). Indeed, just last week, yet another court again followed this binding Federal Circuit precedent. *See, e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies LLC*, No. 1:10-cv-564, 2014 WL 1273665, at *2–7 (S.D. Ohio Mar. 27, 2014) (holding that foreign sales cannot exhaust patent rights and noting "*Jazz Photo* remains controlling precedent on patent exhaustion abroad"). Accordingly, because SanDisk does not oppose Round Rock's motion for summary judgment of infringement of claim 14 of the '791 patent on any other grounds, Round Rock's motion should be granted.

**II.   SanDisk Infringes Claim 39 Of The '345 Patent As A Matter Of Law.**

SanDisk similarly does not dispute that the accused products—SanDisk's flash memory products that include a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—include each and every limitation of claim 39 of the '345 patent. (SanDisk Br. at 2–3.) Indeed, in response to Round Rock's February 27, 2013, motion for summary judgment (Dkt. Nos. 122–24), SanDisk admitted that every flash memory chip ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "substantially embod[ies] the asserted '345 patent claims" (Dkt. No. 132 at 16–17). In that regard, SanDisk's only non-infringement defense is its exhaustion theory

1  based upon foreign sales that has been expressly rejected by the Federal Circuit. Accordingly,
2  because there is no disputed issue of fact concerning SanDisk's infringement, summary judgment of
3  infringement should be granted.

4       SanDisk nonetheless argues that Round Rock's motion should be denied as to the accused
5  flash memory products that include a ▮▮▮▮▮▮▮▮▮▮ (e.g., SanDisk's microSD, SD, and
6  iNAND products) because of SanDisk's pending motion to strike portions of Round Rock's expert
7  reports. (SanDisk Br. at 2–3). SanDisk's argument should be rejected for several reasons.

8       First, as described in Round Rock's opposition to SanDisk's motion to strike, both Round
9  Rock's Amended Answer to SanDisk's Declaratory Judgment Complaint, as well as its infringement
10 contentions, accused SanDisk's flash memory products that include a ▮▮▮▮▮▮▮▮▮▮
11 (e.g., SanDisk's microSD, SD, and iNAND products). (*See* Dkt. No. 277 at 3–6.) Indeed, SanDisk's
12 position that it lacked notice that Round Rock accused these products flies in the face of its previous
13 filings. For example, in opposing Round Rock's February 27, 2013, motion for summary judgment
14 with respect to SanDisk's exhaustion defense, SanDisk noted, with respect to the '345 patent, that
15 "Every flash memory chip ▮▮▮▮▮▮▮▮▮▮ includes a volatile memory
16 called a page register," and that ▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮ stores data in the on-chip volatile page register before storing it in the non-volatile
18 memory." (Dkt. No. 132 at 17.) In in support of these statements, which were made solely with
19 regard to the '345 patent, SanDisk cited to data sheets and manuals for its ▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮ memory chips. (*Id.* at 17 & n.12) But SanDisk's products that include
21 ▮▮▮▮▮▮—which SanDisk now argues are the only products accused of infringing the '345
22 patent—only include ▮▮▮▮▮▮ memories.[1] ▮▮▮▮▮▮▮▮▮▮

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] The fact that SanDisk asserted exhaustion of the '345 patent over products containing the ▓▓▓ as a defense to infringement directly contracts SanDisk's position that these products were never accused of infringing the '345 patent.

Second, discovery is complete relating to these products and there is no factual dispute that they infringe, as indicated above. It would be a substantial waste of judicial and party resources to exclude these products from this case, as that would require yet another litigation to resolve this issue for which there is no factual dispute. *See, e.g., Jumpsport Inc. v Hedstrom Corp.*, No. C 04–0199 PJH, 2004 WL 2203556, at *2–3 (N.D. Cal. Sep. 29, 2004) (allowing subsequent lawsuit against products found to be outside the scope of the patent local rule infringement contentions in the first lawsuit); *Brain Life, LLC v. Elekta Inc.*, No. 2013–1239, --- F.3d ----, 2014 WL 1139469, at *5 (Fed. Cir. Mar. 24, 2014) ("An '"infringement claim," for purposes of claim preclusion [does not] embrace [ ] more than the specific devices before the court in the first suit. Adjudication of liability for infringement is a determination that a thing is made, used or sold without authority under the claim(s) of a valid enforceable patent.'" (quoting *Young Eng'rs Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1316 (Fed. Cir. 1983).)

Finally, contrary to SanDisk's assertion, Magistrate Judge Corley did not rule that Round Rock limited its infringement contentions with respect to claim 39 to products involving the ▓▓▓▓er—that is the very issue in SanDisk's pending motion to strike, the briefing of which was **not** before Judge Corley. Indeed, Judge Corley denied Round Rock's motion to compel SanDisk to produce additional documents related to its ▓▓▓▓▓▓ that Round Rock sought in

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

connection with the alleged infringement of claim 1 of the '345 patent, because Judge Corley found that SanDisk "has already produced documents related to those products, and Round Rock has not established that the production is inadequate":

> 1. Round Rock's motion to compel production of certain schematics and, where necessary, RTL code, is DENIED. Round Rock seeks the documents in connection with its claim involving the '345 claim 1. Round Rock expressly limited its '345 claim 1 infringement contention to products involving mDOC H3 datasheet revisions 1.2 and 1.3. (Dkt. No. 261 at 4 n.1.) San Disk, however, has already produced documents related to those products, and Round Rock has not established that the production is inadequate.

(Dkt. No. 282 at 1–2.) Round Rock did not appeal this portion of Judge Corley's order, as it determined that it could prove infringement with the documents SanDisk already produced. Instead of treating Judge Corley's document production order for what it is—a denial of a motion to compel documents—SanDisk selectively quotes from the order and argues that it is dispositive of Round Rock's counterclaim for infringement of claim 39 of the '345 patent. But Judge Corley's order was expressly limited to claim 1 of the '345 patent (not claim 39 which is at issue here), and the briefing underlying SanDisk's motion to strike was not even before Judge Corley. The discovery order is thus not "law of the case" with respect to claim 39 or SanDisk's motion to strike, as SanDisk asserts. *See, e.g., Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) ("For the [law of the case] doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" (quoting *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)).

Accordingly, because SanDisk does not dispute that the accused SanDisk's flash memory products that include a ███████████████████ include each and every limitation of claim 39 of the '345 patent, summary judgment of infringement should be granted.

**III.     SanDisk Infringes Claim 24 Of The '053 Patent As A Matter Of Law.**

Round Rock accuses SanDisk of infringing claim 24 of the '053 patent by making, using, selling, offering to sell, and importing SanDisk products that include memory chips ███████████████████████████████████████████████████████). Claim 24 reads as follows:

> 24. An electronic system comprising:
> a processor that performs operational tasks of the electronic system; and
> a flash memory device having a high data throughput mode and a low power mode, the flash memory device comprising:
> a memory array for storing data input to the flash memory device;
> a non-volatile memory location that stores a mode control bit, one of the high data throughput mode or the low power mode being selected in response to a state of the mode control bit; and
> ==write circuitry that couples the input data to the memory array, the write circuitry varying a quantity of data being programmed to the memory array in a predetermined time in response to the selected mode.==

(Packin Decl.[3] Ex. 24 ('053 patent) at 8:3–20 (emphasis added).) SanDisk disputes whether the accused products include the last claim limitation (highlighted above). But SanDisk relies upon a strawman infringement theory never raised by Round Rock that is inconsistent with the plain claim language, not a factual dispute concerning the structure and operation of the accused products. Summary judgment of infringement is thus warranted. *See, e.g., Rambus Inc. v. Hynix Semiconductor Inc.*, 642 F. Supp. 2d 970, 977 (N.D. Cal. 2008) ("[W]here two experts disagree about infringement, but do not dispute the facts regarding the accused device or method, the question of infringement is more appropriately viewed as a legal question of claim construction.") (citing *MyMail, Ltd. v. America Online, Inc.*, 476 F.3d 1372, 1378 (Fed. Cir. 2007).

The relevant structure and operation of these devices are not disputed, and are illustrated in the following exemplary block diagram of the accused "flash memory device":

---

[3] "Packin Decl." cited herein refers to the Declaration of Tamir Packin in Support of Round Rock's Motion for Summary Judgment, Dkt. No. 314-3. "Zeidman Decl." cited herein refers to the Declaration of Robert Zeidman in Support of Round Rock's Motion for Summary Judgment, Dkt. No. 314-2. "Cowell Decl." cited herein refers to the Declaration of Richard Cowell in support of this Reply Brief.



(Zeidman Decl. Ex. 1 at A114 (highlighting added).)

(*Id.* Ex. A at A109–117.)

Round Rock's expert came forth with evidence

(*Id.*) SanDisk agrees. (SanDisk Br. at 6:23–25

*id.* at 7:14–16

; *id.* at 6:28–7:5.)

(Zeidman Decl. Ex. 1 at A113–117.)

4

1

2  (Zeidman Decl. Ex. 1 at A113–117.)

3  SanDisk tries to manufacture an issue of fact █████████

4  █████████

5  █████████

6  █████████

7  █████████

8  █████████

9  █████████

10  █████████ But SanDisk's factual assertion—which is not in dispute—is

11  irrelevant. Indeed, SanDisk admits █████████

12  █████████

13  █████████

14  █████████

15  █████████

16  █████████

17  █████████

18  █████████

19  █████████

20  █████████ SanDisk came forth with nothing to the

21  contrary, and thus has not shown a genuine dispute of fact.

22  Finally, SanDisk's non-infringement theory is contrary to the plain claim language and

23  should be rejected for this additional reason. For example, SanDisk's non-infringement assertion

24  rests upon changing the plain claim language from "varying a quantity of data being programmed to

25  the memory array in a predetermined time" to █████████

26  █████████

27  █████████ SanDisk simply cannot dispute—as it has not—█████████

28  █████████

██████████████████████████ [5] Further, nothing in the claim limits the "write circuitry" ██████████████████████████████████████ To the contrary, the plain claim language requires that the write circuitry "*couples the input data* to the memory array," ████████████████████████████ ██████████████████████" SanDisk's attempt to exclude █████████████ ██████████████████████ is thus contrary to the plain claim language.

Accordingly, because SanDisk has not come forth with evidence demonstrating a genuine dispute as to any material fact underlying SanDisk's infringement, summary judgment should be entered in favor of Round Rock.[6] *See, e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 12-cv-630-LHK, 2014 WL 252045, at *8 (N.D. Cal. Jan. 21, 2014) (granting summary judgment of infringement when no dispute over accused product's structure).

### IV. Claim 24 Of The '053 Patent Is Not Anticipated By "Garner."

SanDisk "*agrees*" that the Garner reference does not disclose the "non-volatile memory location that stores a mode control bit" limitation of claim 24 of the '053 patent. (SanDisk Br. at 11.) Accordingly, because SanDisk bears the burden of showing by clear and convincing evidence that Garner "discloses each and every element" of claim 24 to prove anticipation, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 796 (Fed. Cir. 2010), summary judgment of no anticipation should be granted. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"); Fed. R. Civ. P. 56(c)(1)(A).

---

[5] ████████████████████████████████████████████████████████████████████████

[6] SanDisk's assertion that it does not infringe due to patent exhaustion should be rejected for the reasons set forth in Round Rock's February 27, 2013, motion for summary judgment (Dkt. Nos. 122–124, 144–147) and Round Rock's opposition to SanDisk's March 13, 2014, motion for summary judgment (Dkt. No. 326).

SanDisk's assertion that Round Rock accuses a system "like" Garner of infringing is both wrong and irrelevant. First, Round Rock accused no such thing, and SanDisk came forth with no evidence showing otherwise.[7] Second, even if Round Rock had accused a system "like" Garner, the Federal Circuit has expressly held that "the fact that the patentee happens to be practicing the prior art is irrelevant; it is the presence of the prior art and its relationship to the claim language that matters for invalidity." *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1322–23 (Fed. Cir. 2011) ("[T]he proper framework for challenging the validity of a patent is not for the accused to show that it is practicing the prior art, but to show that every element of the patent claims reads on a single prior art reference."); *Zenith Elecs. Corp. v. PDI Comm. Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[M]ere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity. Anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference."). Accordingly, because there is no genuine dispute that Garner does not disclose every limitation of claim 24, summary judgment of no anticipation should be granted. *See Hodosh v. Block Drug Co., Inc.*, 786 F.2d 1136, 1141–42 (Fed. Cir. 1986).

## CONCLUSION

For the foregoing reasons and as set forth in Round Rock's opening brief, Round Rock respectfully requests that this Court enter summary judgment for Round Rock that: (i) SanDisk

---

[7] [redacted] Indeed, SanDisk did not even dispute this element in response to Round Rock's motion. (*See* SanDisk Br. at § IV.) [redacted]

infringes claim 14 of U.S. Patent No. 6,570,791 by making, using, selling, offering for sale, and importing its flash memory products that include memory chips with ▮▮▮▮▮ (ii) SanDisk infringes claim 39 of U.S. Patent No. 5,682,345 by making, using, selling, offering for sale, and importing its flash memory products that include a ▮▮▮▮▮; (iii) SanDisk infringes claim 24 of U.S. Patent No. 6,845,053 by making, using, selling, offering for sale, and importing its flash memory products that include a memory chip with ▮▮▮▮▮ and (iv) U.S. Patent No. 5,724,592 to Garner does not anticipate claim 24 of U.S. Patent No. 6,845,053.

Dated: April 3, 2014

Respectfully submitted,

BLACK & HAMILL LLP
Bradford J. Black (SBN 252031)
bblack@blackhamill.com
Andrew G. Hamill (SBN 251156)
ahamill@blackhamill.com

DESMARAIS LLP
Jon T. Hohenthaner (admitted *pro hac vice*)
jhohenthaner@desmaraisllp.com
John C. Spaccarotella (admitted *pro hac vice*)
jspaccarotella@desmaraisllp.com
Tamir Packin (admitted *pro hac vice*)
tpackin@desmaraisllp.com
Richard M. Cowell (admitted *pro hac vice*)
rcowell@desmaraisllp.com
Ameet A. Modi (admitted *pro hac vice*)
amodi@desmaraisllp.com

By:  /s/ Bradford J. Black
     Bradford J. Black

*Attorneys for Defendant and Counterclaim Plaintiff Round Rock Research LLC*