**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SAN DISK CORPORATION,

              Plaintiff,

   v.

ROUND ROCK RESEARCH LLC

              Defendant.

_____/

No. C 11-5243 RS

**ORDER DENYING MOTIONS FOR
SUMMARY JUDGMENT RE
INVALIDITY AND INFRINGEMENT
AS TO '839 PATENT**

## I.  INTRODUCTION

In two of several pending motions in this declaratory relief action, alleged infringer SanDisk
Corporation seeks partial summary judgment that claims 1, 2, and 4 of U.S. Patent No. 6,383,839
are invalid and/or not infringed.   For reasons set out below, the motions will be denied.

## II.  BACKGROUND

Round Rock describes itself as a technology research and licensing company that holds
thousands of patents and pending patent applications.  Round Rock is what is commonly described
as a "non-practicing entity"—that is, it does not manufacture or market products utilizing its
patented inventions, but instead seeks licensing agreements from parties who do make and sell such
products, or pursues litigation against them when it deems it necessary to do so.  Round Rock

acquired its patent portfolio from Micron Technology.  The claimed inventions relate to a variety of products and technologies, such as televisions, cell phones, computers, cameras, processors, and memory products, among other things.  SanDisk, in turn, designs, manufactures, and sells a wide variety of flash memory devices.

The '839 patent at issue in this motion is entitled "Vertically mountable semiconductor device and methods."  The Summary of Invention provided in the specification describes a "semiconductor device" that includes "bond pads" along one edge to "facilitate[] direct vertical mounting of the semiconductor device to a carrier substrate."  Despite the references to devices in the title and in the summary, the claims of the patent are all set out as method claims.  SanDisk contends that independent claim 1, and dependent claims 2 and 4, as construed, are invalid on grounds of anticipation, in light of U.S. Patent No. 4,266,282 – a patent granted to IBM some seventeen years before the '839 patent issued (the "Henle patent").

Round Rock does not dispute that the Henle patent is prior art.  The validity question is whether, as a matter of law, it is anticipatory of the asserted claims.  As to infringement, the issue is whether SanDisk's accused devices meet the claim limitation of having bond pads adjacent to only one edge.

### III.   LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Id*. at 323 (citations and internal quotation marks omitted).  If it meets this burden, the moving party is then entitled to judgment as a matter of law

**United States District Court**
For the Northern District of California

1  when the non-moving party fails to make a sufficient showing on an essential element of the case

2  with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

3      The non-moving party "must set forth specific facts showing that there is a genuine issue for

4  trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly

5  supported motion for summary judgment simply by alleging some factual dispute between the

6  parties. To preclude the entry of summary judgment, the non-moving party must bring forth

7  material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . .

8  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,*

9  *Inc.*, 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there

10  is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*,

11  475 U.S. 574, 588 (1986).

12      The court must draw all reasonable inferences in favor of the non-moving party, including

13  questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker*

14  *Magazine, Inc.*, 501 U.S. 496 (1991) (citing *Anderson*, 477 U.S. at 255); *Matsushita*, 475 U.S. at

15  588 (1986). It is the court's responsibility "to determine whether the 'specific facts' set forth by the

16  nonmoving party, coupled with undisputed background or contextual facts, are such that a rational

17  or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v.*

18  *Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if

19  the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury

20  could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the

21  record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there

22  is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

23

24

25

26

27

28

3

IV. DISCUSSION

A. Validity

SanDisk's motion for summary judgment of invalidity as to the '839 patent is premised on its assertion that alleged invention of the patent concerns "arranging bonding pads along one edge of a semiconductor chip and perpendicularly mounting the chip to the circuit board." Round Rock does not seriously contest that *if* the inventive aspect of the '839 patent is as narrow as SanDisk sees it, then the Henle patent would be invalidating prior art. There is no dispute that Henle discloses a perpendicularly-mounted semiconductor chip, utilizing bonding pads arranged along one edge. *See* Henle patent, figure 2 (showing embodiment with all of the bonding pads placed on a single edge of the chip); Henle patent, col. 2:28-33 ("The semiconductor integrated chip has its signal and power terminals located on one edge of the chip. The electrical and physical connection of the integrated circuit chip to the substrate is at one edge of the chip which has the signal and power terminals located thereon").

Round Rock contends, however, that the claims of the '839 patent involve "reconfiguring" pre-existing circuit designs for use in perpendicularly-mounted chips, a concept it contends is nowhere disclosed in the Henle patent. SanDisk, in turn, does not argue that Henle would anticipate any such "reconfiguring" claim, but insists the '839 patent contains no such limitations, particularly given the claim construction order in this matter.

Indeed, in the claim construction proceedings, the parties initially presented for construction the phrase "reconfiguring a connection pattern of a preexisting semiconductor device design." At oral argument, however, they reported having reached an agreement the phrase is merely a preamble and does not serve as a claim limitation for either purposes of infringement or invalidity. The claim construction order adopted the parties' stipulation on that point. As a result, SanDisk argues, Round Rock cannot rely on any concept of "reconfiguring" to distinguish the '839 patent from the invention of the Henle patent.

Round Rock seeks to thread the needle between its prior disavowal of "reconfiguring" as a claim limitation and its present need to identify inventive aspects of the '839 patent not found in

Henle.  Round Rock argues that even though the preamble does not comprise any claim limitations, it gives context and meaning such that the concept of "reconfiguring" can be distilled from the claims read as a whole. While the question is somewhat close, Round Rock has shown, at least for purposes of summary judgment, that its stipulation as to the preamble does not foreclose concluding that the claims describe a method of "reconfiguring" a preexisting design.

Round Rock points specifically to the first step in in the method claim, "fabricating a semiconductor device *of the preexisting design*," and to the succeeding steps which refer to fabricating traces from the circuitry to bond pads on a single edge.  Round Rock argues this series of steps thereby disclose a process of reconfiguring preexisting design for a device not intended for perpendicular mounting into one suitable for such mounting because the electrical traces have all been directed to bonding pads on a single edge.[1]

The phrase "preexisting design" was also previously presented for construction but then made the subject of a stipulation.  The parties agreed to construe the term as "a previous design (as opposed to a new design)."  Although the claim construction order accepted that stipulation, it observed that it did not necessarily lead to greater clarity.  Indeed, the parties continue to hold different views as to the significance of the term.

SanDisk argues that any and every design becomes a "preexisting" or "previous as opposed to new" design once it has come into existence, through the mere passage of time.  SanDisk then contends that the Henle patent relates to "preexisting" designs as well as new designs, because even if the chip designs it discusses and depict were "new" on the date the patent was published, they became "preexisting" no later than the following day, which was still years before the '839 patent issued.  SanDisk's semantics are not tenable.  If a patent claim related to making omelets required the use of "three fresh eggs," it could not be read 17 years later as anticipatory of a claim for making omelets with 17 year old eggs.

[1] Round Rock insists, however, that these particular claims of the patent do not require perpendicular mounting, and that SanDisk's description of the claims is therefore misleading. Round Rock does not suggest, however, that the absence of a perpendicular mounting limitation in these claims of the '839 patent would in itself avoid anticipation by Henle.

United States District Court

For the Northern District of California

1         Rather, the term "preexisting design"—construed as "a previous design (as opposed to a new

2   design)"—must be understood as referring to a design for a semiconductor device that has not been

3   configured for perpendicular mounting.  Round Rock correctly characterizes the method steps

4   claimed in the '839 patent as describing the process of reconfiguring such an existing design to

5   create a chip that has all the bond pads on one edge, such that it is suitable for perpendicular

6   mounting to a circuit board (whether or not a perpendicular mounting limitation appears in these

7   particular claims).  As set out in the claim, that process consists of  fabricating a chip of the prior

8   design—i.e., one that presumably does not have all the bond pads on one edge, and also fabricating

9   traces leading to bond pads on a single edge.[2]

10        SanDisk has not argued, and cannot argue, that Henle discloses any such method for

11  reconfiguring a preexisting circuit design. While Henle discloses designs with traces leading to bond

12  pads on a single edge, there is nothing to suggest such designs are not laid out in that manner from

13  the outset; it does not suggest or imply such designs can be created by fabricating prior designs and

14  adding the step of fabricating traces leading to bonding pads on a single edge.  Accordingly,

15  SanDisk's motion seeking a determination that claims 1, 2 and 4 of the '839 patent are invalid as

16  anticipated by Henle must be denied.

17

18      B.  <u>Infringement</u>

19       SanDisk seeks summary judgment that its accused semiconductor memory devices do not

20  infringe the asserted patent claims.  SanDisk's motion was premised on demonstrating that its

21  memory cards include internal memory chips (mounted parallel, not perpendicularly) that utilize

22  bonding pads on more than one edge and therefore do not satisfy the limitations of the claims.

23  Round Rock does not dispute that the *internal* memory chips in the accused devices are as SanDisk

24  describes them and therefore are non-infringing.[3]  Round Rock argues instead that each San Disk

---

[2] Other validity issues such as enablement and non-obviousness are not presented by the present motion.

[3] Round Rock also concedes any infringement is only under the doctrine of equivalents.  SanDisk contends it is therefore at a minimum entitled to summary judgment that there is no literal

**United States District Court**
For the Northern District of California

memory card viewed as a whole infringes, because the electrical contact points (allegedly equivalent to bonding pads) are arranged along a single edge.[4]

On reply, SanDisk offers various arguments as to why it believes any attempt to characterize the cards as a whole as infringing are fatally flawed.  While any or all of those arguments may ultimately prevail, SanDisk has not established a right to summary judgment of non-infringement. Because its motion was directed at showing the internal memory chips are non-infringing (a point Round Rock does not contest), SanDisk has not met its burden to show there are no triable issues of fact as to whether the cards themselves infringe under the doctrine of equivalents.

## V.  CONCLUSION

SanDisk's motions for summary judgment as to invalidity and non-infringement of claims 1, 2, and 4 of the '839 patent are denied.

IT IS SO ORDERED.

Dated: 6/13/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

infringement.  While formal granting of summary "judgment" on such a narrow issue is unnecessary, Round Rock will be held to its concession.

[4] The SanDisk cards have additional contact points in the *middle* of each card.  The exact nature of those points, and whether their existence would preclude a finding of infringement under the doctrine of equivalents, remains to be determined.

United States District Court
For the Northern District of California