**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7　　　　　IN THE UNITED STATES DISTRICT COURT

8　　　　FOR THE NORTHERN DISTRICT OF CALIFORNIA

9　　　　　　SAN FRANCISCO DIVISION

10

11

12　SAN DISK CORPORATION,　　　　　　No. C 11-5243 RS

13　　　　　　Plaintiff,
　　　v.　　　　　　　　　　　　　　**ORDER RE ADDITIONAL MOTIONS**
14　　　　　　　　　　　　　　　　**FOR PARTIAL SUMMARY**
　ROUND ROCK RESEARCH LLC　　　　**JUDGMENT AND MOTIONS TO**
15　　　　　　　　　　　　　　　　**STRIKE**
16　　　　　　Defendant.
　　_____/

17

18　　　　　　　　I.  INTRODUCTION

19　　　　By separate orders issued this date, the applicability of patent exhaustion to three of the

20　patents in suit have been resolved, and SanDisk's motions for summary judgment of invalidity and

21　non-infringement of the fourth patent in suit have been denied.   This order resolves the remaining

22　pending motions for partial summary judgment, and the motions each side has brought to strike

23　portions of the opposing expert opinions.

24

25

26

27

28

**United States District Court**
For the Northern District of California

II. DISCUSSION[1]

A. '345 patent

As explained in a prior order, although SanDisk has established the applicability of patent exhaustion with respect to patent claims embodied in memory chips it purchased from Toshiba, it has not established as a matter of law that all of Round Rock's infringement claims under the '345 patent necessarily are foreclosed. Accordingly, the parties' respective motions regarding infringement of certain claims of the patent remain of potential consequence.

Round Rock seeks summary judgment that SanDisk's accused products[2] infringe claim 39. SanDisk offers no opposition, *other* than its contention that the patent is exhausted. While the motion to establish exhaustion of the '345 patent as a matter of law has been denied, the flip side— i.e., that there is *no* exhaustion—does not automatically follow. Accordingly it would be premature to grant partial summary judgment that infringement exists. That said, in the event SanDisk fails to establish exhaustion at trial, a finding of infringement will be warranted.

SanDisk, in turn, seeks summary judgment that Round Rock has no evidence to support a finding of infringement of claim 1. While the motion was pending, however, Round Rock filed notice "that it no longer intends to pursue its claims of infringement for claim 1." SanDisk objects that such notice is insufficient to moot the summary judgment motion, because there has been no dismissal with prejudice, or covenant not to sue. SanDisk points out that it sought a declaration of non-infringement when it, as a plaintiff, filed the original complaint in this action.

SanDisk's motion rests on the argument that Round Rock cannot carry its burden of proving its affirmative infringement claims, in light of its expert's failure to identify structure in the SanDisk

---

[1] The factual background and the legal standards for summary judgment have been set out in prior orders and will not be repeated here.

[2] The parties have a dispute as to the scope of the SanDisk products that are properly part of the case. While the parties have addressed that dispute in connection with the motion for summary judgment, there is no dispute that the infringement analysis is the same with respect to *all* of the products Round Rock seeks to include. Accordingly, the question of which products are implicated by this action will be addressed in the context of SanDisk's motion to strike.

**United States District Court**
For the Northern District of California

1    products that is, or is equivalent to, the structure identified in the claim construction for this means-

2    plus-function claim.  While that argument would be sufficient to defeat Round Rock's affirmative

3    claims, it does not address SanDisk's burden on its request for a declaration of non-infringement.

4    Nevertheless, Round Rock may not avoid a binding resolution of the issue by merely asserting it no

5    longer intends to pursue its affirmative infringement claim.  Because Round Rock offered no

6    evidence of infringing structure in the accused products other than bare speculation that such

7    structure likely exists, San Disk's motion will be granted as to claim 1.

8

9        B.  ʼ791 Patent

10   As set forth in the prior order, exhaustion applies to the ʼ791 patent, and the infringement

11   claims therefore fail.  SanDisk, however, also seeks partial summary judgment that claim 14 of the

12   patent is invalid, as anticipated.  Because the consequences of exhaustion and invalidity are not

13   identical, this motion remains potentially consequential.

14   San Disk contends U.S. Patent No. 6,324,602 issued to Chen ("the Chen reference") is prior

15   art that fully anticipates claim 14.  The parties are in agreement that the ʼ791 patent, and Claim 14,

16   describe an invention that allows a double-data rate ("DDR") interface to be used with flash

17   memories.  The issue is whether the Chen reference discloses the same thing.

18   The specification of the Chen reference expressly refers to a "memory device" that "can be

19   any suitable integrated circuit (IC) memory device *including . . .flash memory*."  The specification

20   also discusses the possibility of using the memory device with a DDR interface. Round Rock offers

21   an expert opinion that person having ordinary skill in the art at the time the ʼ791 patent was filed

22   nevertheless would not understand Chen to disclose a double data rate flash memory, as such a

23   person would not have believed that type of interface to be "suitable" for flash memory.

24   SanDisk responds that the expert's bare assertions are insufficient to overcome the clear

25   teaching of the specification.  On the present record, SanDisk has not adequately shown that the

26   Chen reference necessarily discloses flash memory used in conjunction with a DDR interface.

27   Plainly it contemplates that the "memory device" can be flash memory, in some applications.  It also

28

contemplates, however, applications that do not use flash memory.  Thus, while it also suggests the option of using a DDR interface, it does not automatically follow that the DDR option is feasible when the memory device is flash memory.  The testimony of Round Rock's expert that a person reasonably skilled in the art would have considered the two options mutually exclusive is sufficient to create a material dispute.  Accordingly, the motion seeking a finding of invalidity as a matter of law is denied.

### C. '053 Patent

Round Rock sought summary judgment that the so-called "Garner" reference is not invalidating prior art to claim 24 of the '053 patent.  In response, San Disk agreed.  Accordingly, whether characterized as a moot issue or as stipulated in Round Rock's favor, the Garner reference is not a basis to find claim 24 invalid.  In light of the finding of exhaustion, any other disputes as to infringement need not be addressed.

### D.  Implied License

Finally, Round Rock seeks summary judgment that SanDisk's affirmative defense of an implied license fails as a matter of law.  That motion is granted.  SanDisk's sales to overseas licensees of Round Rock are not relevant because Round Rock does not allege SanDisk contributes to the infringement of, or induces infringement by, any of those entities.  SanDisk also cannot rely on supposed "have made" rights of other third parties, because it has come forward with no evidence that it was specifically commissioned to design and make the products at issue. *See, e.g., Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 890 F. Supp. 2d 602, 608–09 (W.D. Pa. 2012) ("Where a licensee commissions the work, a third party's acts do not infringe. When there is no agreement between the licensee and the third party, the third party's acts do infringe." (internal citations omitted)).

E. <u>SanDisk's motion to strike</u>

SanDisk moves to strike portions of Round Rock's expert reports that 1) identify accused products purportedly not identified in Round Rock's infringement contentions, and 2) describe indirect infringement theories allegedly not sufficiently set out in its infringement contentions on that topic. Round Rock contends striking expert reports is an inappropriate remedy, and that if SanDisk believed the infringement contentions were inadequate, it should have moved to compel amended contentions during discovery.

While that argument has some force with respect to the indirect infringement theories, it fails with respect to the identification of accused products. Until the expert reports were served that identified product lines SanDisk had not understood to be part of the case, SanDisk had no reason to know of any inadequacies in Round Rock's infringement contentions. Accordingly, the first issue is whether or not the infringement contentions identified all of the products Round Rock's experts now list as accused.

With respect to the '345 patent, Round Rock's infringement contentions, (1) accused "SanDisk products that comply with the mDOC H3 datasheet . . . "; (2) identified several specific stock keeping units ("SKUs"), all associated with the mDOC product line, as examples of products that comply with the mDOC H3 datasheet; and, (3) included a single claim chart mapping the asserted claims for the mDOC H3 datasheet. As a result, SanDisk argues that the portions of Round Rock's expert reports concerning products *other* than the mDOC line should be stricken, specifically references to "SD," "microSD," and "iNand" products.

Round Rock insists that both its answer and its infringement contentions included references to "microSD memory cards," and that it can include SD and iNand products because they are products that "comply with the mDOC H3 datasheet." In the context of ruling on a discovery dispute, however, the assigned magistrate judge recently rejected the same basic arguments. While that ruling is not strictly binding here, it was correct. Notwithstanding the passing references to "microSD" Round Rock expressly limited its infringement contention to products involving mDOC

H3 datasheet revisions 1.2 and 1.3.  Accordingly, the motion to strike is granted with respect to SD, microSD, and iNand products.[3]

The motion to strike is denied with respect to the expert's alleged descriptions of "new" indirect infringement theories.  SanDisk has not established that the additional detail provided by the experts was improper or prejudicial, particularly in light of its failure to move to compel at any prior juncture.

F. <u>Round Rock's motion to strike</u>

Round Rock seeks to strike the portions of SanDisk's expert report that rely on alleged prior art references known as Lee and Nguyen.  SanDisk's opposition disavows any reliance on those references, and asserts it would have done so if asked even before the motion was filed.  This prong of the motion is therefore moot.[4]

Round Rock also seeks to strike portions of SanDisk's expert reports discussing non-infringing alternatives.  That prong of the motion is denied.  Round Rock has not shown any such information was improperly withheld during fact discovery.

Finally, the portion of Round Rock's motion seeking to strike material based on late-produced spreadsheets is also denied.  The parties' meet and confer discussions regarding further deposition testimony, however, shall include this topic.

---

[3] In light of the finding on exhaustion, the portion of SanDisk's motion to strike related to the '053 patent is moot.

[4] On reply, Round Rock objects to a "supplemental report" SanDisk served after expert depositions were complete, and after the motion to strike had been filed.  While Round Rock's apparent effort to avoid expanding the number of pending motions is appreciated, a reply brief is an inadequate vehicle for presenting what effectively is a new motion to strike.  Accordingly, the objection to the supplemental report is overruled, without prejudice.  The parties shall meet and confer forthwith to arrange for such further deposition time that Round Rock may reasonably require in light of the supplemental report.  If thereafter warranted, Round Rock may renew its objection prior to trial.

**United States District Court**
For the Northern District of California

III.  CONCLUSION

The remaining motions for partial summary judgment, and the two motions to strike are granted to the extent expressly stated above, and are otherwise denied.  An order addressing all of the sealing requests made in connection with these motions will issue upon the parties' submission of their revised proposals.

IT IS SO ORDERED.

Dated: 6/13/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California