IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDISK CORPORATION,<br><br>                Plaintiff,<br>    v.<br><br>ROUND ROCK RESEARCH LLC<br><br>                Defendant.<br>_____/ | No. C 11-5243 RS<br><br>**ORDER RE DAUBERT MOTION** |

On the assumption that the *Daubert* motions in this action might be extensive and/or complex, the parties were directed to set them for hearing further in advance of trial than is ordinarily required. A single motion was filed, by SanDisk, challenging aspects of the testimony of all of Round Rock's four designated expert witnesses. In light of recent rulings on the parties' summary judgment motions and Round Rock's withdrawal of a claim, substantial portions of the motion are moot. In some instances, the issues need not be reached in light of the summary judgment rulings; in other instances the summary judgment rulings effectively have already rejected the arguments presented. Accordingly, the hearing set for June 26, 2014 will be vacated and the parties shall proceed as directed below.

Section III. A of SanDisk's motion, challenging the opinions of Christopher Knittel and Michael Wagner regarding damages for alleged infringement of the '791 patent is moot in light of

the ruling on exhaustion, and is denied on that basis. Section III B of the motion, challenging the so-called *Georgia-Pacific* analysis performed by Wagner as to all four patents in suit appears not to be moot with respect to at least the '839 patent.  Summary judgment of exhaustion was denied as to the '345 patent because of the distinction between memory purchased from Toshiba and the controllers in the accused products.  It is unclear what, if any, impact that decision has on the challenge to Wagner's testimony.  In light of the summary judgment orders, the parties will be given the opportunity to submit supplemental briefs, not to exceed ten pages each, setting out their present positions as to the admissibility of Wagner's testimony with respect to the '839 and '245 patents.  SanDisk shall file its supplemental brief no later than July 10, 2014, and Round Rock may respond no later than July 17, 2014.  The matter will then either be submitted for decision without oral argument or addressed at the pre-trial conference, as may be warranted.

The portion of the motion (Section III C. 1) directed at the testimony of Martin Afromowitz regarding validity of the '839 patent is denied.  Although the order denying summary judgment of invalidity did not consider or rely on that testimony *per se*, it explained why Round Rock is not foreclosed from arguing that the concept of "reconfiguration" remains relevant notwithstanding the stipulated claim constructions regarding the preamble and the term "preexisting design."

The challenge to the testimony of Robert Zeidman regarding claim 1 of the '345 patent (Section III C. 2) is moot in light of Round Rock's withdrawal of its infringement claims thereunder.  The prong of the motion directed at Zeidman's testimony regarding the validity of claim 14 of the '791 patent (Section III C. 3) is denied.  As explained in the order denying summary judgment on that topic, at least at this juncture, SanDisk has not established that the testimony stands in irreconcilable conflict with the specification of the Chen reference.  Finally, the portion of the motion relating to Zeidman's testimony regarding Arakawa and the Invention Disclosure Form (Section III C. 4) will be submitted for decision with the other remaining issues.

IT IS SO ORDERED.

Dated: 6/17/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE